IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-108 (JJF) |
| | ) | |
| YAHOO!, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### APPENDIX OF EXHIBITS IN SUPPORT OF YAHOO! INC.'S
### MOTION TO STAY ACTION AND TRANSFER ACTION
### TO THE SOUTHERN DISTRICT OF NEW YORK

<div style="margin-left:40%">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant Yahoo!, Inc.*

</div>

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
415.268.7000

Matthew M. D'Amore
Kyle W.K. Mooney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
212.468.8000

Dated: April 21, 2006

516868

## TABLE OF CONTENTS

| Exh. No. | Description |
|:---:|:---|
| 1 | Robert Hall Profile (published on AT&T website) |
| 2 | Patent Assignment Abstract of Title (and related documents) |
| 3 | Voluntary Bankruptcy Petition (and supporting documents), filed October 20, 2004, *In re Zoetics, Inc.*, Case No 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 4 | Amended List of Creditors Holding 20 Largest Unsecured Claims, dated February 15, 2005, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 5 | Order Establishing Deadline for Proof of Claim and Approving the Form and Manner of Notice Thereof, dated March 2, 2006, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 6 | Supplement to Motion for Order Extending Debtor in Possession's Exclusive Right to File Plan of Reorganization and Seek Confirmation Thereof, dated February 13, 2006, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 7 | AT&T Proof of Claim, dated April 5, 2006, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 8 | Motion for Order Extending Debtor in Possession's Exclusive Right to File Plan of Reorganization and Seek Confirmation Thereof, dated October 14, 2005, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 9 | Notice of Presentment of Application for Order Authorizing Debtor and Debtor-in-Possession to Retain and Employ Niro Scavone Haller & Niro as Special Intellectual Property Counsel, dated February 25, 2005, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 10 | Order Authorizing Debtor and Debtor in Possession to Retain and Employ Niro Scavone Haller & Niro as Special Intellectual Property Counsel, dated March 15, 2005, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |
| 11 | Stipulation and Agreed Order Withdrawing Zoetics, Inc.'s Discovery of Yahoo! Inc. Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Vacating the November 29, 2005 Order Regarding Same, dated March 26, 2006, *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) |

| Exh. No. | Description |
|----------|-------------|
| 12 | Excerpt from Road Atlas (American Map), with notation identifying New York, New York; Wilmington, Delaware; Florham Park, New Jersey; and Berkeley Heights, New Jersey. |
| 13 | Yahoo! Maps and Mapquest travel directions from 180 Park Avenue, Florham Park, New Jersey to 844 North King Street, Wilmington, Delaware |
| 14 | Yahoo! Maps and Mapquest travel directions from Berkeley Heights, New Jersey to 844 North King Street, Wilmington, Delaware |
| 15 | Yahoo! Maps and Mapquest travel directions from 180 Park Avenue, Florham Park, New Jersey to 500 Pearl Street, New York, New York |
| 16 | Yahoo! Maps and Mapquest travel directions from Berkeley Heights, New Jersey to 500 Pearl Street, New York, New York |
| 17 | USPTO-published address for Samuel Dworetsky; Yahoo! Maps and Mapquest travel directions to 844 North King Street, Wilmington, Delaware and 500 Pearl Street, New York, New York; and excerpts from prosecution histories of Patents-In-Suit |
| 18 | USPTO-published address for Michael Murray; Yahoo! Maps and Mapquest travel directions to 844 North King Street, Wilmington, Delaware and 500 Pearl Street, New York, New York; and excerpts from prosecution histories of Patents-In-Suit |
| 19 | Docket Sheet for *In re Zoetics, Inc.*, Case No. 04-16747 (Bankr. S.D.N.Y.) (JMP) (as of April 20, 2006) |
| 20 | *Free-Flow Packaging Int'l, Inc. v. Pactiv Corp.*, Civ. No. 03-1157 (D. Del. Apr. 8, 2005) (Farnan, J.) |
| 21 | *Invitrogen Corp. v. Stratagene Holding Corp.*, Civ. No. 00-620 (D. Del. Apr. 11, 2001) (Farnan, J.) |

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Josy W. Ingersoll, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 21, 2006 upon the following individuals in the manner indicated:

| BY HAND | BY FEDERAL EXPRESS |
|---|---|
| Josy W. Ingersoll, Esquire | Paul K. Vickrey, Esquire |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | NIRO, SCAVONE, HALLER & NIRO |
| The Brandywine Building | 181 W. Madison St., Suite 4600 |
| 1000 West Street, 17th Floor | Chicago, IL 60602 |
| Wilmington, DE 19801 | |

*/s/ Mary B. Graham*

_____

Mary B. Graham (#2256)

510320

# EXHIBIT 1





## AT&T Labs - Research

AT&T Labs - Research
Who We Are
About Us
Innovators
Our People
In the Community
Locations
Join Us
What We Do
Research Areas
Projects
Software Tools
Licensing Portfolio
Patents
Collaboration
Universities
Industry
News and Information
In the News
Publications
Site Feedback

**Site Search**

Monday, April 10, 2006

**Robert Hall**



**Robert J Hall**
email: hall@research.att.com
180 PARK AVE, P.O. BOX 971
FLORHAM PARK, NJ, 07932-0971

*HomePage:* http://www.research.att.com/~hall

**My Publications**

→ Fundamental Nonmodularity in Electronic Mail. Robert J. Hall., *Automated Software Engineering*, 2005

→ Special Issue of ASE Journal Devoted To Automated Verification of Infinite State Systems, (Guest Editors)., Robert J. Hall, R. Bharadwaj, *Automated Software Engineering*, 2004

→ OMML: A Behavioural Model Interchange Format. Robert J. Hall, A. Zisman. *Proceedings of the 12th IEEE International Requirements Engineering Conference, IEEE Computer Society Press*, 2004

→ Validating Personal Requirements by Assisted Symbolic Behavior Browsing. Robert J. Hall, A. Zisman. *Proceedings of the 19th IEEE International Conference on Automated Software Engineering, IEEE Computer Society Press*, 2004

Our People: Robert Hall

Enter keyword:



SEARCH

→ Behavioral Models as Service Descriptions. Robert J. Hall, A. Zisman. *Proceedings of the 2nd ACM International Conference on Service Oriented Computing, ACM SIGSOFT, July 7-15, 2004*

→ Model Interchange and Integration for Web Services. Robert J. Hall, A. Zisman. *Proceedings of the 2004 Workshop on Testing, Analysis, and Verification of Web Services, held in conjunction with the ISSTA conference, 2004*

→ Overview of Open Model-Based Validation with Partial Information. Robert J. Hall, A. Zisman. *Proceedings of the 18th IEEE International Conference on Automated Software Engineering, IEEE Computer Society Press, 2003*

Legal Notice
© 2006 AT&T Knowledge Ventures. All rights reserved.

# Robert J. Hall



I am a computer science researcher interested in the areas of automated software engineering (ASE) and the security and reliability of distributed (e.g. Internet) applications. More specifically, I am currently studying how complex networked applications can be made correct, secure, robust, and reliable even in the face of the rapid deployment and evolution schedules of today's high tech industry, where typically "Quality is Job 3" (i.e. after (1) time to market and (2) feature count). In the course of this research, I have had occasion to invent a few novel applications and techniques of independent interest. Of course, I build prototypes of these using the tools and techniques of ASE. For a more specific description of my skills and interests, please see my projects, patents, and bio pages.

- **NEW AND INTERESTING**
- Contact Information
- Summary of Research Projects
- Published Papers
- Patents
- Professional Activities
- Biography
    - o awards and honors
    - o employment experience
    - o education
    - o skills

# Contact Information

**Robert J. Hall**
Principal Member of Technical Staff
AT&T Labs Research
180 Park Ave, Bldg 103
Florham Park, NJ 07932
voice: +1 (973) 360-8207
fax: +1 (973) 360-8187
Email: `bob-3BadSpamIs- at channels.research.att.com`

Robert J. Hall's recent publications

# Patents of Robert J. Hall

- **US #5,758,029: R.J.Hall, "Formal trust building in the execution of partially trusted behaviors."** This work addresses the problem of sharing *how-to knowledge*. Today's Internet has two basic models for this: the Java applet model requires executing untrusted code in a "sandbox" which is quite secure but severely limits what the shared code can do for the user; the signed-code model requires that the user completely trust the code provider not only to be non-malicious and a perfect coder, but also to have correctly avoided all possible unfavorable interactions with the user's (i.e. not just the code provider's) environment. This invention gives a technique for allowing the sharing of powerful, untrusted behaviors that still allows the user to incrementally grow confidence in its correctness and be safe from its actions in as-yet-untrusted situations. This work is based upon technology developed in my ISAT work. ISAT Project page

- **US #5,828,883: R.J.Hall, "Call path refinement profiles."** This invention is an approach to profiling high-level, complex programs that are constructed using layers of reusable components, as is typical in complex software systems today. The difficulty of using typical (low-level) profilers is that they do not adequately relate measured costs to the design decisions that led to them. Call path refinement profiles allow the user to make queries for any nested sequence of such decisions and to aggregate costs attributable to the various methods and functions that make up a high level conceptual construct such as an object class or abstract data type. Please see my Call Path Profiling project page.

- **US #5,909,679: R.J.Hall, "Knowledge-based moderator for electronic mail help lists."** This invention gives a way to moderate the help-question traffic on an email-based interest list or "help desk". The work is distinguished by explicit support for acquiring, tuning, and maintaining question-answering knowledge. This patent supports the INFOMOD project.

- **US #5,930,479: R.J.Hall, "Communications addressing system."** This invention forms the basis of the Email Channels System and project, a novel approach to avoiding unwanted electronic mail (and other unwanted communications).

- **US #5,953,393:P.J.Culbreath, P.J.Danielsen, R.J.Hall, E.M.Papavero, L.G.Terveen, M.L.Tuomenoksa, "Personal telephone agent."** This invention describes a technique for programming voice-processing telephony systems to carry out complex tasks on behalf of a user, such as setting up a meeting among several people, or agreeing on a menu for a luncheon.

- **US #6,026,396: R.J.Hall, "Knowledge-based moderator for electronic mail help lists."** (This is a continuation of the patent above with the same name.)

- **US #6,643,686: R.J.Hall, "System and Method for Counteracting Message Filtering".** This gained brief fame as the "anti-anti-spam patent" when it issued in November, 2003, even resulting in a Washington Post article: (J. Krim, "A patented way to preempt the spammers", Washington Post, 11/20/03.)

# EXHIBIT 2

# Patent Assignment Abstract of Title
## *NOTE:Results display only for issued patents and published applications.*
## *For pending or abandoned applications please consult USPTO staff.*

**Total Assignments: 3**
 **Patent #:** 5930479   **Issue Dt:** 07/27/1999   **Application #:** 08734285   **Filing Dt:** 10/21/1996
 **Inventor:** ROBERT J. HALL
   **Title:** COMMUNICATIONS ADDRESSING SYSTEM
**Assignment: 1**
  **Reel/Frame:** 008316/0466        **Recorded:** 01/21/1997              **Pages:** 3
  **Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).
     **Assignor:** HALL, ROBERT J.                    **Exec Dt:** 01/16/1997
    **Assignee:** AT&T CORPORATION
             32 AVENUE OF THE AMERICAS
             NEW YORK, NEW YORK 10013
  **Correspondent:** AT&T CORPORATION
             SAMUEL H. DWORESTSKY
             P.O. BOX 4110
             MIDDLETOWN, NJ 07748
**Assignment: 2**
  **Reel/Frame:** 014892/0516        **Recorded:** 07/26/2004              **Pages:** 21
  **Conveyance:** SECURITY INTEREST (SEE DOCUMENT FOR DETAILS).
     **Assignor:** ZOETICS, INC.                      **Exec Dt:** 05/13/2002
    **Assignee:** AT&T CORP.
             32 AVENUE OF THE AMERICAS
             NEW YORK, NEW YORK 10013-2412
  **Correspondent:** AT&T CORP.
             SUSAN MCGAHAN
             ROOM 3A240
             BEDMINSTER, NJ 07921
**Assignment: 3**
  **Reel/Frame:** 013835/0771        **Recorded:** 07/30/2003              **Pages:** 3
  **Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).
     **Assignor:** AT&T CORP.                         **Exec Dt:** 06/06/2002
    **Assignee:** ZOETICS, INC.
             270 LAFAYETTE STREET
             NEW YORK, NEW YORK 10012
  **Correspondent:** ECKERT SEAMANS CHERIN & MELLOTT, LLC
             DAVID V. RADACK, ESQ.
             600 GRANT STREET, 44TH FLOOR
             PITTSBURGH, PA 15219

Search Results as of: 6/27/2005 10:23:18 A.M.

If you have any comments or questions concerning the data displayed, contact OPR / Assignments at 703-308-9723
Web Interface last modified: Oct. 5, 2002

FORM PTO-1595
Rev 6-93
OMB 0651-0011

MAD 1-21-97
To the Honorable Commissioner o.

**01-29-1997**


100347037

SHEET

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

**REC'D**

JAN 2 1 1997

...ed original docume... ...DING OF...

| | |
|---|---|
| **1. Name of conveying party(ies):** | **2. Name and address of receiving party(ies):** |
| Robert J. Hall | Name: _____ AT&T Corp. |
| | Internal Address: 32 Avenue of the Americas |
| Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | New York, New York 10013-2412 |
| **3. Nature of conveyance:** | |
| X Assignment ☐ Merger | Street Address: 32 Avenue of the Americas |
| ☐ Security Agreement ☐ Change of Name | |
| ☐ Other _____ | City New York State: NY Zip: 10013-2412 |
| Execution Date: January 16, 1997 | |
| _____ | Additional name(s) & address(es) attached? ☐ Yes ☐ No |

**4. Application number(s) or patent number(s):**

If this document is being filed together with a new application, the execution date of the application is _____

A. Patent Application No.(s)

B. Patent No. (s)

Serial No  08/734285

Additional numbers attached? ☐ Yes ☐ No

| | |
|---|---|
| **5  Name and address of party to whom correspondence concerning document should be mailed:** | **6. Total number of applications and patents involved:** 1 |
| Name:  Samuel H. Dworetsky - AT&T Corp. | **7** Total fee (37 CFR 3.41) $   40.00 |
| Street Address.  P. O. Box 4110 | ☐ Enclosed |
| | X Authorized to be charged to deposit account |
| City  Middletown,  State  New Jersey, Zip:  07748 | **8. Deposit account number:** 01-2745 |
| | (Attach duplicate copy of this page if paying by deposit account) |

DO NOT USE THIS SPACE

**9  Statement and signature**
    To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document

Samuel H. Dworetsky - Reg. No. 27873
Name of Person Signing

_____
Signature

1/17/97
Date

Total number of pages including cover sheet, attachments, and document: 3

R. J. Hall 5

Mail documents to be recorded with required cover sheet information to:
Assistant Commissioner for Patents, Box Assignments
Washington, D. C  20231

PATENT
REEL: 8316 FRAME: 0466

R.J. Hall 5

## ASSIGNMENT AND AGREEMENT

For value received, I, Robert J. Hall, of Berkeley Heights in the County of Union and State of New Jersey, hereby sell, assign and transfer to AT&T Corp., a corporation of the State of New York, having an office at 32 Avenue of the Americas, New York, New York 10013-2412, U.S.A., and its successors, assigns and legal representatives, the entire right title and interest, for the United States of America, in and to certain inventions related to **Communications Addressing System** described in an application for Letters Patent of the United States, Serial No. 08/734285, filed October 21, 1996, and all the rights and privileges in said application and under any and all Letters Patent that may be granted in the United States for said inventions; and I also concurrently hereby sell, assign and transfer to AT&T Corp. the entire right, title and interest in and to said inventions for all countries foreign to the United States, including all rights of priority arising from the application aforesaid, and all the rights and privileges under any and all forms of protection, including Letters Patent, that may be granted in said countries foreign to the United States for said inventions.

I authorize AT&T Corp. to make application for such protection in its own name and maintain such protection in any and all countries foreign to the United States, and to invoke and claim for any application for patent or other form of protection for said inventions, without further authorization from me, any and all benefits, including the right of priority provided by any and all treaties, conventions, or agreements.

I hereby consent that a copy of this assignment shall be deemed a full legal and formal equivalent of any document which may be required in any country in proof of the right of AT&T Corp. to apply for patent or other form of protection for said inventions and to claim the aforesaid benefit of the right of priority.

I request that any and all patents for said inventions be issued to AT&T Corp. in the United States and in all countries foreign to the United States, or to such nominees as AT&T Corp. may designate.

PATENT
REEL: 8316 FRAME: 0467

- 2 -

R.J. Hall 5

I agree that, when requested, I shall, without charge to AT&T Corp. but at its expense, sign all papers, and do all acts which may be necessary, desirable or convenient in connection with said applications, patents, or other forms of protection.

_Robert J. Hall_

Robert J. Hall

Date _1/16/1997_

United States of America          )

State of _New Jersey_          ) ss.:

County of _Union_          )

On this _16th_ day of _January_, 19 _97_, before me personally came Robert J. Hall, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged execution of the same.

_Tamora Hanna_
Notary Public

TAMORA A. HANNA
NOTARY PUBLIC OF NEW JERSEY, USA
Registered in Huntordon County
My Commission Expires March 25, 1997

AT&T Corp.
P. O. Box 4110
Middletown, New Jersey 07748

RECORDED: 01/21/1997

PATENT
REEL: 8316 FRAME: 0468

JUL.26'2004 12:02 908 221 4492          AT&T LAW DEPT                    #6668 P.001

FORM PTO-1595
Rev.6-93
OMB-0651-0011

U.S.DEPARTMENT OF COMMERCE
Patent and Trademark Office

## RECORDATION FORM COVER SHEET
## PATENTS ONLY

To the Director o the U.S. Patent and Trademark Office: Please record the attached documents or the new address(es) below.

| 1. Name of conveying party(ies): | 2. Name and address of receiving party(ies): |
|---|---|
| Zoetics, Inc. | Name:     AT&T Corp. |
| | Street Address: 32 Avenue of the Americas |
| Execution Date: May 13, 2002 | |
| Additional name(s) of conveying party(ies) attached? ☐ Yes ☒ No | City: New York   State: New York   ZIP: 10013-2412 |

| 3. Nature of conveyance: | |
|---|---|
| ☐ Assignment          ☐ Merger | Additional name(s) & address(es) attached? ☐ Yes ☒ No |
| ☒ Security Agreement  ☐ Change of Name | |
| ☐ Other _____ | |

4. Application number(s) or patent number(s):

If this document is being filed together with a new application, the execution date of the application is _____

A. Patent Application No    09/884,646          B. Patent No. (s)   5,930,479

Additional numbers attached? ☐ Yes ☒ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: 2 |
|---|---|
| Name:  Susan McGahan | 7. Total fee (37 CFR 3.41) $80.00 |
| Street Address:    AT&T Corp. | ☐ Enclosed |
| Room 3A240 | X Authorized to be charged to deposit account |
| City: Bedminster  State: New Jersey   ZIP: 07921 | |
| Phone Number: 908-532-1995 | 8. Deposit account number: 01-2745 |
| Fax Number: 908-532-1219 | (Attach duplicate copy of this page if paying by deposit account) |
| Email Address: smchale@att.com | Authorized User Name: Susan McGahan |

DO NOT USE THIS SPACE

9. Signature:

_Susan McGahan_ (signature)          7/26/04

Signature                                              Date

Name of Person Signing: Susan McGahan

Total number of pages including cover sheet, attachments, and document: 21

Documents to be recorded (including cover sheet) should be faxed to (703) 306-6995, or mailed to:
Mail Stop Assignment Recordation Services, Director of the USPTO, P.O. Box 1450, Alexandria, Virginia 22313-1450.

700101738

**REEL: 014892 FRAME: 0516**

## Schedule F
## Security Agreement

THIS SECURITY AGREEMENT is made as of the ____ day of _____, 2002 by and between Zoetics, Inc., a New York corporation, (the "Debtor") and AT&T Corp., a New York corporation (the "Secured Party").

## WITNESSETH THAT:

WHEREAS, the Debtor has entered into simultaneously herewith an Intellectual Property Agreement as of the date hereof between the Secured Party and the Debtor, wherein the IP Assets (as hereinafter defined) have been assigned to Debtor in consideration for monetary payments to be paid to the Secured Party over an extended time period ; and

WHEREAS, to secure the payment of the indebtedness the Debtor owes to the Secured Party under the Intellectual Property Agreement, the Debtor and Secured Party shall enter into this Security Agreement covering the Collateral (as hereinafter defined);

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto hereby agree as follows:

Section 1. Definitions. The following terms shall have the following meanings:

"AT&T Patents" shall mean the United States patents and patent applications listed on Exhibit A attached hereto, including any divisionals, continuations, continuations-in-part, reissues, extensions or reexaminations, thereof and any foreign counterparts thereto filed or issued before, on, or after the date hereof, in any jurisdiction of the world.

"AT&T Copyright" shall mean the United States copyright registration listed on Exhibit B, and all renewals thereof.

"AT&T Know-How" shall mean all information about the Subject Software provided as of the Effective Date, orally or in writing by an AT&T researcher knowledgeable about the technology embodied in the Subject Software.

"Collateral" shall have the meaning ascribed to such terms in Section 2(a) below.

"Effective Date" shall be the date the Intellectual Property Agreement is executed.

"Fair Market Value" shall mean, with respect to payments received by Debtor for selling or otherwise providing a product or service that incorporates some or all of the IP Assets, the greater of (i) the payment actually collected obtained for selling or otherwise providing the product or (ii) the equivalent payment of any non-monetary exchange received in lieu of payment for providing a product. For the avoidance of doubt, the following events shall be exempted from the definition of Fair Market Value (a) internal uses by the employees of the Debtor for non-commercial purposes; and (b) commercial sales within the units of Debtor shall be treated under the "Internal Discounted Value" and (c) revenues paid as sales commissions to outside, unaffiliated third parties, including by way of example and not of limitation, media commissions paid to advertising agencies or media brokers.

"Gross Revenues" shall mean the sum of all Fair Market Value payments, Internal Discounted Value payments, or any other payments received by Debtor or any other company or person at the request of or on behalf of Debtor for selling or otherwise providing commercial product or services incorporating some or all of the IP Assets.

**PATENT
REEL: 014892 FRAME: 0517**

"**Internal Discounted Value**" means payments received for selling or otherwise providing a product or services by Debtor to its Subsidiaries for commercial sales or distribution.

"**Interest Calculation**" shall have the meaning given to the term for Overdue Payments in Section 2.3 of the Intellectual Property Agreement.

"**IP Assets**" shall be a collective term meaning the AT&T Copyright, the AT&T Patents, the Proprietary Information and the Subject Software.

"**Maximum Surcharge**" shall mean a penalty payable to the Secured Party not to exceed a total amount of Two Million Five Hundred Thousand Dollars ($2,500,000) under Debtor's Revised Obligations for the right to extend the payment schedule beyond that set forth in the Obligations.

"**Proprietary Information**" shall mean trade secrets or other technical information expressed in the source code of the Subject Software, AT&T Copyright or contained in the AT&T Know-How, including all documented features, and any other documentation, information or knowledge expressed therein, which is owned by Secured Party as of the Effective Date and is not generally known to the public.

"**Obligations**" shall mean the Debtor's payment obligations described in Section 2 of the Intellectual Property Agreement as modified by Sections 21.2 and 21.3 of the Intellectual Property Agreement.

"**Security Interests**" shall have the meaning ascribed to such term in Section 2(b) in this Security Agreement.

"**Subject Software**" shall mean the software, including object code and source code, of the software listed on Exhibit C, attached hereto, and any new version, modification, adaptation, or derivative work thereof owned by the Secured Party on the Effective Date.

Section 2.  The Security Interests.

(a)      In order to secure the due and punctual payment of the Obligations, the Debtor hereby pledges and assigns to the Secured Party, and grants to the Secured Party a continuing security interest in and lien on, all of the following rights, title and interests in the described intangible property, assets and rights (hereinafter collectively called the "Collateral"):

(A)      The IP Assets;

(B)      A percentage of Debtor's Gross Revenues to secure payment of the Accrued Unpaid Balance (defined in the Intellectual Property Agreement) due and owing the Secured Party under the Obligations in the Event of a Default, under the terms and otherwise as further set forth in Section 20 of this Security Agreement; and

(C)      All rights and remedies (including, without limitation, all claims, damages and rights with respect to or arising out of any infringement of any of the IP Assets) which the Debtor might now or in the future exercise with respect to any of the foregoing. Notwithstanding anything contained in this Agreement, should Secured Party obtain by any proceeds by enforcement or exercise of its rights or remedies under this Section 2(a)(C) of the Security Agreement, the proceeds of such right or remedy shall first be used to reimburse Debtor for any attorney's fees and other costs incurred by Debtor in enforcing such right or remedy before the proceeds are distributed to the Secured Party.

(b)      The security interests granted pursuant to this Section 1 (the "Security Interests") are granted as security only and shall not subject the Secured Party to, or transfer to the Secured Party, or in any way affect

PATENT
REEL: 014892 FRAME: 0518

or modify, any obligation or liability of the Debtor under any of the Collateral or any transaction which give rise thereto.

### Section 3. Filing; Further Assurances.

The Debtor will execute and deliver to Secured Party for filing and/or recording (in such manner and form as the Secured Party may require), or permit the Secured Party to file and record, in either case at the Secured Party's cost and expense, this Security Agreement (which the parties hereto agree shall be sufficient as a financing statement hereunder), any specific assignments or other paper that may be reasonably necessary or desirable, or that the Secured Party may request, in order to create, confirm, preserve, perfect or validate any Security Interest or to enable the Secured Party to exercise and enforce its rights hereunder or under applicable law with respect to any of the Collateral. The Debtor hereby appoints Secured Party as the Debtor's attorney-in-fact to execute in the name and on behalf of the Debtor such additional financing statements as the Secured Party may at any time reasonably request or require in respect of the Collateral. Upon satisfaction in full of the Obligations, Secured Party agrees to promptly take all action which may be necessary or useful to terminate any financing statements filed in connection with this Security Agreement.

### Section 4. Representations and Warranties of the Debtor.

The Debtor hereby represents and warrants to the Secured Party that all information, representations and warranties contained in Exhibit D attached hereto and made a part hereof are true, accurate and complete on the date hereof.

### Section 5. Covenants of the Debtor.

The Debtor hereby covenants and agrees that so long as any of the Obligations remain unpaid or unperformed:

(a)    The Debtor will not (either itself or through licensees) do any act, or omit to do any act, whereby the registration of any of the IP Assets may become abandoned or dedicated to the public.

(b)    Whenever the Debtor, either by itself or through any agent, employee, licensee or designee, shall file an application for the registration of a patent or copyright included within the IP Assets with the United States Patent and Trademark Office (the "PTO") or the United States Copyright Office or in any office or agency of any foreign country or political subdivision thereof, the Debtor shall report such filing to the Secured Party within five days after the last day of the calendar month in which such filing occurs. Upon request of the Secured Party, the Debtor shall execute and deliver any and all agreements, instruments, documents, and papers as the Secured Party may reasonably request to evidence the Secured Party's security interest in any patent, or copyright, and the goodwill and general intangibles, if any, of the Debtor relating thereto or represented thereby, and the Debtor hereby constitutes the Secured Party its attorney-in-fact to execute and file all such writings for the purposes of so evidencing the Secured Party's security interest (and the Secured Party agrees to notify the Debtor that any such filing has been made, provided that any failure to so notify shall not invalidate any such actions by the Secured Party), all lawful acts of such attorney being hereby ratified and confirmed; such power being coupled with an interest is irrevocable until the Obligations are paid in full. For the avoidance of doubt, Debtor's obligations under this paragraph do not relate to any patent or copyright related to the Debtor's "At My Request" technology or any other patents or copyright not part of the IP Assets.

(c)    In the event that any IP Asset included in the Collateral is materially infringed or misappropriated, the Debtor shall promptly notify the Secured Party after it learns thereof and shall take such actions as the Secured Party shall reasonably deem appropriate under the circumstances to protect such IP Asset.

(d)    The Debtor will defend the Collateral against all claims and demands of all persons (other than the Secured Party) at any time claiming any interest therein.

- 41 -
AT&T - Proprietary

PATENT
REEL: 014892 FRAME: 0519

(e)    The Debtor will not change its corporate name, identity or structure, or jurisdiction of organization without forty-five (45) days' prior written notice to Secured Party and the execution, delivery and filing of such documents as reasonably required by the Secured Party.

### Section 6.  Records Relating to Collateral.

The Debtor will keep its records concerning the Collateral at its offices located at  270 Lafayette St., Suite 1202, New York, NY 10012, or at such other place or places of business as the Secured Party may approve in advance in writing.  The Debtor will hold and preserve such records and will permit representatives of the Secured Party at any time, on prior notice, during normal business hours to examine and furnish to the Secured Party, if requested, such information and copies of records regarding the Collateral in the possession or control of the Debtor as the Secured Party may from time to time reasonably request.

### Section 7.  Events of Default.

The Debtor shall be in default under this Security Agreement upon the occurrence of any one or more of the following events (each such event is herein referred to as an "Event of Default"), after receiving thirty (30) days prior notice from the Secured Party:

(a)    at such time as Secured Party shall be entitled to perfect or enforce this Security Agreement pursuant to Section 2.1, or 21.1 or 21.2 of the Intellectual Property Agreement ; or

(b)    any material representation or warranty herein contained shall have been untrue or misleading in any material respect at the time it was made and such breach is not  cured within thirty (30) days after Debtor has received notice thereof from the Secured Party; or

(c)    any proceeding is instituted by or against the Debtor seeking to adjudicate it bankrupt or insolvent, or seeking reorganization, arrangement, adjustment or composition of it or its debts under any law relating to bankruptcy, insolvency or reorganization or relief of debtors, or seeking an appointment of a receiver, trustee, or other similar official for it or for any substantial part of its property and such proceeding is not stayed or dismissed within 90 days after commencement, or the Debtor takes any action to authorize or consent to any action described in this subsection (c).

### Section 8.  Remedies Upon Event of Default.

(a)    If any Event of Default shall have occurred, the Secured Party may exercise all the rights and remedies of a secured party under the Uniform Commercial Code of New York (whether or not the Uniform Commercial Code is in effect in the jurisdiction where such rights and remedies are exercised).  Without limiting the generality of the foregoing, Secured Party, without demand of performance or other demand, presentment, protest, advertisement or notice of any kind (except any notice required by law referred to below) to or upon the Debtor or any person or entity (all and each of which demands, defenses, advertisements and notices are hereby waived), may forthwith collect, receive, or realize upon the Collateral, or any part thereof, and/or may forthwith sell, lease, assign, license, or otherwise dispose of and deliver the Collateral or any part thereof (or contract to do any of the foregoing), in one or more parcels at public or private sale or sales, exchange, broker's board or office of Secured Party or elsewhere upon such terms and conditions as it may deem advisable and at such prices it may deem best, for cash or on credit or for future delivery without assumption of any credit risk.  Secured Party shall have the right upon any such public sale or sales, and to the extent permitted by law, upon any such private sale or sales, to purchase the whole or any part of the Collateral so sold, free of any right or equity of redemption in the Debtor, which right or equity is hereby waived or released.  The Secured Party may require the Debtor to make the Collateral available to the Secured Party at a place to be designated by the Secured Party which is reasonably convenient.

(b)    In addition to and as part of the rights set forth above, Debtor hereby agrees that if an Event of Default shall occur, Debtor shall take all actions necessary, appropriate or proper to transfer ownership of the Collateral or any part thereof to Secured Party or its assigns, including without limitation, filing any and all assignments

PATENT
REEL: 014892 FRAME: 0520

JUL.26'2004 12:04 908 221 4492          AT&T LAW DEPT                    #6668 P.006

of patent with the PTO and assignments of copyrights with the Copyright Office or any similar office or agency in any other country or any political subdivision thereof whether in the form attached hereto as Exhibits E and F, respectively, or such other form as is deemed by the Secured Party to be necessary, appropriate or proper under the circumstances.

(c)     Debtor hereby constitutes and appoints the Secured Party (and any officer, employee or agent of the Secured Party, with a full power of substitution) the Debtor's true and lawful attorney and agent in fact, in the name of the Debtor, the Secured Party or otherwise, for the sole use and benefit of the Secured Party, but at the sole cost and expense of Debtor, to exercise and take, at any time, and from time to time, after any Event of Default has occurred, all or any of the following powers and actions with respect to all or any of the Collateral (which power shall be in addition and supplemental to any powers, rights and remedies of the Secured Party described herein or otherwise available to the Secured Party under any other document or otherwise under applicable law):

(i)     any of the actions described in subsection (b) above;

(ii)    to demand, sue for, collect, receive and give acquittance for any and all moneys due to the Secured Party for payment of the accrual amount due under the Obligations as set forth in Section 20 of this Security Agreement; and

(iii)   to settle, compromise, compound, prosecute or defend any action or proceeding, with respect to infringement or otherwise.

Debtor covenants and agrees that any action described in this subsection (c) may be taken at the Secured Party's sole and absolute discretion, at any time and from time to time, and that Debtor hereby ratifies and confirms all actions taken.

(d)     The Debtor covenants and agrees that (i) the powers of attorney granted by this Agreement are coupled with an interest and shall be irrevocable until full and final payment in cash and performance of all the Obligations, (ii) said powers are granted solely for the protection of the Secured Party's interest and the Secured Party shall have no duty to exercise any of such powers, (iii) the decision whether to exercise any such powers and the manner of exercise shall be solely within the Secured Party's discretion, and (iv) neither Secured Party nor any of its directors, officers, employees or agents shall be liable for any act of omission or commission, or for any mistake or error judgment, in connection with any such powers, absent gross negligence or willful misconduct.

(e)     No remedy referred to in this Agreement is intended to be exclusive, and all rights and remedies contained herein shall be separate and cumulative and in addition to all other rights and remedies available to a secured party under other documents evidencing or securing any of the Obligations or otherwise applicable law, and the exercise of one shall not in any way limit or prejudice the exercise of any other such rights or remedies; and the Secured Party may exercise its remedies concurrently, independently or successively, without in any way affecting any other remedy.

### Section 9. Application of Collateral and Proceeds.

The proceeds of any sale of, or other realization upon, all or any part of the Collateral shall be applied in the following order of priorities:

(a)     first, to pay the expenses of such sale or other realization, including reasonable commission to any agents or brokers, and all expenses, liabilities and advances incurred or made by the Secured Party in connection therewith, and any other unreimbursed expenses for which the Secured Party is to be reimbursed pursuant to Section 10;

(b)     second, to the payment of the Obligations in such order and manner as the Secured Party, in its sole discretion, shall determine; and

PATENT
REEL: 014892 FRAME: 0521

(c)    finally, unless applicable law otherwise provides, to pay to the Debtor, or its successors or assigns, or as a court of competent jurisdiction may direct, any surplus then remaining from such proceeds.

### Section 10. Expenses; Secured Party's Lien.

The Debtor will forthwith upon demand pay to the Secured Party: the amount of any and all reasonable out-of-pocket expenses, including the reasonable fees and disbursements of the Secured Party's counsel and of any agents not regularly in the Secured Party's employ, and all other expenses of Secured Party (including, without limitation, court costs, and the allocated costs of Secured Party's in-house counsel), which the Secured Party may incur in connection with (a) the collection or other disposition of any of the Collateral, (b) the exercise by the Secured Party of any of the powers, rights or remedies conferred upon it hereunder, or (c) any default on the Debtor's part hereunder.

### Section 11. Notices.

All notices, requests, demands and other communications provided for hereunder shall be in writing (including telegraphic communication) and mailed certified, return receipt requested, or telegraphed or delivered to the applicable party at the addresses indicated below:

(i)    If to the Debtor, to it at:

Zoetics, Inc.
270 Lafayette St., Suite 1202
New York, NY 10012

Attn: Thelma Guy

with a copy to:

Andrew F. Blumenthal, Esq.
250 West 57th Street · Suite 332
New York, New York 10107
Phone: (212) 245-3860
Fax: (212) 956-5463

And

Stephen M. Foxman, Esq.
Eckert Seamans Cherin & Mellott, LLC
1515 Market St., 9th Floor
Philadelphia, PA 19102
Phone: (215) 851-8472
Fax: (215) 851-8383

(ii)    If to the Secured Party, to it at:

AT&T Labs
180 Park Avenue
Florham Park, NJ 07932
Tel.: (973) 360-7300
Fax: (973) 360-5800

Attn:    Intellectual Property Vice President

with a copy to:

Susan McHale-McGahan, Esq.
AT&T Corp.

-- 44 --
AT&T - Proprietary

**PATENT**
**REEL: 014892 FRAME: 0522**

295 North Maple Avenue
Rm. 325211
Basking Ridge, NJ 07920

or, as to each party, at such other address as shall be designated by such parties in a written notice to the other party complying as to delivery with the terms of this Section. All such notices, requests, demands and other communications shall be deemed given upon the earlier to occur of (a) the third day following deposit thereof in the United States mail or deposit thereof with the telegraph company as aforesaid, or (b) receipt by the party to whom such notice is directed.

### Section 12.  Waivers; Non-Exclusive Remedies.

No failure on the part of the Secured Party to exercise, and no delay in exercising, and no course of dealing with respect to, any right, power or remedy under this Security Agreement shall operate as a waiver thereof, nor shall any single or partial exercise by the Secured Party of any right, power or remedy under this Security Agreement exhaust the same or preclude any other right, power or remedy. The remedies in this Security Agreement are cumulative and are not exclusive of any other remedies provided by law or otherwise available to the Secured Party. The Debtor, to the extent it may lawfully do so, hereby consents to the jurisdiction of the courts of the State of New York and the United States District Court for the District of New York for the purpose of any suit or proceeding brought in connection with or respect to this Security Agreement.

### Section 13.  Consent and Waiver.

(A)     THE DEBTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION BROUGHT ON OR WITH RESPECT TO THIS SECURITY AGREEMENT. NEITHER THE DEBTOR NOR ANY ASSIGNEE OF OR SUCCESSOR TO THE DEBTOR, SHALL SEEK A JURY TRIAL IN ANY LAWSUIT, PROCEEDING, COUNTERCLAIM, OR ANY OTHER LITIGATION OR PROCEDURE BASED UPON, OR ARISING OUT OF, THIS SECURITY AGREEMENT OR THE DEALINGS OR THE RELATIONSHIP BETWEEN OR AMONG THE PARTIES HERETO. NO PARTY WILL SEEK TO CONSOLIDATE ANY SUCH ACTION, IN WHICH A JURY TRIAL HAS BEEN WAIVED, WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE OR HAS NOT BEEN WAIVED. THE PROVISIONS OF THIS SECTION HAVE BEEN FULLY DISCUSSED BY THE PARTIES HERETO, AND THESE PROVISIONS SHALL BE SUBJECT TO NO EXCEPTIONS. NO PARTY HAS IN ANY WAY AGREED WITH OR REPRESENTED TO ANY OTHER PARTY THAT THE PROVISIONS OF THIS SECTION WILL NOT BE FULLY ENFORCED IN ALL INSTANCES. NOTWITHSTANDING THE FOREGOING, NO ACTION UNDER THIS AGREEMENT SHALL PROCEED IN A COURT IF AN ARBITRATION PROCEEDING HAS BEEN INITIATED BY EITHER PARTY UNDER THE INTELLECTUAL PROPERTY AGREEMENT, PROVIDED THAT SUCH ACTION RELATES TO THE CASH PAYMENT OBLIGATIONS OF DEBTOR UNDER SECTIONS 2.1 OR AS MODIFIED BY SECTIONS 21.2 - 21.3 OF THE INTELLECTUAL PROPERTY AGREEMENT ("CASH PAYMENT DEFAULT") OR THE FACTS AND CIRCUMSTANCES UNDERLYING ANY OTHER BREACH OF THE INTELLECTUAL PROPERTY AGREEMENT CLAIMED BY SECURED PARTY AS A BASIS FOR THE ENFORCEMENT OF THIS SECURITY AGREEMENT. AND SUCH ARBITRATION PROCEEDING HAS NOT BEEN TERMINATED OR DISMISSED. NO ACTION IN A COURT SHALL BE MAINTAINED UNDER THIS SECURITY AGREEMENT BASED UPON AN ALLEGED CASH PAYMENT DEFAULT OCCURRING UNDER THE INTELLECTUAL PROPERTY AGREEMENT IF IN AN ARBITRATION PROCEEDING UNDER THE INTELLECTUAL PROPERTY AGREEMENT SUCH CASH PAYMENT DEFAULT IS FOUND NOT TO EXIST.

(B)     THE DEBTOR CONSENTS TO THE JURISDICTION AND VENUE OF ANY LOCAL, STATE OR FEDERAL COURT LOCATED WITHIN THE STATE OF NEW YORK AND WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS UPON THE DEBTOR, AND CONSENTS THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO THE DEBTOR AT THE ADDRESS STATED ABOVE AND SERVICE SO MADE SHALL BE DEEMED TO BE COMPLETED THREE (3) DAYS AFTER THE SAME SHALL HAVE BEEN POSTED AS AFORESAID. THE DEBTOR WAIVES ANY OBJECTION TO VENUE OF ANY ACTION INSTITUTED

PATENT
REEL: 014892 FRAME: 0523

HEREUNDER AND CONSENTS TO THE GRANTING OF SUCH LEGAL OR EQUITABLE RELIEF AS IS DEEMED APPROPRIATE BY THE COURT. THE DEBTOR WAIVES, TO THE EXTENT PERMITTED BY LAW, ANY BOND OR SURETY OR SECURITY UPON SUCH BOND WHICH MIGHT, BUT FOR THIS WAIVER, BE REQUIRED OF THE SECURED PARTY. NOTHING CONTAINED IN THIS PARAGRAPH SHALL AFFECT THE RIGHT OF THE SECURED PARTY TO SERVE LEGAL PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR AFFECT THE RIGHT OF THE SECURED PARTY TO BRING ANY ACTION OR PROCEEDING AGAINST THE DEBTOR IN THE COURTS OF ANY OTHER JURISDICTION.

(C)    THE DEBTOR HEREBY WAIVES ALL DEFENSES AND RIGHTS TO INTERPOSE ANY SETOFF OR COUNTERCLAIM OF ANY NATURE EXCEPT ONLY A DEFENSE PERTAINING TO THE EXISTENCE OF AN EVENT OF DEFAULT OR A COUNTERCLAIM TO THE EXTENT THAT THE FAILURE TO SO ASSERT SUCH COUNTERCLAIM WOULD PERMANENTLY PRECLUDE THE PROSECUTION OR RECOVERY UPON THE SAME.

### Section 14. Changes in Writing.

Neither this Security Agreement nor any provision hereof may be changed, waived, discharged or terminated orally, but only by a statement in writing signed by the party against which enforcement of the change, waiver, discharge or termination is sought.

### Section 15. Choice of Law; Meaning of Terms.

This Security Agreement shall be construed in accordance with and governed by the internal laws (as opposed to conflict of law provisions) and decisions of the State of New York applicable to contracts made and performed in said State, except to the extent that remedies provided by the laws of any State other than New York are governed by the laws of said State. Unless otherwise defined herein, or unless the context otherwise requires, all terms used herein which are defined in the New York Uniform Commercial Code have the meanings therein stated.

### Section 16. Marshalling; Payments Set Aside.

The Secured Party shall be under no obligation to marshall any assets in favor of the Debtor or any other party or against or in payment of any or all of the Obligations. To the extent that the Debtor makes a payment or payments to the Secured Party or the Secured Party enforces its security interests or exercises its rights of setoff, and such payment or payments or the proceeds of such enforcement or setoff or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to a trustee, receiver or any other party under any bankruptcy law, state or federal law, common law or equitable cause, then to the extent of such recovery, the obligation or part thereof originally intended to be satisfied shall be revived and continued in full force and effect as if such payment had not been made or such enforcement or setoff had not occurred.

### Section 17. Severability.

Any provision of this Security Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

### Section 18. Headings.

The headings in this Security Agreement are for the purposes of reference only and shall not limit or otherwise affect the meaning, construction or effect of this Agreement or any provision of this Security Agreement.

PATENT
REEL: 014892 FRAME: 0524

### Section 19. Ownership and Use of IP Assets by Secured Party After Event of Default.

If, upon an Event of Default, the Secured Party exercises its rights under Section 8 of this Security Agreement and all rights, title and interest in the IP Assets revert back to the Secured Party, then in addition to the provisions of Section 8 of this Security Agreement, the following shall occur, but only in the event that the Debtor had, prior to the Event of Default, paid to the Secured Party a minimum of One Million Dollars ($1,000,000) of the Obligations:

(a)    Seller hereby grants to Debtor as of the date that the Secured Party is deemed the owner of all the IP Assets the following licenses (hereinafter the "Debtor Post-Default Licenses"), subject to the limitations set forth in this Section 19 of the Security Agreement,

(i)    a non-exclusive, world-wide, license under the AT&T Patents, with a limited right to sublicense as set forth in paragraph (c) below, to make, use, import, sell and offer to sell products and services;

(ii)    a non-exclusive, world-wide, license under the Subject Software, including the work registered in the AT&T Copyright, with a limited right to sublicense as set forth in paragraph (c) below, to use, copy, modify, develop Derivative Works, distribute, publicly perform or display works; and

(iii)    a non-exclusive, world-wide, license, with a limited right to sublicense as set forth in paragraph (c) below to use and copy the Proprietary Information.

These licenses shall be non-transferable except as set forth in Section 15 of the Intellectual Property Agreement.

(b)    As consideration for the Debtor Post-Default Licenses, Debtor shall pay to Secured Party thirty days after the end of each quarter by the method in Section 2.2 of the Intellectual Property Agreement (which calendar quarter commences on the 1st day of the month in which Debtor is granted such licenses) the following royalties:

(i)    a seven percent (7%) royalty of Debtor's Gross Revenues until the aggregate royalties paid under this paragraph (b) of the Security Agreement plus the amounts paid to Secured Party under the Cash Payments in the Intellectual Property Agreement equal to Seven Million Seven Hundred Thousand Dollars ($7,700,000); and

(ii)    a five percent (5%) royalty of Debtor's Gross Revenues after Debtor has paid the Secured Party an aggregate amount of $7,700,000, until such amount reaches Ten Million Two Hundred Thousand Dollars ($10,200,000), which at that time, Debtor shall receive fully paid-up, royalty-free Debtor Post-Default Licenses.

(c)    The Debtor Post-Default Licenses shall be sublicensable to the extent it is necessary (i) to support existing sublicenses before the Secured Party exercised its remedies under Section 8 and (ii) to support any sublicenses after the exercise of such rights to the extent necessary for Debtor to market, sell and permit use of any products it has or will develop under the IP Assets. For the avoidance of doubt, Debtor shall have no right to grant sublicenses to the IP Assets that would permit a third party to create its own products or develop new technology based on the IP Assets.

(d)    Debtor shall pay the Secured Party interest based on the Interest Calculation for any late royalty payments due under Section 19 of this Security Agreement.

(e)    Debtor shall prepare, maintain and make written reports to the Secured Party, at the address indicated in Section 11 of this Security Agreement, along with the royalty payment each quarter. Each quarterly report shall indicate the amount of revenue received for the selling or otherwise providing commercial products or services incorporating some or all of the IP Assets, the accounts receivables, and any other information necessary to verify the

<div align="center">

– 47 –
AT&T - Proprietary

**PATENT**
**REEL: 014892 FRAME: 0525**

</div>

quarterly Gross Revenue of Debtor. Debtor shall keep detailed and accurate books, files and records, in electronic and paper form, adequate to determine and verify accurately the information contained in each quarterly report. The books and records shall be retained for at least five (5) years after the delivery to the Secured Party of the written report to which the books and records relate, provided there is no outstanding dispute regarding royalty fees, in which case said books and records shall be preserved by the Licensee pending the resolution of said dispute.

(f)     The Secured Party has the right to review and audit and/or to have reviewed and audited, upon reasonable notice and during normal business hours to Debtor, underlying documentation regarding all royalty payments due to the Secured Party under this Security Agreement up to once (1) times per year. Should Secured Party's audit conducted under this Section 19(f) find that the Debtor is in material non-compliance with the obligations set forth in Section 19(e), the Secured Party shall notify Debtor and Debtor shall (i) within five days of such notice cease using the IP Assets; and (ii) within five days of such notice cease selling products or services using the IP Assets to third parties; until the Debtor cures such breach of this Agreement, within thirty (30) days receipt of notice from the Secured Party.

### Section 20. Accrual Amounts Owed By Debtor at the Time of the Event of Default.

As to any Accrued Unpaid Balance due and owing the Secured Party at the time of the Event of Default, Debtor shall pay to Secured Party, in addition to the royalty specified in Section 19 in this Security Agreement, at the times the royalty specified in Section 19 is payable, a royalty equal to 2% of the Gross Revenues of Debtor, until such time as Debtor satisfies the Accrued Unpaid Balance under the Obligations.

        IN WITNESS WHEREOF, this Security Agreement has been executed by the parties hereto all as of the day and year first above written.

WITNESS:

_____          By _____
AT&T Corp.                                 Name: JOHN K KEEGEY
                                           Title: 1st VICE PRESIDENT

_____          By _____
Zoetics, Inc.                              Name: JOEL D. TACCIARONE
                                           Title: PRESIDENT

PATENT
REEL: 014892 FRAME: 0526

**EXHIBIT A**
**AT&T Patents**

**(See Schedule E to the Intellectual Property Agreement entered into between the Parties)**

**EXHIBIT B**
**Copyright Registrations**

**(See Schedule B to the Intellectual Property Agreement entered into between the Parties)**

**EXHIBIT C**
**Subject Software**

**(See Schedule C of the Intellectual Property Agreement entered into between the Parties)**

– 49 –
AT&T – Proprietary

**PATENT**
**REEL: 014892 FRAME: 0527**

:06  908 221 4492          AT&T LAW DEPT                    #6668 P.013

## EXHIBIT D
### Additional Representations And Warranties

1.  The exact title of the Debtor is: Zoetics, Inc.  The Debtor has not used any other corporate the previous ten (10) years.

2.  The Debtor uses in its business and owns the following trade names:

3.  The Debtor maintains its books and records relative to its accounts and its inventory at:

    270 Lafayette Street, New York, New York 10012

4.  The chief executive office of the Debtor is:

    270 Lafayette Street, New York, New York 10012

AT&T - Proprietary

**PATENT
REEL: 014892 FRAME: 0528**

..26'2004 12:07 908 221 4492        AT&T LAW DEPT                    #6668 P.014

## EXHIBIT E
### Patent Assignment

This Assignment of Patent is by and between Zoetics, Inc. ("Zoetics"), having an office at 270 Lafayette Street, New York, New York 10012 ("Assignor") and AT&T Corp., a New York Corporation with an office located at 32 Avenue of the Americas, New York, New York 10013-2412 ("Assignee").

WHEREAS, Assignor is the owner of all right, title, and interest in and to the U.S. Patent No. 6,930,479 and pending U.S Application No. 09/884,648 (the "Patents").

WHEREAS, Assignee is desirous of acquiring all right, title, and interest in and to the Patents.

NOW THEREFORE, for good and valuable consideration, receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, Assignor hereby assigns to Assignee any and all of Assignor's right, title and interest in and to the Patents, including any division and continuation hereof and all corresponding foreign applications and patents, and Assignor hereby authorizes the Commissioner of Patents and Trademarks to issue any said United States Letters Patents that relate to the Patent to said Assignee, as the Assignee of the whole right, title and interest thereto.

IN WITNESS WHEREOF, Assignor has cause this Patent Assignment to be executed in a manner appropriate thereto effective as of _____, 200_.

| ASSIGNEE | ASSIGNOR |
|---|---|
| Given at Basking Ridge New Jersey, USA on _____ AT&T Corp. | Accepted at _____ on _____ _____ |
| By: _____ | By: _____ |
| Name: _____ Title: Authorized Signatory | Name: _____ Title: Authorized Signatory |

– 51 –
AT&T - Proprietary

**PATENT**
**REEL: 014892 FRAME: 0529**

..26'2004 12:07 908 221 4492          AT&T LAW DEPT                      #6668 P.015

**EXHIBIT F**
**Copyright Assignment**

For good and valuable consideration, the receipt of which are hereby acknowledged, to ZOETICS, INC, 270 Lafayette Street, New York, New York 10012 ("Zoetics"), sells, assigns, and transfers to AT&T CORP., 32 Avenue of the Americas, New York, New York 10032 ("AT&T"), its successors and assigns, absolutely and forever, the entire right, title, and interest in and to a Copyright Registration No. TXU 945-297 entitled E-Mail Channels System owned by Zoetics ("the Copyright"), including, without limiting the generality of the foregoing, any moral rights, and to have and to hold said Copyright and all rights of whatsoever nature thereunder existing. To the extent that any moral rights cannot be sold, assigned or transferred to AT&T, Zoetics waives for all time any assertion of such rights.

Zoetics represents and warrants that Zoetics is the sole and exclusive author of the Copyright, that Zoetics is the sole and exclusive owner of all right, title, and interest in and to the Copyright, and that Zoetics has not sold, assigned, or transferred any right, title, or interest in and to the Copyright to any other party.

IN WITNESS WHEREOF, AT&T has cause this Copyright Assignment to be executed in a manner appropriate thereto effective as of _____ __, 200_.

| AT&T CORP. | ZOETICS, INC. |
|---|---|
| Given at Basking Ridge<br>New Jersey, USA<br>on _____ | Accepted at _____<br><br>on _____<br>_____ |
| By: _____ | By: _____ |
| Name: _____<br>Title:<br>Authorized Signatory | Name: _____<br>Title:<br>Authorized Signatory |

- 52 --
AT&T - Proprietary

**PATENT**
**REEL: 014892 FRAME: 0530**

### Schedule A
### AT&T Patents

*UNITED STATES*

U.S. Patent No. 5,930,479; Record: 111671  Filed: 10/21/1996
Inventor: Robert J. Hall
Communications Addressing System

Application No. 09/884,646: Record ID 2001-0323    Filed: 6/19/2001
Inventor: Robert J. Hall
Web-based Communications Addressing System and Method

**PATENT**
**REEL: 014892 FRAME: 0531**

.26'2004 12:07 908 221 4492    AT&T LAW DEPT    #6668 P.017

## Schedule B
## AT&T Copyright

*UNITED STATES*

U.S. Copyright Registration No. TXU 945-297 covering a computer program
Author as a Work Made For Hire for Seller: Robert J. Hall
Title: "E-Mail Channels System"

- 32 -
AT&T - Proprietary

PATENT
REEL: 014892 FRAME: 0532

JUL.26'2004 12:07 908 221 4492          AT&T LAW DEPT                    #6668 P.018

## Schedule C
## Subject Software

**The following software files shall be delivered to Buyer as of the Closing Date under this Agreement:**

[In the following file listing, names ending in a slash ('/') character represent (sub)directories that group files logically. All other names designate files containing text or binary information.]

    ChannelsCD/

Binary Files

[This is the Java byte-code archive containing the "binary" form of the AT&T Labs Research's Email Channels System v. 1.8c]

    ChannelsCD/Channels.jar

Documentation Files

[Files whose name start with "ChannelsCD/doc/" are documentation and example files describing or illustrating the configuration and use of AT&T Labs Research's Email Channels System v. 1.8c.]

    ChannelsCD/doc/

[Textual installation, configuration and usage instructions:]
    ChannelsCD/doc/README.txt

[Sample configuration files for Bouncer/Host component:]
    ChannelsCD/doc/bhost/
    ChannelsCD/doc/bhost/ServerData/
    ChannelsCD/doc/bhost/ServerData/config
    ChannelsCD/doc/bhost/runbhost.bash

[Sample configuration files for PCA component:]
    ChannelsCD/doc/PCA/
    ChannelsCD/doc/PCA/UserData/
    ChannelsCD/doc/PCA/UserData/config
    ChannelsCD/doc/PCA/runPCA.bash

Source Code Files

[The files whose names start with "ChannelsCD/src/" comprise the Java source code files of AT&T Labs Research's Email Channels System v. 1.8c]

    ChannelsCD/src/

[Java package source files containing highest level application and control logic for Bouncer/Host component:]
    ChannelsCD/src/bhost/

- 33 -
AT&T - Proprietary

PATENT
REEL: 014892 FRAME: 0533

```
ChannelsCD/src/bhost/app_bhost.java
ChannelsCD/src/bhost/bhost.java
ChannelsCD/src/bhost/controller_BHOST.java
ChannelsCD/src/bhost/translator.java
```

[Java package source files containing highest level application and control logic for PCA component:]
```
ChannelsCD/src/chan/
ChannelsCD/src/chan/app_chproxy.java
ChannelsCD/src/chan/chproxy.java
ChannelsCD/src/chan/chproxy_window.java
ChannelsCD/src/chan/chproxy_window_details.java
ChannelsCD/src/chan/chproxy_window_editor.java
ChannelsCD/src/chan/chproxy_window_list.java
ChannelsCD/src/chan/chproxy_window_pp_editor.java
ChannelsCD/src/chan/chproxy_window_pw_editor.java
ChannelsCD/src/chan/controller_PCA.java
ChannelsCD/src/chan/initconfig.java
ChannelsCD/src/chan/translator.java
ChannelsCD/src/chan/uitest.java
ChannelsCD/src/chan/warningBox.java
```

[Java package source files for cryptographic utility classes and interfaces used by all components:]
```
ChannelsCD/src/crypto/
ChannelsCD/src/crypto/aes128.java
ChannelsCD/src/crypto/CBCwithPKCS5Padding.java
ChannelsCD/src/crypto/cryptoFn.java
ChannelsCD/src/crypto/exception.java
ChannelsCD/src/crypto/symCoderInputStream.java
ChannelsCD/src/crypto/symmetricBlockCipher.java
ChannelsCD/src/crypto/symmetricCoder.java
```

[Java package source files for email proxy framework used to build all components:]
```
ChannelsCD/src/proxy/
ChannelsCD/src/proxy/checkMessageQueuesEvent.java
ChannelsCD/src/proxy/console_window_quit.java
ChannelsCD/src/proxy/controller.java
ChannelsCD/src/proxy/proxy.java
ChannelsCD/src/proxy/version.java
```

[Java package source files containing miscellaneous utility classes, interfaces, and functions:]
```
ChannelsCD/src/RJHTools/
ChannelsCD/src/RJHTools/base64InputStream.java
ChannelsCD/src/RJHTools/base64OutputStream.java
ChannelsCD/src/RJHTools/bbs_init.java
ChannelsCD/src/RJHTools/binaryPredicate.java
ChannelsCD/src/RJHTools/binaryPredicate_String.java
ChannelsCD/src/RJHTools/commandEvent.java
ChannelsCD/src/RJHTools/config.java
ChannelsCD/src/RJHTools/config_exception.java
ChannelsCD/src/RJHTools/cons.java
ChannelsCD/src/RJHTools/constants.java
ChannelsCD/src/RJHTools/counter.java
ChannelsCD/src/RJHTools/currentTime.java
ChannelsCD/src/RJHTools/db.java
ChannelsCD/src/RJHTools/db_exception.java
ChannelsCD/src/RJHTools/db_key_mismatch.java
ChannelsCD/src/RJHTools/db_property.java
```

AT&T - Proprietary

PATENT
REEL: 014892 FRAME: 0534

```
ChannelsCD/src/RJHTools/db_property_BigInteger.java
ChannelsCD/src/RJHTools/db_property_Boolean.java
ChannelsCD/src/RJHTools/db_property_Integer.java
ChannelsCD/src/RJHTools/db_property_ListOfString.java
ChannelsCD/src/RJHTools/db_property_Object.java
ChannelsCD/src/RJHTools/db_property_RandomState.java
ChannelsCD/src/RJHTools/db_property_String.java
ChannelsCD/src/RJHTools/dbg.java
ChannelsCD/src/RJHTools/dbplist.java
ChannelsCD/src/RJHTools/dbtest.java
ChannelsCD/src/RJHTools/dshsl_holder.java
ChannelsCD/src/RJHTools/email_utils.java
ChannelsCD/src/RJHTools/encode257.java
ChannelsCD/src/RJHTools/event.java
ChannelsCD/src/RJHTools/eventException.java
ChannelsCD/src/RJHTools/eventQueue.java
ChannelsCD/src/RJHTools/eventQueueServer.java
ChannelsCD/src/RJHTools/eventQueueSubscriber.java
ChannelsCD/src/RJHTools/fn.java
ChannelsCD/src/RJHTools/getStringFromUser.java
ChannelsCD/src/RJHTools/getStringFromUser_Cancel.java
ChannelsCD/src/RJHTools/getStringFromUser_Done.java
ChannelsCD/src/RJHTools/indexedByteArray.java
ChannelsCD/src/RJHTools/line_buffer_Reader.java
ChannelsCD/src/RJHTools/list.java
ChannelsCD/src/RJHTools/mail_input_stream.java
ChannelsCD/src/RJHTools/mail_output_stream.java
ChannelsCD/src/RJHTools/msg.java
ChannelsCD/src/RJHTools/msg_body_table.java
ChannelsCD/src/RJHTools/msg_body_table_rec.java
ChannelsCD/src/RJHTools/msg_exception.java
ChannelsCD/src/RJHTools/msg_queue.java
ChannelsCD/src/RJHTools/msg_queue_manager.java
ChannelsCD/src/RJHTools/notifiable_window.java
ChannelsCD/src/RJHTools/POP3_getter.java
ChannelsCD/src/RJHTools/POP3_getter_exception.java
ChannelsCD/src/RJHTools/POP3_getter_process.java
ChannelsCD/src/RJHTools/POP3_server.java
ChannelsCD/src/RJHTools/POP3_server_exception.java
ChannelsCD/src/RJHTools/POP3e_getter.java
ChannelsCD/src/RJHTools/POP3e_getter_process.java
ChannelsCD/src/RJHTools/POP3e_server.java
ChannelsCD/src/RJHTools/POP3e_server_process.java
ChannelsCD/src/RJHTools/pushable.java
ChannelsCD/src/RJHTools/pusher.java
ChannelsCD/src/RJHTools/RandomBits.java
ChannelsCD/src/RJHTools/RandomState.java
ChannelsCD/src/RJHTools/rdir.java
ChannelsCD/src/RJHTools/rdirException.java
ChannelsCD/src/RJHTools/recomp.java
ChannelsCD/src/RJHTools/SMTP_recipient_translator.java
ChannelsCD/src/RJHTools/SMTP_sender.java
ChannelsCD/src/RJHTools/SMTP_sender_process.java
ChannelsCD/src/RJHTools/SMTP_server.java
ChannelsCD/src/RJHTools/SMTPServerException.java
ChannelsCD/src/RJHTools/SMTPServiceThread.java
ChannelsCD/src/RJHTools/stoppable.java
ChannelsCD/src/RJHTools/TCP_server.java
ChannelsCD/src/RJHTools/TCP_server_monitor.java
ChannelsCD/src/RJHTools/timer.java
ChannelsCD/src/RJHTools/yOrNp.java
```

PATENT
REEL: 014892 FRAME: 0535

26'2004 12:08 908 221 4492          AT&T LAW DEPT                    #6668 P.021

ChannelsCD/src/RJHTools/yOrNp_No.java
ChannelsCD/src/RJHTools/yOrNp_Yes.java

[Java package source files containing utility functions supporting
the logical functional theories used in implementing the components'
control modules:]
ChannelsCD/src/Theories/
ChannelsCD/src/Theories/BOUNCER.java
ChannelsCD/src/Theories/CRYPTO.java
ChannelsCD/src/Theories/HOST.java
ChannelsCD/src/Theories/INTEGERS.java
ChannelsCD/src/Theories/LISTS.java
ChannelsCD/src/Theories/LOGICALS.java
ChannelsCD/src/Theories/MSG.java
ChannelsCD/src/Theories/PCA.java
ChannelsCD/src/Theories/STRINGS.java

AT&T - Proprietary

RECORDED: 07/26/2004

PATENT
REEL: 014892 FRAME: 0536

'30/2003 16:45 FAX 412 566 6099    ECKERT SEAMANS    ☑004

| Form PTO-1595 (Rev. 10/02) OMB No. 0651-0027 (exp. 6/30/2005) | **RECORDATION FORM COVER SHEET PATENTS ONLY** | U.S. DEPARTMENT OF COMMERCE U.S. Patent and Trademark Office |

Tab settings ⇨ ⇨ ⇨ ▼        ▼        ▼        ▼        ▼        ▼        ▼

To the Honorable Commissioner of Patents and Trademarks: Please record the attached original documents or copy thereof.

| 1. Name of conveying party(ies): AT&T Corp. | 2. Name and address of receiving party(ies) Name: Zoetics, Inc. |
| Additional name(s) of conveying party(ies) attached? ☐ Yes ☑ No | Internal Address: _____ |

**3. Nature of conveyance:**

☑ Assignment        ☐ Merger

☐ Security Agreement   ☐ Change of Name

☐ Other_____

Execution Date: June 6, 2002

Street Address: 270 Lafayette Street

City: New York   State: NY   Zip: 10012

Additional name(s) & address(es) attached? ☐ Yes ☑ No

**4. Application number(s) or patent number(s):**

If this document is being filed together with a new application, the execution date of the application is:_____

A. Patent Application No.(s) 09/884,646        B. Patent No.(s) 5,930,479

Additional numbers attached? ☐ Yes ☑ No

| 5. Name and address of party to whom correspondence concerning document should be mailed: | 6. Total number of applications and patents involved: ☐ 1 |
| Name: David V. Radack, Esq. | 7. Total fee (37 CFR 3.41)............$ 80.00 |
| Internal Address:_____ | ☐ Enclosed |
| Eckert Seamans Cherin & Mellott, LLC | ☑ Authorized to be charged to deposit account |
| Street Address: 600 Grant Street, 44th Floor | 8. Deposit account number: 02-2556 |
| City: Pittsburgh   State: PA   Zip: 15219 | |

**DO NOT USE THIS SPACE**

9. Signature.

Nancy Bayne

Name of Person Signing        Signature        July 30, 2003        Date

Total number of pages including cover sheet, attachments, and documents: ☐ 3

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments
Washington, D.C. 20231

700038430

**PATENT REEL: 013835 FRAME: 0771**

)/2003 16:45 FAX 412 566 6099        ECKERT SEAMANS                    ☑005



## Schedule D
## Patent Assignment

This Assignment of Patent is by and between AT&T Corp., a New York Corporation with an office located at 32 Avenue of the Americas, New York, New York 10013-2412 ("Assignor") and Zoetics, Inc. ("Zoetics"), having an office at 270 Lafayette Street, New York, New York 10012 ("Assignee").

WHEREAS, Assignor is the owner of all right, title, and interest in and to U.S. Patent No. 5,930,479 and pending U.S Application No. 09/884,646 (the "Patents").

WHEREAS, Assignee is desirous of acquiring all right, title, and interest in and to the Patents.

NOW THEREFORE, for good and valuable consideration, receipt and adequacy of which are hereby acknowledged, and intending to be legally bound hereby, Assignor hereby assigns to Assignee any and all of Assignor's right, title and interest in and to the Patents, including any division and continuation hereof and all corresponding foreign applications and patents, and Assignor hereby authorizes the Commissioner of Patents and Trademarks to issue any said United States Letters Patents that relate to the Patent to said Assignee, as the Assignee of the whole right, title and interest thereto.

IN WITNESS WHEREOF, Assignor has cause this Patent Assignment to be executed in a manner appropriate thereto effective as of ___June  6___, 2002.

ASSIGNOR                                    ASSIGNEE

Given at Basking Ridge                      Accepted at _New York, New York_
New Jersey, USA
on ___June  6 ,2003___                      on _June 12, 2002_
AT&T Corp.                                   _at NY_

By: _[signature]_                           By: _[signature]_

Name: _John K. Kcovers_                     Name: _Joel D. Tucciarone_
Title: _IP Vice President_                  Title: _President_
Authorized Signatory                        Authorized Signatory

PATENT
REEL: 013835 FRAME: 0772

03 16:44 FAX 412 566 6099          ECKERT SEAMANS                    ☑002

PTO/SB/97   (12-07)
Approved for use through 8/30/03. OMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# ATTENTION: Assignment Recordation Services

(703) 306-5995

### Certificate of Transmission under 37 CFR 1.8

# TOTAL PAGES ATTACHED:  3

I hereby certify that this correspondence is being facsimile transmitted to the Patent and Trademark Office

on _____ July 30, 2003 _____.
                   Date

_____
                    Signature

Nancy Bayne
_____
Typed or printed name of person signing Certificate

Note:  Each paper must have its own certificate of transmission, or this certificate must identify each submitted paper.

Recordation Form Cover Sheet (two copies)

Assignment (one page)

Burden Hour Statement: This form is estimated to take 0.03 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

**RECORDED: 07/30/2003**

**PATENT
REEL: 013835 FRAME: 0773**

EXHIBIT 3

(Official Form 1) (12/03)

| FORM B1 | UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| Zoetics, Inc. | None |

| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
|---|---|
| None | N/A |

| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>11-2914259 | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>N/A |
|---|---|

| Street Address of Debtor (No. & Street, City, State, & Zip Code):<br>270 Lafayette<br>Suite 1202<br>New York, New York 10012 | Street Address of Joint Debtor (No. & Street, City, State, & Zip Code):<br>N/A |
|---|---|

| County of Residence or of the<br>Principal Place of Business:   New York | County of Residence or of the<br>Principal Place of Business: N/A |
|---|---|

| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
|---|---|

Location of Principal Assets of Business Debtor
(if different from street address above):

### Information Regarding the Debtor (Check the Applicable Boxes)

Venue (Check any applicable box)
- ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7   ☒ Chapter 11   ☐ Chapter 13 | |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9   ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other _____ | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-Business   ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business (Check all boxes that apply)** | ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Form EDC 2-020. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

| Statistical/Administrative Information (Estimates only)<br>♦   Debtor estimates that funds will be available for distribution to unsecured creditors.<br><br>   Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there<br>   will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 - $50,000 | $50,001-$100,000 | $100,001-$500,000 | $500,001-$1 million | $1,000,001-$10 million | $10,000,001-$50 million | $50,000,001-$100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**Estimated Debts**

| $0 - $50,000 | $50,001-$100,000 | $100,001-$500,000 | $500,001-$1 million | $1,000,001-$10 million | $10,000,001-$50 million | $50,000,001-$100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | **Name of Debtor(s):** Zoetics, Inc. | **FORM B1, Page 2** |
|---|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location Where Filed: None | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor: None | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

X _____
Signature of Attorney

B. Lane Hasler
Printed Name of Attorney for Debtor(s)   Bar ID Number 2355022

B. Lane Hasler, P.C.
Firm Name

4112 North Hermitage Ave., Suite 100, Chicago, IL 60613
Address

312-860-0551
Telephone Number

July 23, 2004
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code specified in this petition.

X _____
Signature of Authorized Individual

X Joel D. Tucciarone
Printed Name of Authorized Individual

President
Title of Authorized Individual

July 21, 2004
Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

### Exhibit "A"

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15 (d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit "B"

(To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)         Date

### Exhibit "C"

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

Form B4  (11/92)

| In re Zoetics, Inc. | | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims.  The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case.  The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidat-ed, disputed or subject to setoff | (5)<br><br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| AT&T Corp. | 180 Park Ave.<br>Bldg 104 Rm 2K34<br>Florham Park, NJ 07932<br>Attn: Thomas Frost<br>Tel: 973-360-7300 | Sale Contract | Disputed | $4,700,000 |
| Russell Brand | 1581 James Avenue<br>Redwood City, CA 94002<br>Tel: 415-806-3065 | Note Payable | | $1,500,000 |
| BDO Seidman | 330 Madison Avenue<br>New York, NY 10017<br>Attn: Vincent Flanagan<br>Tel: 212-885-8000 | Trade | Disputed | $287,284 |
| SBA | Disaster Area Office<br>360 Rainbow Blvd, 3rd Fl<br>Niagara Falls, NY 14303<br>Tel: 800-859-2955 | Note Payable | | $200,000 |

Form B4  (11/92)

| In re    Zoetics, Inc. | Case No.: |
|---|---|
| Debtor. | (If known) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquid-ated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| B. Scott Minerd | 128 Reef Mall Marina del Rey, CA 06840 Tel: 310-578-9279 | Guaranty/Contingent | | $132,701 |
| Arthur Trotman | 82 Shagbark Drive New Canaan, CT 06840 Tel: 203-996-0494 | Note Payable | | $100,000 |
| Henry Syvertsen | 379 Old Sachems Head Rd Guilford, CT 06437 Tel: Not Available | Guaranty/Contingent | | $70,425 |
| Murray Klein | 70 East 77th St., Apt. 7C New York, NY 10011 Tel: 212-717-7760 | Guaranty/Contingent | | $69,973 |

[zoe1013/19/ktm]

2

| In re    Zoetics, Inc. | Case No.: |
|---|---|
| Debtor. | (If known) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquid-ated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Eckert Seamans Chernin | 600 Grant Street, 44th Floor Pittsburgh, PA  15219 Tel: 215-851-8400 | Trade | | $69,000 |
| Taylor Nelson Sofres Intersearch | 410 Hersham Road Horsham, PA 19044 Tel: 215-442-9000 | Trade | | $54,000 |
| James M. Lane | c/o Devonwood Capital Partners, LLC 335 Madison Ave, 16th Fl New York, NY 10017 Tel: 212-366-8661 | Note Payable | | $50,000 |
| Impact-It, Inc. | 124A Lyman Road East Patchogue, NY 11772 Attn: Kevin Milani Tel: 631-869-5574 | Trade | | $44,365.12 |

[zoe1013/19/ktm]                                                        3

| In re    Zoetics, Inc. | Case No.: |
|---|---|
| Debtor. | (If known) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Batzel Palm-Leis | 9100 Wilshire Blvd Suite 700, W Tower Beverly Hills, CA 90212 Attn: Ellen Batzer Tel: 631-869-5574 | Trade | | $24,184.50 |
| Patrick Tighe | 123 Bank Street New York, NY 10014 Tel: 917-327-8609 | Wages | | $23,141 |
| Bob Plunkett Production | 15 Nottingham Road Bedford Hills, NY 10507 Attn: Bob Plunkett Tel: 914-216-8890 | Trade | | $19,879 |
| The Customer Equity Group SA Ltd. | 9 Hemlock Street Newlands 7700 South Africa Tel: 011-27-21-657-9629 | Trade | | $18,326.74 |

[zoe1013/19/ktm]

4

| In re | Zoetics, Inc. | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquid- ated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Long, Baker & Tishkoff LLP | 320 North Main St, Suite 100 Ann Arbor, MI 48104 Attn: Pete Long Tel: 734-663-8111 | Trade | | $18,013 |
| Health Pass | 4409 Park Breeze Ct. Orlando, FL 32808 Tel: 888-313-7277 | Trade | | $15,000 |
| Michael Oyster | 853 North Church St. Hampton, NJ 08827 Tel: 908-391-4595 | Wages | | $12,219 |
| Arising Internet Services | 133-25 37th Avenue Flushing, NY 11354 Attn: Jeff Huang Tel: 718-888-2800 | Trade | | $10,000 |

Date: _____     Zoetics, Inc.,   Debtor

By:
   Name: Joel D. Tucciarone
   Title:  President

### Declaration Under Penalty of Perjury on Behalf of a Corporation or Partnership

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing *List of Creditors Holding 20 Largest Unsecured Claims* and that it is true and correct to the best of my information and belief.

Date:_____

Signature: _____
         Joel D. Tuciarone, President

04-16747

ADP, Inc.
PO Box 9001006
Louisville, KY  40290-1006

Andrew F. Blumenthal
250 West 57th Street, Suite 332
New York, NY 10107

Arising Internet Services, Inc.
133-25 37th Ave
Flushing, NY 11354

Arthur E. Trotman
82 Shagbark Drive
New Canaan, CT 06840

AT&T Corp.
180 Park Ave. Bldg 104 Rm 2K34
Florham Park, NJ 07932

B. Scott Minerd
128 Reef Mall
Marina del Rey, CA 90292

Batzel Palm-Leis
9100 Wilshire Blvd, Suite 700 W Tower
Beverly Hills, CA 90212-3415

BDO Seidman, LLP
330 Madison Avenue
New York, NY 10017-5001

Bill Harvey Consulting, Inc.
144A Mountain Rest Road
New Paltz, NY 12561

Bob Plunkett Production
15 Nottingham Road
Bedford Hills, NY 10507

Bosworth, Gray & Fuller
116 Kraft Avenue
Bronxville, NY 10708-4185

Chick Chack Messenger Inc.
143 West 20th Street

New York, NY 10011

CMCS, LLC
458 St. Clair Way
Eagle Point, OR 97524

Cognito Inc.
13 East 16th Street
New York, NY 10003

Cohen, Doren, Haviaris & Co LLP
2770 Kennedy Boulevard
Jersey City, NJ 07306

Coradon Consulting Inc.
6 E 22 Suite 108
Tulsa, OK  74114

Court Square Leasing Corp
PO Box 17625
Baltimore, MD 21297-1625

Custom Staffing, Inc.
420 Lexington Avenue
New York, NY 10170

De Vries Design & Technology
138 Station Road
Hudson, NY 12534

DeWitt Stern Group, Inc.
420 Lexington Avenue
New York, NY 10170

Eckert Seamans Cherin & Mellott
600 Grant Street, 44th Floor
Pittsburgh, PA  15219

Elliegraphics, Ltd
137 Varick Street
New York, NY 10013

Expanets Inc
5 Wood Hollow Road, 2nd Floor
Parsippany, NJ  07054-2899

Four Star General Cleaning Cor
19 West 21st Street, Suite #601A

New York, NY 10010

Frank W. Rickey
401 Bowling Ave., #101
Nashville, TN 37205

Fross Zelnick Lehrman & Zissu
866 United Nations Plaza
New York, NY 10017-6754

GEICO
One GEICO Plaza
Bethesda, MD 20810-0001

GK Associates
1248 Dorset Place
North Bellmore, NY 11710

Health Pass
4409 Park Breeze Ct.
Orlando, FL  32808-1021

Henry Syvertsen
379 Old Sachems Head Road
Guilford, CT 06437

Ikon Office Solutions
PO Box 31306
Hartford, CT 06150-1306

Impact-it, Inc.
124A Lyman Road
East Patchogue, NY 11772

I.O.S. Capital
PO Box 41564
Philadelphia, PA 19101-1564

James Lane
Devonwood Capital Partners, LLC
335 Madison Avenue, 16th Floor
New York, NY

Janice Weichman
6 Ledgewood Drive
Bedford, MA 01730

Joel Tucciarone, Sr.

26 Reservoir Avenue
Jersey City, NJ 07307

Joel David Tucciarone
270 Lafayette Street, Suite 1202
New York, NY 10012

John Cummings & Partners, LLC
6 Blair Road
Armonk, NY 10504

John DiGiacomo
One Pheasant Lane
Lloyd Harbor, NY 11743

Keepers Self Storage
New Bay Associates
157 First Street
Jersey City, NJ 07302

Lau & Associates
7701 Rockledge Ct.
Springfield, VA 22152

Levy LeGette Incorporated
420 Cherry Plain Hill Road
Cherry Plain, NY 12040

Linck Associates
5 Marigold Court
Princeton, NJ 08540

Long, Baker & Tishkoff LLP
320 North Main Street, Ste 100
Ann Arbor, MI 48104

Mark Swedlund
1495 Hurlbut
Sebastopol, CA 95472

Michael Oyster
853 Norton Church Road
Hampton, NJ 08827

Murray Klein
70 East 77th Street, Apt. 7C
New York, NY 10021

Naresh Malhotra
1956 Lenox Road, N.E.
Atlanta, GA 30306

National Reprographics
44 West 18th Street
New York, NY 10011-4694

Nitta Research Group
4900 N. Portland, Suite 150
Oklahoma City, OK 73112

Patrick J. Tighe
123 Bank Street, Apt#180
New York, NY 10014

Quick Print Micro
141 Grand Street, 2nd Floor
New York, NY 10013

Quill Corporation
PO Box 94081
Palatine, IL 60094-4081

Small Business Administration
Disaster Area office
360 Rainbow Blvd. S., 3rd Floor
Niagara Falls, NY 14303-1192

Taylor Nelson Sofres Intersearch
410 Hersham Road
Horsham, PA 19044-0189

The Customer Equity Co. SA Ltd.
9 Hemlock Street
Newlands 7700 South Africa

The Leading Edge Group BTA Inc.
2171 Jericho Turnpike
Commack, NY 11725

Thomson & Thomson, Inc.
500 Victory Road
North Quincy, MA 02171-3145

Town Car Executive Car & Limousine Service
3636 33rd Street
Long Island City, NY 11106

United Burglar Alarm, Inc.
205 West Houston Street
New York, NY 10014

Verizon
PO Box 15124
Albany, NY 12212-5124

Verizon Wireless
PO Box 489
Newark, NJ 07101-0489

Vicki de Vries
PO Box 2614
Briarcliff Manor, NY 10510

Viking Office Products
PO Box 1052
East Windsor, CT 06088

ZoEmail, LLC.
270 Lafayette, Suite 1202
New York, NY 10012

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                             :

In re:                                    :

                                    : Chapter 11

ZOETICS, INC.                    :

                 Debtor.       : Case No.

                                      :

--------------------------------------------------------------:

### DEBTOR'S AFFIDAVIT UNDER LOCAL RULE 1007-2

1.    On October 19, 2004 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11, title 11, United States Code (11 U.S.C. §101, et. seq., hereinafter, the "Bankruptcy Code"). The Debtor is currently operating its business as a debtor-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

2.    The Debtor has two lines of business, first the design and implementation of internet-based marketing programs for third party companies and second an investment in Zoemail LLC, a company which has developed software products designed to block unwanted electronic mail (also known as "spam").

3.    The Debtor's anti-spam software product utilizes patented technology purchased by the Debtor from AT&T Corporation under an Intellectual Property License Agreement, dated as of May 13, 2002. Pursuant to the License Agreement, the Debtor was obligated to pay the purchase price in stated installments. The

Debtor failed to make certain of those payments resulting in a notice of default being delivered by AT&T Corp.

4.   The Debtor sought relief under chapter 11 of the Bankruptcy Code in response to an imbalance in its capital structure and an inability to pay all its debts as they became due.   The development of the anti-spam software by Zoemail, LLC took longer than originally expected resulting in a significant period of capital expenditures with no corresponding revenue. The anti-spam software has been completed and reached the market with much acclaim in the industry and general media.   However, the delay in bringing the product to market left the Debtor unable to service its obligation to AT&T Corp.   The Debtor undertook every effort to restructure its obligation to AT&T Corp. but was unable to obtain a viable solution.   As a consequence, the Debtor believes that the best opportunity for a successful reorganization of its business is through a restructuring of its obligations and the generation of revenue from the sale of its anti-spam software in the ordinary course of its business.

5.   This case was commenced under chapter 11 of Title 11 of the United States Code.

6.   No committee of creditors was organized prior to the Petition Date.

7.   A schedule of the holders of the 20 largest unsecured claims against the Debtor, excluding insiders, is attached as Exhibit A.

8.   The Debtor has one secured creditor holding $94,700 in secured claims.

9.   As of July 21, 2004, the Debtors had total liabilities of approximately $8,000,000 and total assets of approximately $5,000,000.

10.  The Debtor has no publicly held securities.

11.  The Debtor has no property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee or rents or secured creditor or agent for any such entity.

12.  The Debtor conducts its business from offices leased at 270 Lafayette, Suite 1202, New York, NY 10012.  The Debtor does not own, lease or hold under any arrangement any other real property.

13.  The Debtor's substantial assets, including its books and records, are located at its offices at 270 Lafayette, Suite 1202, New York, NY 10012.  The Debtor has no assets located outside the territorial limits of the United States.

14.  The Debtor has no actions or proceedings, pending or threatened, against it or its property where a judgment against the Debtor or a seizure of its property may be imminent.

-3-

15.    The Debtor's existing senior management is as follows:

        President:     Joel D. Tucciarone

        Secretary/
        Treasurer:    Joel Tucciarone, Sr.

who have held such positions since the Debtor's inception.

16.    The Debtor intends to continue to operate its business.

17.    The Debtor has 12 total employees.    The Debtor contracts with ADP Payroll Services which handles the bi-weekly payroll, including withholding taxes.    The Debtor estimates that the total payroll for the 30 day period after the Petition Date will be approximately $44,500.

18.    The Debtor estimates the amount paid and proposed to be paid for services for the 30 day period following the Petition Date to the following persons is as follows:

        (a) the Debtor's corporate officers, stockholders and directors - $5,000

        (b) the Debtor's financial or business consultants

        - $[N/A].

\*    \*    \*

-4-

19.  A schedule, for the 30 day period after the Petition Date, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, is attached as Exhibit B hereto.

IN WITNESS WHEREOF, I have hereunto set my hand this 18th day of October, 2004.

Joel D. Tucciarone
President
Zoetics, Inc.

Form B4 (11/92)

| In re Zoetics, Inc. | Case No.: |
|---|---|
| Debtor. | (If known) |

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquidat-ed, disputed or subject to setoff | (5)<br><br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| AT&T Corp. | 180 Park Ave.<br>Bldg 104 Rm 2K34<br>Florham Park, NJ 07932<br>Attn: Thomas Frost<br>Tel: 973-360-7300 | Sale Contract | Disputed | $4,700,000 |
| Russell Brand | 1581 James Avenue<br>Redwood City, CA 94002<br>Tel: 415-806-3065 | Note Payable | | $1,500,000 |
| BDO Seidman | 330 Madison Avenue<br>New York, NY 10017<br>Attn: Vincent Flanagan<br>Tel: 212-885-8000 | Trade | Disputed | $287,284 |
| SBA | Disaster Area Office<br>360 Rainbow Blvd, 3rd Fl<br>Niagara Falls, NY 14303<br>Tel: 800-859-2955 | Note Payable | | $200,000 |

Form B4   (11/92)

| In re    Zoetics, Inc. | Case No.: |
|------------------------|-----------|
| Debtor. | (If known) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|-----|-----|-----|-----|-----|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| B. Scott Minerd | 128 Reef Mall<br>Marina del Rey, CA 06840<br>Tel: 310-578-9279 | Guaranty/Contingent | | $132,701 |
| Arthur Trotman | 82 Shagbark Drive<br>New Canaan, CT 06840<br>Tel: 203-996-0494 | Note Payable | | $100,000 |
| Henry Syvertsen | 379 Old Sachems Head Rd<br>Guilford, CT 06437<br>Tel: Not Available | Guaranty/Contingent | | $70,425 |
| Murray Klein | 70 East 77th St., Apt. 7C<br>New York, NY 10011<br>Tel: 212-717-7760 | Guaranty/Contingent | | $69,973 |

| In re    Zoetics, Inc. | Case No.: |
|---|---|
| Debtor. | (If known) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Eckert Seamans Chernin | 600 Grant Street, 44th Floor Pittsburgh, PA 15219 Tel: 215-851-8400 | Trade | | $69,000 |
| Taylor Nelson Sofres Intersearch | 410 Hersham Road Horsham, PA 19044 Tel: 215-442-9000 | Trade | | $54,000 |
| James M. Lane | c/o Devonwood Capital Partners, LLC 335 Madison Ave, 16th Fl New York, NY 10017 Tel: 212-366-8661 | Note Payable | | $50,000 |
| Impact-It, Inc. | 124A Lyman Road East Patchogue, NY 11772 Attn: Kevin Milani Tel: 631-869-5574 | Trade | | $44,365.12 |

[zoe1013/19/ktm]                                3

| In re    Zoetics, Inc. | Case No.: | |
|---|---|---|
| Debtor. | | (If known) |

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Batzel Palm-Leis | 9100 Wilshire Blvd Suite 700, W Tower Beverly Hills, CA 90212 Attn: Ellen Batzer Tel: 631-869-5574 | Trade | | $24,184.50 |
| Patrick Tighe | 123 Bank Street New York, NY 10014 Tel: 917-327-8609 | Wages | | $23,141 |
| Bob Plunkett Production | 15 Nottingham Road Bedford Hills, NY 10507 Attn: Bob Plunkett Tel: 914-216-8890 | Trade | | $19,879 |
| The Customer Equity Group SA Ltd. | 9 Hemlock Street Newlands 7700 South Africa Tel: 011-27-21-657-9629 | Trade | | $18,326.74 |

| In re    Zoetics, Inc. | Case No.: |
|---|---|
| Debtor. | (If known) |

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| Long, Baker & Tishkoff LLP | 320 North Main St, Suite 100 Ann Arbor, MI 48104 Attn: Pete Long Tel: 734-663-8111 | Trade | | $18,013 |
| Health Pass | 4409 Park Breeze Ct. Orlando, FL 32808 Tel: 888-313-7277 | Trade | | $15,000 |
| Michael Oyster | 853 North Church St. Hampton, NJ 08827 Tel: 908-391-4595 | Wages | | $12,219 |
| Arising Internet Services | 133-25 37th Avenue Flushing, NY 11354 Attn: Jeff Huang Tel: 718-888-2800 | Trade | | $10,000 |

Date: _____        Zoetics, Inc.,  Debtor

                                      By: _____
                                           Name: Joel D. Tucciarone
                                           Title:  President

### Declaration Under Penalty of Perjury on Behalf of a Corporation or Partnership

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing *List of Creditors Holding 20 Largest Unsecured Claims* and that it is true and correct to the best of my information and belief.

Date:_____

Signature: _____
            Joel D. Tuciarone, President

Exhibit B

# Zoetics, Inc.

ESTIMATED 30-DAY FINANCIAL SUMMARY
October 19 – November 19, 2004

- Cash Receipts                    $79,000
- Cash Disbursements              76,500
  - Net                            $2,500
- Accounts Payable                 7,000
- Accounts Receivable             90,000

[zmlegal-c/21/ktm]

# EXHIBIT 4

Form B4  (11/92)

| In re Zoetics, Inc. | Case No.: 04-16747 |
|---|---|
| Debtor. | (If known) |

## AMENDED LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| AT&T Corp. | 180 Park Ave. Bldg 104 Rm 2K34 Florham Park, NJ 07932 Attn: Thomas Frost Tel: 973-360-7300 | Sale Contract | Disputed | $4,700,000 |
| BDO Seidman | 330 Madison Avenue New York, NY 10017 Attn: Vincent Flanagan Tel: 212-885-8000 | Trade | Disputed | $287,284 |
| SBA | Disaster Area Office 360 Rainbow Blvd, 3rd Fl Niagara Falls, NY 14303 Tel: 800-859-2955 | Note Payable | | $200,000 |
| B. Scott Minerd | 128 Reef Mall Marina del Rey, CA 06840 Tel: 310-578-9279 | Guaranty/Contingent | | $132,701 |
| Arthur Trotman | 82 Shagbark Drive New Canaan, CT 06840 Tel: 203-996-0494 | Note Payable | | $100,000 |
| Henry Syvertsen | 379 Old Sachems Head Rd Guilford, CT 06437 Tel: Not Available | Guaranty/Contingent | | $70,425 |
| Murray Klein | 70 East 77th St., Apt. 7C New York, NY 10011 Tel: 212-717-7760 | Guaranty/Contingent | | $69,973 |

| In re    Zoetics, Inc. | Case No.: 04-16747 |
|---|---|
| | |

Form B4+

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>Name of creditor and complete mailing address including zip code | (2)<br><br>Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br><br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br><br>Indicate if claim is contingent, unliquid-ated, disputed or subject to setoff | (5)<br><br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| Eckert Seamans Chernin | 600 Grant Street, 44th Floor<br>Pittsburgh, PA  15219<br>Tel: 215-851-8400 | Trade | | $69,000 |
| Taylor Nelson<br>Sofres Intersearch | 410 Hersham Road<br>Horsham, PA 19044<br>Tel: 215-442-9000 | Trade | | $54,000 |
| James M. Lane | c/o Devonwood Capital Partners, LLC<br>335 Madison Ave, 16th Fl<br>New York, NY 10017<br>Tel: 212-366-8661 | Note Payable | | $50,000 |
| Impact-It, Inc. | 124A Lyman Road<br>East Patchogue, NY 11772<br>Attn: Kevin Milani<br>Tel: 631-869-5574 | Trade | | $44,365.12 |
| Michael Oyster | 853 North Church St.<br>Hampton, NJ 08827<br>Tel: 908-391-4595 | Wages | | $33,378 |
| Batzel Palm-Leis | 9100 Wilshire Blvd<br>Suite 700, W Tower<br>Beverly Hills, CA 90212<br>Attn: Ellen Batzel<br>Tel: 631-869-5574 | Trade | | $24,184.50 |
| Patrick Tighe | 123 Bank Street<br>New York, NY 10014<br>Tel: 917-327-8609 | Wages | | $23,141 |

Form B4+

In re   Zoetics, Inc.

Debtor.                                              Case No.: 04-16747

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
| The Customer Equity Group SA Ltd. | 9 Hemlock Street<br>Newlands 7700 South Africa<br>Tel: 011-27-21-657-9629 | Trade | | $18,326.74 |
| Levy LeGette Incorporated | 420 Cherry Plain Hill Rd<br>Box 114<br>Cherry Plain, NY 12040<br>Tel: 518-658-2220 | Trade | | $17,500 |
| Frank Rickey | 401 Bowling Ave. #101<br>Nashville, TN 37205<br>Tel: 615-298-9978 | Trade | | $15,391 |
| Long, Baker & Tishkoff LLP | 320 North Main St, Suite 100<br>Ann Arbor, MI 48104<br>Attn: Pete Long<br>Tel: 734-663-8111 | Trade | | $14,311 |
| Arising Internet Services | 133-25 37th Avenue<br>Flushing, NY 11354<br>Attn: Jeff Huang<br>Tel: 718-888-2800 | Trade | | $10,000 |
| Nitta Research Group | 4900 N. Portland, Suite 150<br>Oklahoma City, OK 73112<br>Tel: 405-525-3517 | Trade | | $10,000 |
| Bob Plunkett Production | 15 Nottingham Road<br>Bedford Hills, NY 10507<br>Attn: Bob Plunkett<br>Tel: 914-216-8890 | Trade | | $9,879 |
| Linck Associates | 5 Marigold Court<br>Princeton, NJ 08540<br>Tel: 732-365-1785 | Trade | | $8,683 |

Form B4+

| | | | |
|---|---|---|---|
| Bosworth, Gray & Fuller | 116 Kraft Avenue<br>Bronxville, NY 10708-4185<br>Tel: 914-337-3626 | Trade | $7,000 |

Form B4+

| In re   Zoetics, Inc. | Case No.: | |
|---|---|---|
| Debtor. | | (If known) |

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |

Date: _____2/15/05_____

Zoetics, Inc.,   Debtor

By: _____

Name: Joel D. Tucciarone

Title:  President

Form B4+

## Declaration Under Penalty of Perjury on Behalf of a Corporation or Partnership

I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing *List of Creditors Holding 20 Largest Unsecured Claims* and that it is true and correct to the best of my information and belief.

Date: _____2/15/05_____

Signature: _____
          Joel D. Tucciarone, President

EXHIBIT 5

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————x

In re

      ZOETICS, INC.

                              Case No. 04-16747

                              Chapter 11

              Debtor.
————————————————————x

ORDER ESTABLISHING DEADLINE FOR PROOFS OF CLAIM
AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

      Upon the motion of Zoetics, Inc. (the "Debtor") dated February 14, 2006 (the "Motion"),

seeking entry of an order pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule")

3003(c)(3) fixing a deadline (the "Bar Date") for filing proofs of claim and establishing procedures for

filing proofs of claim and approving the form and manner of service thereof, and it appearing that the

relief requested is in the best interest of the Debtor, its estate and creditors that adequate notice has

been given and that no further notice is necessary; and after due deliberation and sufficient cause

appearing therefor, it is

      **ORDERED,** that except as otherwise provided herein, all persons and entities, (including,

without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units)

that assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor which arose on

or prior to the filing of the Chapter 11 petition on October 20, 2004 (the "Filing Date"), shall file a proof

of such claim in writing so that it is received on or before May 1, 2006, at 5:00 P.M. Eastern Time; and

it is further

      **ORDERED,** that the following procedures for the filing of proofs of claim shall apply:  (a)

Proofs of claim must conform substantially to Form No.10 of the Official Bankruptcy Forms;

(b)     Proofs of claim must be filed by mailing the original proof of claim to the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Customs House, One Bowling Green, Room 534, New York, New York 10004-1408;

(c)     Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d)     Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency;

**ORDERED,** that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)     Any person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)     Any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules ;

(c)     Any holder of a claim that heretofore has been allowed by order of this Court;   (d) Any person or entity whose claim has been paid in full by the Debtor;

(e)     Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)     Any holder of a claim allowable under § 503(b) and § 507(a) of the Bankruptcy Code as an expense of administration;

(h)     Any officer, director, employee or agent of the Debtor whose claim is for indemnification, contribution or reimbursement:

(i)     Any claim against a non-Debtor affiliate; and it is further

2

**ORDERED,** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED,** that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED,** that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

**ORDERED,** that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules; and it is further

**ORDERED,** that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED,** that a copy of the Notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

3

(a)    the United States Trustee;

(b)    all members of the Official Committee of Unsecured Creditors;

(c)    all persons or entities that have requested notice of the proceedings in the Chapter 11 case;

(d)    all persons or entities that have filed claims;

(e)    all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding Claims;

(f)    all parties to executory contracts and unexpired leases of the Debtor;

(g)    all parties to litigation with the Debtor;

(h)    the Internal Revenue Service for the Southern District of New York; and

(i)    such additional persons and entities as deemed appropriate by the Debtor;

and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED,** that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
      March 2, 2006

                    _s/ James M. Peck_
                    UNITED STATES BANKRUPTCY JUDGE

EXHIBIT

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
————————————————————x

In re

     **ZOETICS, INC.**

                                   **Case No. 04-16747**

                                   **Chapter 11**

                **Debtor.**
————————————————————x

NOTICE OF DEADLINE REQUIRING
FILING OF PROOFS OF CLAIM
ON OR BEFORE MAY 1, 2006

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ZOETICS, INC.

     The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing May 1, 2006 at 5:00 p.m. (Eastern Time) (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against Zoetics, Inc., the debtor in the above-captioned case.

     The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to October 20, 2004, the date on which the Debtor filed its case under chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

**1. WHO MUST FILE A PROOF OF CLAIM**

     You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to October 20, 2004 (the "Filing Date"), and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior

to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2. WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 10, a form of which accompanies this Notice. Additional proof of claim forms may be obtained at www.uscourts.gov/bankform.

All proof of claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**3. WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received on or before May 1, 2006 at 5:00 p.m. (Eastern Time) at the following address: United States Bankruptcy Court Southern District of New York One Bowling Green, Room 534 New York, NY 10004-1408.

Proofs of claim will be deemed filed only when received by the Bankruptcy Court on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

## 4. WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or prior to the Bar Date if you are:

(a)     Any person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)     Any person or entity whose claim is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules ;

(c)     Any holder of a claim that heretofore has been allowed by order of this Court;   (d) Any person or entity whose claim has been paid in full by the Debtor;

(e)     Any holder of a claim for which specific deadlines have previously been fixed by this Court;

(f)     Any holder of a claim allowable under § 503(b) and § 507(a) of the Bankruptcy Code as an expense of administration;

(h)     Any officer, director, employee or agent of the Debtor whose claim is for indemnification, contribution or reimbursement:

(i)     Any claim against a non-Debtor affiliate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believe that you have a claim against the Debtor.

3

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before March 1, 2006, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, you must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THIS CASE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

7.     **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.   Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

4

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website @ http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center @ http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 A.M. and 4:30 P.M., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408. Copies of the Debtors' Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York
      February \_\_, 2006

### BY ORDER OF THE COURT

<u>Attorneys for the Debtor</u>

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel:  212-837-7977
Fax: 212-837-7922

EXHIBIT 6

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re

      ZOETICS, INC.

                              Case No. 04-16747

                              Chapter 11

                    Debtor.
-----------------------------------------------------x

## SUPPLEMENT TO MOTION FOR ORDER EXTENDING DEBTOR IN POSSESSIONS' EXCLUSIVE RIGHT TO FILE PLAN OF REORGANIZATION AND SEEK CONFIRMATION THEREOF

        Zoetics, Inc., as debtor and debtor in possession herein (the "Debtor"), hereby

supplements its Motion for an order under Section 1121(d) of Title 11 of the United States

Code (the "Bankruptcy Code") extending the period under Section 1121 (b) of the

Bankruptcy Code during which it has the exclusive right to propose and seek confirmation

of a plan of reorganization which was filed on October 14, 2005 (the "Motion"), and

respectfully states:

<u>SUPPLEMENT TO RELIEF REQUESTED</u>

        1.      By the Motion, the Debtor requested an order under Section 1121(d) of the

Bankruptcy Code extending the exclusive period under Section 1121(b) for it to file a plan

of reorganization to and including March 31, 2006 such an order having the effect of also

extending the period during which the Debtor has the exclusive right to seek confirmation of

such plan of reorganization.

        2.      The Motion was filed at a time when this case was pending before the

Honorable Prudence Carter Beatty.   The Motion was not set for hearing due to Judge Beatty's schedule and related issues.

3.      This case has now been reassigned to the Honorable James M. Peck. The Debtor desires to refocus the plan process by setting a final deadline for it to file a plan of reorganization and seek confirmation thereof. In order to do so, the Debtor needs to fix a bar date for filing claims and has filed a motion requesting an order so fixing May 1, 2006 as the bar date. After passage of the bar date, the Debtor will require a period of time to review claims, negotiate resolutions of dispute claims and file objections to unresolved claims.   The results of the claim process will also need to be incorporated into the disclosure statement. The Debtor asserts that it can manage the claims process and have a plan of reorganization on file by June 30, 2006.

4.      By this Supplement, the Debtor requests that its exclusive period to file a plan be extended to June 30, 2006 and its exclusive right to solicit acceptances thereof be extended to September 30, 2006.

5.      The Debtor intends to complete its chapter 11 reorganization in 2006 and believes that the modification to the relief requested in the Motion is appropriate given the history of this case.   The Debtor does not intend to seek any further extensions.

## NOTICE

6.      Notice of this Supplement has been given to the Office of the United States Trustee, the Official Committee of Unsecured Creditors and AT&T Corporation.


WHEREFORE, the Debtor respectfully requests this Court to enter an order

2

extending the exclusive period during which the Debtor may file a plan of reorganization to and including June 30, 2006 and the period during which the Debtor may seek confirmation of such a plan of reorganization to September 30, 2006 and granting such other and further relief as is just and appropriate.

Dated: February 13, 2006

       Respectfully submitted,

       **ZOETICS, INC.**

       By: s/ B. Lane Hasler      
         B. Lane Hasler (BLH7568)

       One of Its Attorneys

<u>Attorneys for the Debtor</u>

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977
Fax: 212-837-7922

# EXHIBIT 7

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: **ZOETICS, INC** | Case Number: **04-16747 (JMP)** <br> Chapter 11 | |
|---|---|---|

NOTE:   This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503

| Name of Creditor (The person or other entity to whom the debtor owes money or property): <br> **AT&T Corp.** <br><br> Name and Address where notices should be sent: <br> **\*\*See Attached Rider\*\*** | ☐   Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br> ☐   Check box if you have never received any notices from the bankruptcy court in this case. <br> ☐   Check box if the address differs from the address on the envelope sent to you by the court. <br> THIS SPACE IS FOR COURT USE ONLY |
|---|---|

| Account or other number by which creditor identifies debtor: | Check here if <br> if this claim | ☐ replaces <br> ☐ amends | a previously filed claim, dated _____ |
|---|---|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☑ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other _Intellectual Property Agreement_

- ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
- ☐ Wages, salaries, and compensation (fill out below) <br> Last four digits of SS#: _____ <br> Unpaid compensation for services performed <br> from _____ to _____ <br>      (date)        (date)

**2. Date debt was incurred: May 13, 2002**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**
$0    $4.7 million (plus interest & costs)    $0    $4.7 million (plus interest & costs)
(unsecured)    (secured)    (priority)    (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges (will be provided upon request).

**5. Secured Claim.**
- ☑ Check this box if your claim is secured by collateral (including a right of setoff).
  Brief Description of Collateral:
  - ☐ Real Estate   ☐ Motor Vehicle
  - ☑ Other _Interest in Intellectual Property_
  Value of Collateral:
  $_____ _Undetermined_
  Amount of arrearage and other charges _at time case filed_ included in secured claim, if any:    $_____

**6. Unsecured Non-Priority Claim $ _____**
- ☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
- ☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority $_____
  Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,650)\* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
- ☐ Up to $2,100\* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. §507(a)(7).
- ☐ Taxes or penalties owed to government units - 11 U.S.C. §507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).
\* _Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment._

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
APR 11 2006
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

| Date: <br> ~~March~~ , 2006 <br> _april 5, 2006_ | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br> By: _Joseph M Sommer_ <br> Joseph Sommer <br> AT&T Corp. |
|---|---|

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| ZOETICS, INC. | Case No. 04-16747 (JMP) |
| Debtor. | Chapter 11 |

## RIDER TO PROOF OF CLAIM OF AT&T CORP.

I.    CLAIMANT

1.    AT&T Corp. currently maintains an office at One AT&T Way, Bedminster, New Jersey 07921 and files this claim (the "Claim") as a creditor against Zoetics, Inc. ("Zoetics").

II.    AMOUNT OF AND BASIS FOR CLAIM

2.    As of October 20, 2004 (the "Petition Date"), Zoetics is indebted to AT&T Corp. in the aggregate amount of $4.7 million (plus interest and costs) arising in connection with an agreement between AT&T Corp. and Zoetics, titled Intellectual Property Agreement, dated as of May 13, 2002. The Claim is secured pursuant to a certain Security Agreement between AT&T Corp. and Zoetics, dated as of June 12, 2002.

III.    JUDGMENTS

3.    No judgment has been rendered in respect of the Claim.

IV.    ATTACHMENTS

4.    The documents on which the Claim is founded are confidential and are not attached to this Proof of Claim. Zoetics is in possession of all documents related to and arising



from the Claim. In addition, Zoetics may obtain additional copies of such documents upon written request to: Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Vincent A. D'Agostino, Esq. and Eric H. Horn, Esq. Copies will be provided to the Bankruptcy Court, under seal, if so requested.

## V.  RESERVATION OF RIGHTS

5.    AT&T Corp. reserves the right to, among other things, (i) amend, update and/or supplement this Claim at any time and in any respect, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documentation, (iii) seek to exercise any right of setoff and/or recoupment it may have under applicable law, (iv) file a request for payment of administrative expenses in accordance with sections 503 and 507 of the Bankruptcy Code, and (v) seek an order of this Court compelling Zoetics to continue performance under the Intellectual Property Agreement.

6.    The filing of this Claim is: (i) without prejudice to AT&T Corp.'s filing of additional proofs of claim; (ii) not a waiver or release of AT&T Corp.'s rights against any person, entity or property; (iii) is not an election of remedy; and (iv) not a waiver of any past, present or future defaults or events of default.

VI.   NOTICE

    7.   All notices to AT&T Corp. in respect to this Claim shall be sent to:

AT&T Corp.
One AT&T Way
Room 3A240
Bedminster, New Jersey  07921-0752
Attn: Susan McHale-McGahan, Esq.

-and-

Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey  07068
Attn:   Vincent A. D'Agostino, Esq.
         Eric H. Horn, Esq.

# EXHIBIT 8

**B. Lane Hasler, P.C.**
**80 Broad Street**
**5th Floor**
**New York, NY 10004**
**Tel: 212-837-7977**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

       ZOETICS, INC.

                        Case No. 04-16747 (PCB)

                        Chapter 11

               Debtor.
-------------------------------------------------------x

### MOTION FOR ORDER EXTENDING DEBTOR IN POSSESSION'S EXCLUSIVE RIGHT TO FILE PLAN OF REORGANIZATION AND SEEK CONFIRMATION THEREOF

       Zoetics, Inc., as debtor and debtor in possession herein (the "Debtor"), for its Motion

for an order under Section 1121(d) of Title 11 of the United States Code (the "Bankruptcy

Code") extending the period under Section 1121 (b) of the Bankruptcy Code during which it

has the exclusive right to propose and seek confirmation of a plan of reorganization,

respectfully states:

### BACKGROUND

     A.    The Chapter 11 Filing

     1.    On October 20, 2004 (the "Petition Date"), the Debtor filed with this Court a

voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections

1107 and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and

manage its properties as debtor-in-possession.

     2.    On December 2, 2004, the Office of the United States Trustee appointed an

Official Committee of Unsecured Creditors (the "Committee").

     3.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates

for the relief requested herein are sections 105 and 1121 of the Bankruptcy Code.

B.    Current Business Operations

4.    The Debtor has two lines of business, the design and implementation of marketing and other business development programs for third party companies and second the development and sale of software products designed to block unwanted electronic mail (also known as "spam").

5.    The Debtor holds certain patent rights and other intellectual property which form the core of its business operations. The Debtor actively seeks to protect this intellectual property from infringement by third parties.

C.    Current Status of Case Administration

6.    The Debtor is current on all fees to the Office of the United States Trustee.

7.    The Debtor has no pending motions before the Court.

D.    Current Status of Plan of Reorganization

8.    The Debtor's first line of business, the marketing business, provides sufficient cash flow to support the Debtors operations including the second line of business, the software/intellectual property business.

9.    The Debtor's Plan of Reorganization is based upon realizing value from its Intellectual Property. The Debtor first focused its efforts on first seeking a license with certain significant parties which have infringed upon its intellectual property. The Debtor next retained - after obtaining an order of this Court - the patent enforcement firm of Niro Scavone Heller & Niro to further attempt a negotiated resolution of the infringement. After such efforts were rebuffed, the Debtor and the attorneys at Niro Scavone Heller & Niro made demand on certain significant parties to provide any justification for their use of the Debtor's intellectual property.

10.    The Debtor and the attorneys at Niro Scavone Heller & Niro have reviewed materials provided by the significant infringing parties purportedly justifying the infringement and have concluded that the Debtor's intellectual property is valid and no basis

2

exists to excuse the infringement. The Debtor is working with the attorneys at Niro Scavone Heller & Niro to prepare its complaint against certain significant parties which will seek damages in an amount sufficient to satisfy all claims plus interest.

11.    The Debtor seeks by this Motion seeks an extension of time to allow it to (a) file complaints against the significant parties; (b) complete discovery and (c) revisit potential resolutions of such actions prior to trial. The Debtor is fully prepared to take such actions through trial, but for the purposes of this motion for extension of exclusivity is focused on obtaining the appropriate amount of time to complete the next phase of the project which is to bring the actions, close the circle of knowledge, and see if the parties can reach an agreement based upon that knowledge base.

<div align="center">RELIEF REQUESTED</div>

12.    The Debtor request an order under Section 1121(d) of the Bankruptcy Code extending the exclusive period under Section 1121(b) for it to file a plan of reorganization to and including March 31, 2006 such an order having the effect of also extending the period during which the Debtor has the exclusive right to seek confirmation of such plan of reorganization.

13.    The Debtor believes that just cause exists for such extension of the exclusive period in that the Debtor is current on all of its obligations and is proceeding diligently to realize value from its intellectual property which will be sufficient to satisfy all its claims with interest. The ability to file a full payment plan will allow the Debtor to avoid the potentially significant costs and delays attendant to the confirmation process for a contested plan. Such cost savings inure to the benefit of the Debtor's estate and creditors and the avoidance of a contested plan process will save judicial resources.

<div align="center">3</div>

•

## WAIVER OF MEMORANDUM OF LAW

14.    This Motion does not present any novel issues of law, accordingly, the Debtor respectfully requests that the requirement under Local Rule 9013-1 for a separate memorandum of law be waived.

## NOTICE

15.    Notice of this Motion has been given to the Office of the United States Trustee and the members of the Official Committee of Unsecured Creditors. No examiner or trustee has been appointed in this case at this time.

WHEREFORE, the Debtor respectfully requests this Court to enter an order extending the exclusive period during which the Debtor may file a plan of reorganization to and including March 31, 2005 and the period during which the Debtor may seek confirmation of such a plan of reorganization by a like period and granting such other and further relief as is just and appropriate.

Dated: October 14, 2005

Respectfully submitted,

**ZOETICS, INC.**

By:   s/ B. Lane Hasler
         B. Lane Hasler
         One of Its Attorneys
         BLH7568

Attorneys for the Debtor

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
80 Broad Street
5th Floor
New York, NY 10004
Tel: 212-837-7977
Fax: 212-837-7922

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

      ZOETICS, INC.

                              Case No. 04-16747 (PCB)

                              Chapter 11

                    Debtor.
-------------------------------------------------------x

## ORDER EXTENDING DEBTOR IN POSSESSION'S
## EXCLUSIVE RIGHT TO FILE PLAN OF REORGANIZATION
## AND SEEK CONFIRMATION THEREOF

Upon the motion dated October 14, 2005 (the "Motion") of Zoetics, Inc. (the

"Debtor"), as debtor in possession, for an order, pursuant to Bankruptcy Code section

1121(d), extending the exclusive period under Section 1121(b) of the Bankruptcy Code

during which the Debtor may file a plan of reorganization and the period during which the

Debtor may seek confirmation thereof; and it appearing that the relief requested is

appropriate given the circumstances of the case; and notice having been given to the United

States Trustee and to the members of the Official Committee of Unsecured Creditors; and in

light of the circumstances and the nature of the relief requested, it appearing no other notice

need be given; and sufficient cause appearing therefor, it is

ORDERED that the Motion be, and it hereby is, approved in all respects; and it is

further

ORDERED that the exclusive period during which the Debtor, as debtor in possession, may file a plan of reorganization is extended to and including March 31, 2005 and the period during which the Debtor may seek confirmation of such a plan of reorganization is extended by a like period.

Dated: New York, New York
      November ___, 2005

 

_____
United States Bankruptcy Judge

2

EXHIBIT 9

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

      ZOETICS, INC.

                  Case No. 04-16747 (CB)

                  Chapter 11

            Debtor.
-------------------------------------------------------x

**NOTICE OF PRESENTMENT OF
APPLICATION FOR ORDER AUTHORIZING DEBTOR
AND DEBTOR-IN-POSSESSION TO RETAIN AND EMPLOY
NIRO SCAVONE HALLER & NIRO
<u>AS SPECIAL INTELLECTUAL PROPERTY COUNSEL</u>**

TO THE PARTIES ON THE
ANNEXED SERVICE LIST:

        PLEASE TAKE NOTICE that an Application for Order Authorizing Debtor

and Debtor-in-Possession to Retain and Employ Niro Scavone Haller & Niro as Special

Intellectual Property Counsel for Zoetics, Inc., the debtor and debtor-in-possession in the

above-captioned Chapter 11 case (the "Debtor"), in accordance with Section 327(e) of Title

11 of the United States Code, 11 U.S.C. §§ 101, <u>et seq.</u>, as amended, and Rule 2014 of the

Federal Rules of Bankruptcy Procedure, a true and correct copy of which is annexed hereto

as Exhibit "A" (the "Application"), will be presented for signature to the Honorable

Cornelius Blackshear, United States Bankruptcy Judge, in his Chambers, Room 604,

Alexander Hamilton Customs House, One Bowling Green, New York, New York, 10004 at

10:00 a.m. on March 11, 2005.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested in the Application must be made in writing, must state with particularity the grounds therefor and must be filed with the Bankruptcy Court and served upon B. Lane Hasler, P.C., attorneys for the Debtor, 80 Broad Street, 5th Floor, New York, New York 10004, Attention: B. Lane Hasler, Esq., so as to be received no later than March 10, 2005 at 5:00 p.m.

PLEASE TAKE FURTHER NOTICE that, in the event objections to the relief sought in the Application are timely served and filed, a hearing to consider approval of the Application shall be held before the Honorable Cornelius Blackshear, United States Bankruptcy Judge, in his Courtroom, Room 601, Alexander Hamilton Customs House, One Bowling Green, New York, New York, 10004, on March 16, 2005 at 1:30 p.m.

Dated: February 25, 2005

ZOETICS, INC.

By: _____
B. Lane Hasler
One of Its Attorneys
BLH7568

Attorneys for the Debtor

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977
Fax: 212-837-7922

HS1INNotPresRet22505

## SERVICE LIST

<u>Office of the United States Trustee</u>

    Office of the United States Trustee
    Southern District of New York
    33 Whitehall Street, 21st Floor
    New York, New York 10004
    Attn: Pamela J. Lustrin

<u>Official Committee of Unsecured Creditors</u>

    Arthur E. Trotman
    82 Shagbark Drive
    New Canaan, CT 06840

    Batzel Palm-Leis
    27 Outrigger Street
    Marina Del Rey, CA 90292
    Attn: Ellen Batzel

    Michael Oyster
    853 North Church Road
    Hampton, NJ 08927

HSHNNotPresRet22505

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

    ZOETICS, INC.

            16747 (CB)

                              Case No. 04-

                            Chapter 11
                Debtor.
-------------------------------------------------------x

APPLICATION FOR ORDER AUTHORIZING DEBTOR
AND DEBTOR-IN-POSSESSION TO RETAIN AND EMPLOY
NIRO SCAVONE HALLER & NIRO
AS SPECIAL INTELLECTUAL PROPERTY COUNSEL

      Zoetics, Inc., the debtor and debtor-in-possession (the "Debtor"),
hereby applies (the "Application") to the Court, pursuant to Section 327(e) of
Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended (the
"Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure
("F.R.B.P.") for the entry of an Order authorizing the retention and
employment of Niro Scavone Haller & Niro as special intellectual property
counsel for the Debtor.  In support of this Application, the Debtor
respectfully represents as follows:

<div align="center">BACKGROUND</div>

    A.    The Chapter 11 Filing

    1.    On October 20, 2004 (the "Petition Date"), the Debtor filed with
this Court a voluntary petition for relief under chapter 11 of title 11 of the
United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy
Code").  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor
operates its business and manages its properties as debtor-in-possession.

    2.    On December 2, 2004, the Office of the United States Trustee
appointed an Official Committee of Unsecured Creditors (the "Committee").

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re

     ZOETICS, INC.

           16747 (CB)

                    Case No. 04-

                          Chapter 11
              Debtor.
-------------------------------------------------------x

**AFFIDAVIT OF DOUGLAS HALL IN ACCORDANCE WITH
SECTION 327 OF THE BANKRUPTCY CODE AND RULE 2014
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

    Douglas Hall, being duly sworn, deposes and says:

    1.    I am a member of the firm of Niro Scavone Haller & Niro, LLC ("Niro Scavone Haller & Niro"), located at 181 West Madison Street, Suite 4600, Chicago, Illinois 60602. I am admitted to practice, and am a member in good standing of the Bars of the State of Illinois and the United States District Court for the Northern District of Illinois.

    2.    I make this affidavit ("Affidavit") in support of the Application for Order Authorizing Debtor and Debtor-in-Possession to Retain and Employ Niro Scavone Haller & Niro as Special Intellectual Property Counsel for Zoetics, Inc., the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), in accordance with Section 327(e) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.").

    3.    Niro Scavone Haller & Niro is a Chicago-based law firm specializing in intellectual property law, particularly the enforcement of intellectual property rights. Niro Scavone Haller & Niro employs 29 full-time attorneys practicing in courts across the United States. Accordingly, Niro Scavone Haller & Niro possesses the requisite expertise and background to handle the enforcement of the Debtor's intellectual property rights.

4.    The Debtor has requested that Niro Scavone Haller & Niro render the following specialized legal services:

a.    advising the Debtor of its rights, powers and duties under federal, state, and local laws in regards to the Intellectual Property Rights;

b.    prosecuting enforcement actions regarding the Intellectual Property Rights including identification of potential infringers, negotiation of licensing agreements and or other resolutions of infringements, litigation of enforcement actions including any appeals therefrom, and all other legal services required to allow the Debtor to maximize the value of the Intellectual Property Rights;

c.    assisting the Debtor in connection with the formulation of a plan of reorganization and related documents; and

d.    performing all other legal services relating to matters for and on behalf of the Debtor that may be necessary or appropriate in regards to the Intellectual Property Rights.

5.    Niro Scavone Haller & Niro is willing to serve as special intellectual property counsel for the Debtor in this Chapter 11 case and to accept compensation for professional services rendered and reimbursement of expenses incurred in accordance an engagement agreement, dated February 22, 2005, with Niro Scavone Haller & Niro, which is the subject of a Motion to File Engagement Agreement Under Seal being filed simultaneously with the application to retain Niro Scavone Haller & Niro. Pursuant to the Engagement Agreement, Niro Scavone Haller & Niro has agreed to provide the legal services on a contingency fee basis, therefore, the Debtor will not be responsible for paying such fees unless monies are recovered from the infringers of the Intellectual Property Rights. Such contingency fee agreements are in accordance with the usual and customary billing practices of Niro Scavone Haller & Niro.

5.    Niro Scavone Haller & Niro will apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the F.R.B.P., and the Local Rules of the United States Bankruptcy Court for the Southern District of New York.    Such

2

applications will provide a description of the services rendered, the results obtained, and the basis for the fee due under the Engagement Agreement.

6.    The names and positions of the Niro Scavone Haller & Niro professionals presently expected to have primary responsibility for providing services to the Debtor are as follows: Paul K. Vickrey, Member; Douglas M. Hall, Member and Frederick C. Laney, Associate. In addition, from time to time, it may be necessary for other Niro Scavone Haller & Niro professionals to provide services to the Debtor.

7.    Prior to the Petition Date, Niro Scavone Haller & Niro did not render any legal services for or incur any expenses on behalf of the Debtor, therefore, it is not a creditor of the Debtor.    Niro Scavone Haller & Niro requests that it receive a retainer of $2,000 toward expenses.

8.    Neither I, Niro Scavone Haller & Niro, nor any member or associate thereof, insofar as I have been able to ascertain, hold or represent any interest adverse to the Debtor or its estate, creditors, or equity security holders.    From time to time, Niro Scavone Haller & Niro may have represented certain creditors and other parties in interest, or interests adverse to such creditors or parties in interest, in matters unrelated to the Debtor's Chapter 11 case.

9.    No promises have been received by Niro Scavone Haller & Niro or any member or associate thereof regarding compensation or reimbursement of expenses in connection with this Chapter 11 case other than as set forth in the Engagement Agreement.    Niro Scavone Haller & Niro has no agreement with any other entity to share with such entity any compensation received by Niro Scavone Haller & Niro in connection with this Chapter 11 case other than as set forth in the Engagement Agreement.

3

10.   I have advised the Debtor of Niro Scavone Haller & Niro's willingness to serve as its special intellectual property counsel. Niro Scavone Haller & Niro intends to charge for its legal services in this Chapter 11 case in accordance with its usual practice and charging for all expenses and disbursements necessarily incurred and customarily billed to its clients all in accordance with the Engagement Agreement.

11.   For the reasons set forth above, I and the other attorneys employed by Niro Scavone Haller & Niro are well qualified to act as special intellectual property counsel for the Debtor, and neither I, Niro Scavone Haller & Niro, nor any partner or associate of Niro Scavone Haller & Niro will, while employed by the Debtor, represent in connection with this Chapter 11 case any entity holding an interest adverse to the Debtor or its estate.

_____
Douglas Hall

Sworn to and Subscribed Before Me
this 2⁄9 day of February, 2005

_____
Notary Public
My Commission Expires on:

OFFICIAL SEAL
MARY C. MARTIN
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP. OCT. 6, 2008

4

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re

    ZOETICS, INC.               Case No. 04-16747 (CB)
                                Chapter 11

               Debtor.
------------------------------------------------------x

### CERTIFICATE OF SERVICE

    I, B. Lane Hasler, an attorney with B. Lane Hasler, P.C., certify on the
25th day of February, 2005, I instructed that the Notice of Presentment of
Application For Order Authorizing Debtor and Debtor-In-Possession to Retain
and Employ Niro Scavone Haller & Niro as Special Intellectual Property Counsel
which has as an attachment the Motion and related pleadings be served by
United States mail, first class postage pre-paid, on the following:

    Office of the United States Trustee

        Office of the United States Trustee
        Southern District of New York
        33 Whitehall Street, 21st Floor
        New York, New York 10004
        Attn: Pamela J. Luntrin

    Official Committee of Unsecured Creditors

        Arthur E. Trotman
        82 Shagbark Drive
        New Canaan, CT 06840

        Batzel Palm-Lois
        27 Outrigger Street
        Marina Del Rey, CA 90292
        Attn: Ellen Batzel

        Michael Oyster
        853 North Church Road
        Hampton, NJ 08927

                                 *B. Lane Hasler*
                                 B. Lane Hasler

**B. Lane Hasler, P.C.**
**80 Broad Street, 5th Floor**
**New York, NY 10004**
**Tel: 212-837-7977**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re

       ZOETICS, INC.

                     Case No. 04-16747 (CB)

                     Chapter 11

            Debtor.
-----------------------------------------------------x

### NOTICE OF PRESENTMENT OF
### MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION
### FOR AUTHORITY TO FILE ENGAGEMENT AGREEMENT
### WITH NIRO SCAVONE HALLER & NIRO UNDER SEAL

TO THE PARTIES ON THE
ANNEXED SERVICE LIST:

       PLEASE TAKE NOTICE that a Motion of Debtor and Debtor-In-Possession

For Authority to File Engagement Agreement With Niro Scavone Scavone Haller & Niro

Under Seal, a true and correct copy of which is annexed hereto as Exhibit "A" (the

"Motion"), will be presented for signature to the Honorable Cornelius Blackshear, United

States Bankruptcy Judge, in his Chambers, Room 604, Alexander Hamilton Customs House,

One Bowling Green, New York, New York, 10004 at 10:00 a.m. on March 11, 2005.

       PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief

requested in the Motion must be made in writing, must state with particularity the grounds

therefor and must be filed with the Bankruptcy Court and served upon B. Lane Hasler, P.C.,

attorneys for the Debtor, 80 Broad Street, 5th Floor,  New York, New York 10004, Attention:

B. Lane Hasler, Esq., so as to be received no later than March 10, 2005.

PLEASE TAKE FURTHER NOTICE that, in the event objections to the relief sought in the Motion are timely served and filed, a hearing *in camera* to consider approval of the Motion shall be held before the Honorable Cornelius Blackshear, United States Bankruptcy Judge, in his Courtroom, Room 601, Alexander Hamilton Customs House, One Bowling Green, New York, New York, 10004, on March 16, 2005 at 1:30 p.m.

Dated:  February 28, 2005

ZOETICS, INC.

By:_____
B. Lane Hasler
One of Its Attorneys
BLH7568

Attorneys for the Debtor

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977
Fax: 212-837-7922

HSHNNotPresSeal22305

2

SERVICE LIST

<u>Office of the United States Trustee</u>

> Office of the United States Trustee
> Southern District of New York
> 33 Whitehall Street, 21st Floor
> New York, New York 10004
> Attn: Pamela J. Lustrin

<u>Official Committee of Unsecured Creditors</u>

> Arthur E. Trotman
> 82 Shagbark Drive
> New Canaan, CT 06840
>
> Batzel Palm-Leis
> 27 Outrigger Street
> Marina Del Rey, CA 90292
> Attn: Ellen Batzel
>
> Michael Oyster
> 853 North Church Road
> Hampton, NJ 08927

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
In re

     ZOETICS, INC.

                        Case No. 04-16747 (CB)
                        Chapter 11
               Debtor.
---------------------------------------x

## MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION
## FOR AUTHORITY TO FILE ENGAGEMENT AGREEMENT
## WITH NIRO SCAVONE HALLER & NIRO UNDER SEAL

      Zoetics, Inc., the debtor and debtor-in-possession (the "Debtor"),

hereby moves (the "Motion") the Court for entry of an order, pursuant to

Sections 102 and 107(b) of Title 11 of the United States Code, 11 U.S.C. §§

101, et seq., as amended (the "Bankruptcy Code"), and Rules 2002 and 9018 of

the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") (a) authorizing the

Debtor to file under seal the Engagement Agreement, dated February 22, 2005,

between the Debtor and Niro Scavone Haller & Niro as special intellectual

property counsel for the Debtor (the "Engagement Agreement") and (b) requiring

that any hearing to be held on the Motion be held *in camera* in the presence of

a Court reporter.  In support of this Motion, the Debtor respectfully

represents as follows:

<div align="center">BACKGROUND</div>

     A.    The Chapter 11 Filing

     1.    On October 20, 2004 (the "Petition Date"), the Debtor filed with

this Court a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor

operates its business and manages its properties as debtor-in-possession.

     2.    On December 2, 2004, the Office of the United States Trustee

appointed an Official Committee of Unsecured Creditors (the "Committee").

3.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Sections 102 and 107(b) of the Bankruptcy Code and F.R.B.P. 2002 and 9018.

B.    <u>The Intellectual Property Rights</u>

4.    The Debtor holds certain patent rights and other intellectual property which form the core of its technology business operations, including United States Patent 5,930,479 (collectively, the "Intellectual Property Rights").  The Debtor actively seeks to protect the Intellectual Property Rights from infringement by third parties.

C.    <u>Niro Scavone Haller & Niro</u>

5.    The Debtor must retain the services of a firm with expertise in intellectual property litigation and one with the experience and resources to aggressively pursue parties infringing on the Debtor's Intellectual Property Rights.  The Debtor has determined that the firm Niro Scavone Haller & Niro is best suited to provide such enforcement services in respect of the Intellectual Property Rights and has filed an application to retain Niro Scavone Haller & Niro.

6.    The Debtor has entered into the Engagement Agreement with Niro Scavone Haller & Niro which agreement sets forth the relative rights and duties of the parties including the various compensation formulas.

<u>**Relief Requested**</u>

7.    The Debtor requests authority to file the Engagement Agreement under seal in connection with its application to retain Niro Scavone Haller & Niro and to require that any hearings dealing with the specific provisions of the Engagement Agreement be held *in camera*.

**Basis for Relief**

8.    The Engagement Agreement contains information regarding the rights and duties of the Debtor and Niro Scavone Haller & Niro, including the various compensation formulas which are dependent on the outcomes of enforcement actions. In order to prevent such information from being disclosed to the potential defendants of the actions to enforce the Debtor's Intellectual Property Rights, the Debtor submits that the standards required under sections 102 and 107(b) of the Bankruptcy Code are met and this Motion should be granted.

9.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect persons and entities from potential harm that may result for the disclosure of certain types of information. This section provides, in relevant part:

> On request of a party-in-interest, the bankruptcy court shall, and on the bankruptcy court's owen motion, the bankruptcy court may –
>
>> (1) protect an entity with respect to a trade secret or confidential research, development or commercial information

11 U.S.C. section 107(b). Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require a person or entity seeking protection to demonstrate "good cause". *See, e.g., Video Software Dealers Ass'n v./ Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). A party in interest is entitled to protection with respect to the categories of information described in section 107(b). Notwithstanding the foregoing, the Debtor believes that good cause exists in the present case given the potential significant detrimental impact disclosure would have on its efforts to enforce its Intellectual Property Rights.

10.    Bankruptcy Rule 9018 states the procedures to invoke the protections under section 107(b) and provides "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice

required (1) to protest the estate or any entity in respect of a trade secret or other confidential research, development or commercial information". F.R.B.P. 9018. The Debtor has so moved for protection of the Engagement Agreement and asserts that disclosure of its provisions to potential infringers of the Debtor's Intellectual Property Rights will undermine efforts to bring its estate and creditors just relief from such infringements.

11.   The Debtor requests that it be authorized to provide a copy of the Engagement Agreement to the Court and to the Office of the United States Trustee to be used in connection with the Debtor's application to retain Niro Scavone Haller & Niro as special intellectual property counsel, but such copies be covered by the order under this Motion and not be disclosed to third parties.

<u>NO PRIOR REQUEST</u>

12.   No previous motion for the relief sought herein has been made to this or any other Court.

<u>WAIVER OF MEMORANDUM OF LAW</u>

13.   This Motion does not present any novel issues of law, accordingly, the Debtor  requests that the requirement under Local Rule 9013-1 for a memorandum of law be waived.

<u>NOTICE</u>

14.   Notice of this Motion has been given to the Office of the United States Trustee, the members of the Committee and all parties having filed notices of appearance.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order in the form attached hereto as Exhibit A (a) granting the relief requested herein; and (b) granting such other relief as the Court deems just and proper.

Dated: February 28, 2005

                            Respectfully Submitted

                            ZOETICS, INC.

                            By: _____
                                B. Lane Hasler
                                One of Its Attorneys
                                BLH7568

Attorneys for the Debtor

B. Lane Hasler, Esq.
B. LANE HASLER, P.C.
80 Broad Street
5th Floor
New York, NY 10004
Tel:  212-837-7977
Fax: 212-837-7922

NSHNSeal22405                      5

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

In re

       ZOETICS, INC.

                                 Case No. 04-16747 (CB)

                                 Chapter 11

               Debtor.

-------------------------------------x

## ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO FILE
## ENGAGEMENT AGREEMENT WITH NIRO SCAVONE HALLER & NIRO UNDER SEAL

      This matter came on the Motion of Debtor and Debtor in Possession For Authority to File Engagement Agreement with Niro, Scavone Haller & Niro Under Seal (the "Motion") filed by Zoetics, Inc. (the "Debtor"). The Court having reviewed the Motion and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157, (c) the relief requested by the Debtor is in the best interests of the Debtor and its estate and creditors, and is authorized by Sections 102 and 107(b) of Title 11 of the United States Code and Rules 2002 and 9018 of the Federal Rules of Bankruptcy Procedure, (d) service of the Motion and Notice of Presentment of this Order was sufficient under the circumstances, just cause exists for granting the relief sought in the Motion, and (e) the Court otherwise being fully advised in the premises;

      IT IS HEREBY ORDERED that:

      1.    The Motion shall be, and hereby is, granted in all respects.

      2.    The Debtor shall be, and hereby are, authorized to file the Engagement Agreement, dated February 22, 2005, between the Debtor and  Niro

Scavone Haller & Niro under seal.

     3.    The Court and the Office of the United States Trustee shall be provided with a copy of the Engagement Agreement for use in reviewing the application to retain Niro Scavone Haller & Niro, but such copies shall remain confidential and shall not be disclosed to third parties.

Dated: New York, New York
       March ___, 2005


                                     _____
                                       UNITED STATES BANKRUPTCY JUDGE

B. Lane Hasler, P.C.
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-837-7977

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re

ZOETICS, INC.

Case No. 04-16747 (CB)
Chapter 11

Debtor.
------------------------------------------------------x

### CERTIFICATE OF SERVICE

I, B. Lane Hasler, an attorney with B. Lane Hasler, P.C., certify on the 25th day of February, 2005, I instructed that the Notice of Presentment of Motion of Debtor and Debtor-In-Possession For Authority to File Engagement Agreement With Niro Scavone Heller & Niro Under Seal which has as an attachment the Motion and related pleadings be served by United States mail, first class postage pre-paid, on the following:

Office of the United States Trustee

Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn: Pamela J. Lustrin

Official Committee of Unsecured Creditors

Arthur E. Trotman
82 Shagbark Drive
New Canaan, CT 06840

Batzel Palm-Leis
27 Outrigger Street
Marina Del Rey, CA 90292
Attn: Ellen Batzal

Michael Oyster
853 North Church Road
Hampton, NJ 08927

_B. Lane Hasler_
B. Lane Hasler

EXHIBIT 10

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x
In re

      ZOETICS, INC.

                                          Case No. 04-16747 (CB)
                                          Chapter 11

                        Debtor.
----------------------------------------------------x

### ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO RETAIN AND EMPLOY NIRO SCAVONE HALLER & NIRO AS SPECIAL INTELLECTUAL PROPERTY COUNSEL

      This matter came on the Application for Order Authorizing Debtor and Debtor-in-Possession

to Retain and Employ Niro Scavone Haller & Niro as Special Intellectual Property Counsel (the

"Application") filed by Zoetics, Inc. (the "Debtor"). The Court having reviewed the Application, the

Affidavit of Douglas Hall in Accordance with Section 327 of the Bankruptcy Code and F.R.B.P. 2014,

dated  February 25, 2005 (the "Hall Affidavit"), attached as Exhibit A to the Application, and the

Engagement Agreement, dated February 22, 2005, between the Debtor and Niro Scavone Haller &

Niro (the "Engagement Agreement"); the Court finding that: (a) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2), (c) the relief requested by the Debtor is in the best interests of the Debtor and its estate and

creditors, and is authorized by Section 327(e) of Title 11 of the United States Code, 11 U.S.C. §§

101, et seq., as amended (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "F.R.B.P."), (d) service of the Application, the Hall Affidavit and Notice of Presentment

of this Order was sufficient under the circumstances, just cause exists for granting the relief sought in the

Application, and (e) the Court otherwise being fully advised in the premises;

IT IS HEREBY ORDERED that:

1.    The Application shall be, and hereby is, granted in all respects.

2.    The Debtor shall be, and hereby are, authorized to retain and employ Niro Scavone Haller & Niro as its special intellectual property counsel in this Chapter 11 case, under Section 327(e) of the Bankruptcy Code.

3.    Niro Scavone Haller & Niro shall be, and hereby is, authorized to perform any and all legal services for the Debtor as described in the Application and that are related to intellectual property law and that are necessary or appropriate in connection with this Chapter 11 case.

4.    Niro Scavone Haller & Niro shall be compensated for such services and reimbursed for all actual, necessary and reasonable expenses or other disbursements incurred in connection with such services in accordance with the Engagement Agreement; provided, however, that the applications are submitted with time records which provide a description of the services rendered, the results obtained, and the basis for the fee due under the Engagement Agreement and such applications are approved by this Court in accordance with Sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rules and Local Rules any future orders of the Court.

6.    This Order is effective as of February 22, 2005.

Dated: New York, New York
        March 15, 2005

                                    /s/Cornelius Blackshear
                                    UNITED STATES BANKRUPTCY JUDGE

No Objection
Office of the United States Trustee

 /s/Pamela J. Lustrin (PJL-5890) 3/11/05

NSHNRetOrd22405                                    2

EXHIBIT 11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                       :

In re                              :

                              :       Case No. 04-16747

      ZOETICS, INC.                :       Chapter 11

                         :

              Debtor.         :

                              :

                              :
-----------------------------------------------------------------x

## STIPULATION AND AGREED ORDER
## WITHDRAWING ZOETICS, INC.'S DISCOVERY OF YAHOO! INC.
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004
## AND VACATING THE NOVEMBER 29, 2005 ORDER REGARDING SAME

WHEREAS, Zoetics, Inc., debtor and debtor-in-possession in the above-captioned case

("Debtor") having reached an agreement with Yahoo! Inc. ("Yahoo!") resolving discovery

requested by Debtor of Yahoo! under Rule 2004 of the Federal Rules of Bankruptcy Procedure

(the "Rule 2004 Discovery") by agreeing to (i) withdraw all pending Rule 2004 Discovery and

(ii) the vacation of the order entered by the Honorable Prudence Carter Beatty on November 29,

2005 relating to such discovery (the "November 29 Order");

WHEREAS, the parties having agreed that the foregoing shall procedurally be

accomplished through the granting by the Court of that portion of the February 17, 2006 motion

filed by Yahoo! (Docket Entry 148), pursuant to Federal Rules of Bankruptcy Procedure 9013,

9016 and 9024, and Rules 7007-1, 9013-1 and 9014-1 of the Local Rules for the United States

Bankruptcy Court for the Southern District of New York, for an order: (i) quashing Zoetics,

Inc.'s form of subpoena annexed to the September 16, 2005 Order of this Court, and (ii) vacating

ny-682172

the November 29 Order compelling Yahoo! to comply with the Rule 2004 Discovery and awarding sanctions; and

WHEREAS, the parties having further agreed to reserve all rights with respect to the recovery of fees and expenses relating to Zoetics' and Yahoo!'s respective motions relating to the Rule 2004 Discovery

Upon the agreement of the parties, IT IS ON this ___ day of March 2006, ORDERED that Zoetics' Rule 2004 Discovery is deemed withdrawn and that sought pursuant to the form of subpoena annexed to the September 16, 2005 Order is quashed; and

FURTHER ORDERED that the November 29 Order is vacated.

Dated:    March ___, 2006
          New York, New York

                                        _____
                                        Hon. James M. Peck
                                        United States Bankruptcy Judge

Acknowledged and Agreed                 Acknowledged and Agreed
this 22 day of March, 2006              this 22 day of March, 2006
by Zoetics, Inc., as debtor and debtor  by Yahoo! Inc., through counsel
in possession through counsel

B. Lane Hasler, P.C.                    Morrison & Foerster LLP

/s/ B. Lane Hasler___                   /s/ Matthew M. D'Amore_____
By:  B. Lane Hasler                     By:  Matthew M. D'Amore (MD-8229)
Title: President

EXHIBIT 12



## New Jersey

72

Case 1:06-cv-00108-JJF    Document 13-3    Filed 04/21/2006    Page 39 of 60



# New Jersey 73
"Liberty and Prosperity"



# Road Atlas

American Map

- **United States**
- **Canada**
- **Mexico**

| | | | |
|---|---|---|---|
| II | Tourism Information | 121 | Canada |
| III-X | Discovery Travel Adventures | 132 | Mexico |
| 1 | U.S. National Parks Locator Map | 134 | Puerto Rico |
| 2 | United States | 134-142 | Index |

| | |
|---|---|
| 143 | Mileage Chart |
| 144 | Mileage and Driving Time Map |
| Back Cover Flap: | Legend |

## U.S. STATES

Alabama (AL) 4
Alaska (AK) 8
Arizona (AZ) 8
Arkansas (AR) 10
California (north), (CA) 12
California (south) 14
Colorado (CO) 20
Connecticut (CT) 22

Delaware (DE) 24
Florida (north), (FL) 26
Florida (south) 28
Georgia (GA) 30
Hawaii (HI) 32
Idaho (ID) 33
Illinois (IL) 34
Indiana (IN) 38

Iowa (IA) 40
Kansas (KS) 42
Kentucky (KY) 44
Louisiana (LA) 46
Maine (ME) 48
Maryland (MD) 50
Massachusetts (MA) 54
Michigan (MI) 56

Minnesota (MN) 60
Mississippi (MS) 62
Missouri (MO) 64
Montana (MT) 66
Nebraska (NE) 68
Nevada (NV) 70
New Hampshire (NH) 71
New Jersey (NJ) 72

New Mexico (NM) 74
New York (north), (NY) 76
New York (south) 78
North Carolina (NC) 82
North Dakota (ND) 85
Ohio (north), (OH) 86
Ohio (south) 88
Oklahoma (OK) 90

Oregon (OR) 92
Pennsylvania (west), (PA) 94
Pennsylvania (east) 96
Rhode Island (RI) 99
South Carolina (SC) 100
South Dakota (SD) 101
Tennessee (TN) 102
Texas (west), (TX) 104

Texas (east) 106
Utah (UT) 109
Vermont (VT) 110
Virginia (VA) 112
Washington (WA) 114
West Virginia (WV) 117
Wisconsin (WI) 118
Wyoming (WY) 120

## CANADIAN PROVINCES

Alberta (AB) 123
British Columbia (BC) 122

Manitoba (MB) 125
New Brunswick (NB) 130

Newfoundland (NF) 131
Nova Scotia (NS) 130

Ontario (ON) 128
Prince Edward I. (PE) 130

Québec (QC) 128
Saskatchewan (SK) 124

## U.S. CITIES

Abilene, TX 105
Akron, OH 86
Albany, GA 29
Albany, NY 79
Albuquerque, NM 75
Alexandria, VA 116
Allentown, PA 96
Altoona, PA 94
Amarillo, TX 104
Anchorage, AK 6
Ann Arbor, MI 58
Annapolis, MD 51
Appleton, WI 118
Asheville, NC 83
Athens, GA 30
Atlanta, GA 29*
Atlantic City, NJ 73*
Auburn, ME 49
Augusta, GA 30
Augusta, ME 48
Austin, TX 105
Bakersfield, CA 14
Baltimore, MD 52*
Bangor, ME 48
Barre, VT 110
Baton Rouge, LA 47
Battle Creek, MI 58
Beaumont, TX 106
Bethlehem, PA 96
Bettendorf, IA 35
Billings, MT 67
Biloxi, MS 62
Binghamton, NY 78
Birmingham, AL 5
Bismarck, ND 85
Bloomington, IL 37
Bloomington, IN 39
Boise, ID 33
Boston, MA 53*
Boulder, CO 19
Bowling Green, KY 44
Branson, MO 63
Bridgeport, CT 22-23
Brunswick, GA 29
Buffalo, NY 76

Bullhead City, AZ 9
Burlington, VT 110
Butte, MT 67
Canton, OH 86
Carson City, NV 70
Casper, WY 120
Cedar Rapids, IA 41
Champaign, IL 36
Chapel Hill, NC 84
Charleston, SC 100
Charleston, WV 117
Charlotte, NC 84
Charlottesville, VA 111
Chattanooga, TN 103
Cheyenne, WY 120
Chicago, IL 38*
Cincinnati, OH 88
Cleveland, OH 87*
Colorado Springs, CO 20
Columbia, MO 65
Columbia, SC 100
Columbus, GA 31
Columbus, OH 89
Concord, NH 71
Corpus Christi, TX 107
Council Bluffs, IA 69
Cumberland, MD 50
Dallas, TX 108*
Davenport, IA 35
Dayton, OH 88
Daytona Beach, FL 27
Decatur, IL 37
Denver, CO 19*
Des Moines, IA 41
Detroit, MI 58*
Dover, DE 24
Duluth, MN 60
Durham, NC 84
Eau Claire, WI 119
El Paso, TX 104
Elkhart, IN 38
Erie, PA 94
Eugene, OR 93
Evansville, IN 39
Fairbanks, AK 6

Fall River, MA 54
Fargo, ND 85
Fayetteville, AR 10
Fayetteville, NC 83
Flagstaff, AZ 7
Flint, MI 58
Fort Collins, CO 20
Fort Lauderdale, FL 28
Fort Myers, FL 28
Fort Smith, AR 10
Fort Wayne, IN 38
Fort Worth, TX 108
Frankfort, KY 45
Frederick, MD 50
Fresno, CA 13
Gainesville, FL 27
Galveston, TX 108
Grand Forks, ND 85
Grand Island, NE 69
Grand Rapids, MI 58
Great Falls, MT 67
Green Bay, WI 118
Greensboro, NC 84
Greenville, SC 100
Gulfport, MS 62
Hagerstown, MD 50
Hampton, VA 111
Harrisburg, PA 97
Hartford, CT 23
Hattiesburg, MS 62
Helena, MT 67
Hilo, HI 32
Honolulu, HI 32
Hot Springs, AR 10
Houston, TX 108*
Huntington, WV 117
Huntsville, AL 4
Idaho Falls, ID 33
Indianapolis, IN 37*
Jackson, MS 62
Jacksonville, FL 26
Jefferson City, MO 65
Johnstown, PA 95
Jonesboro, AR 11
Joplin, MO 63

Juneau, AK 6
Kalamazoo, MI 58
Kansas City, KS 63
Kansas City, MO 63*
Kenosha, WI 118
Key West, FL 28
Knoxville, TN 103
Lafayette, IN 38
Lafayette, LA 46
Lake Charles, LA 46
Lakeland, FL 25
Lancaster, PA 95
Lansing, MI 57
Laredo, TX 107
Las Cruces, NM 75
Las Vegas, NV 70*
Laughlin, NV 9
Lawrence, KS 42
Lawton, OK 90
Lewiston, ME 49
Lexington, KY 45
Lincoln, NE 69
Little Rock, AR 11
Long Beach, CA 16
Los Angeles, CA 16*
Louisville, KY 44
Lowell, MA 53
Lubbock, TX 104
Lynchburg, VA 112
Macon, GA 31
Madison, WI 119
Manchester, NH 71
Manhattan, KS 42
Massillon, OH 86
McAllen, TX 105
Melbourne, FL 27
Memphis, TN 102
Miami, FL 25*
Midland, TX 104
Milwaukee, WI 119*
Minneapolis, MN 59*
Missoula, MT 66
Mobile, AL 5
Moline, IL 35
Monroe, LA 46

Monterey, CA 12
Montgomery, AL 5
Montpelier, VT 110
Morgantown, WV 117
Muncie, IN 39
Myrtle Beach, SC 100
Muskegon, MI 57
Nashua, NH 71
Nashville, TN 102
New Bedford, MA 54
New Haven, CT 22
New London, CT 23
New Orleans, LA 47*
New York, NY 80-81*
Newark, NJ 80
Newport News, VA 111
Newport, RI 99
Niagara Falls, NY 76
Norfolk, VA 111
Norman, OK 90
Oakland, CA 16
Odessa, TX 104
Ogden, UT 109
Oklahoma City, OK 90
Olympia, WA 114
Omaha, NE 69
Orlando, FL 26
Oshkosh, WI 118
Owensboro, KY 44
Oxnard, CA 14
Palm Springs, CA 15
Panama City, FL 26
Pensacola, FL 26
Peoria, IL 37
Petersburg, VA 111
Philadelphia, PA 98*
Phoenix, AZ 7*
Pierre, SD 101
Pine Bluff, AR 11
Pittsburgh, PA 96*
Pocatello, ID 33
Portland, ME 49
Portland, OR 93
Portsmouth, NH 71
Portsmouth, VA 111

Providence, RI 99
Provo, UT 109
Pueblo, CO 20
Racine, WI 118
Raleigh, NC 84
Rapid City, SD 101
Reading, PA 97
Reno, NV 70
Richmond, VA 113
Roanoke, VA 112
Rochester, MN 61
Rochester, NH 71
Rochester, NY 76
Rock Island, IL 35
Rockford, IL 34
Roswell, NM 75
Sacramento, CA 13
Saginaw, MI 56
St. Joseph, MO 63
St. Louis, MO 65*
St. Paul, MN 59*
St. Petersburg, FL 25
Salem, OR 93
Salinas, CA 12
Salt Lake City, UT 109
San Antonio, TX 107*
San Bernardino, CA 17
San Diego, CA 14*
San Francisco, CA 18*
San Jose, CA 18
Santa Barbara, CA 14
Santa Cruz, CA 12
Pensacola, FL 26
Sarasota, FL 25
Savannah, GA 31
Schenectady, NY 79
Scranton, PA 96
Seattle, WA 114*
Shreveport, LA 46
Sioux City, IA 40
Sioux Falls, SD 101
South Bend, IN 37
Spartanburg, SC 100
Spokane, WA 115
Springfield, IL 35

Springfield, MA 54
Springfield, MO 63
Springfield, OH 89
Stamford, CT 22
State College, PA 94
Stillwater, OK 90
Stockton, CA 13
Superior, WI 60
Syracuse, NY 76
Tacoma, WA 114
Tallahassee, FL 26
Tampa, FL 25
Terre Haute, IN 39
Texarkana, AR/TX 10
Titusville, FL 27
Toledo, OH 86
Topeka, KS 42
Trenton, NJ 72
Tucson, AZ 7
Tulsa, OK 90
Tuscaloosa, AL 5
Urbana, IL 35
Utica, NY 79
Vicksburg, MS 62
Virginia Beach, VA 111
Waco, TX 105
Warren, OH 89
Washington, DC 116*
Washington, DC (south) 50
Washington, DC (VA) 111
Waterbury, CT 22
West Palm Beach, FL 25
Wheeling, WV 117
Wichita, KS 43
Wilkes-Barre, PA 96
Williamsburg, VA 111
Wilmington, DE 24
Wilmington, NC 83
Winston-Salem, NC 84
Worcester, MA 54
Yakima, WA 115
York, PA 95
Youngstown, OH 89
Yuma, AZ 9

## CANADIAN CITIES

Calgary, AB 123
Charlottetown, PE 130
Edmonton, AB 123

Fredericton, NB 131
Halifax, NS 131
Hamilton, ON 126

London, ON 126
Montréal, QC 128
Ottawa, ON 128

Québec, QC 129
Regina, SK 124
Saint John, NB 131

St. John's, NF 131
Saskatoon, SK 124
Sherbrooke, QC 129

Sudbury, ON 127
Toronto, ON 127*
Vancouver, BC 122

Victoria, BC 122
Winnipeg, MB 125

## MEXICO & MEXICAN CITIES

Mexico 132

Acapulco 133
Cancún 133

Guadalajara 132
Mazatlán 132

Mexico City 132
Monterrey 133

## PUERTO RICO

Puerto Rico 134
San Juan 134

## NATIONAL PARKS & RECREATION AREAS

Acadia National Park, ME 49
Black Hills Area, SD 101
Bryce Canyon National Park, UT 109
Colonial National Historical Park, VA 111
Crater Lake National Park, OR 93
Denali National Park, AK 6
Gettysburg National Military Park, PA 95

Glacier National Park, MT 66
Grand Canyon National Park, AZ 9
Grand Teton National Park, WY 120
Great Smoky Mountains National Park, NC/TN 84
Hot Springs National Park, AR 10
Isle Royale National Park, MI 56
Kings Canyon National Park, CA 13

Lake Tahoe, CA/NV 13
Land Between the Lakes, KY 45
Lassen Volcanic National Park, CA 13
Mammoth Cave National Park, KY 44
Mesa Verde National Park, CO 20
Mt. Rainier National Park, WA 114
Rocky Mountain National Park, CO 19

Sequoia National Park, CA 13
Waterton Lakes National Park, AB 66
Yellowstone National Park, WY/MT/ID 120
Yosemite National Park, CA 13
Zion National Park, UT 109

*Also has downtown city map

Copyright © 2004
American Map Corporation
Maspeth, New York 11378
Printed in Canada

Cover Photo: Mountain Road by L. Lefkowitz/Getty Images
Photos for Discovery Adventures: Comstock™, PhotoDisc™
James Radniske, and other photographers
Index Photos: PhotoDisc™

Road map for Pennsylvania
and Ohio based upon data
from Navigation Technologies
Corporation.

Cartography Copyright by
MapQuest.com, Inc.

© MAPQUEST

Exhibit 13



Yahoo!  My Yahoo!  Mail  Make Yahoo your home page

DOUBLETREE

# Yahoo! Driving Directions

Maps | **Driving Directions**  ➕ MY YAHOO!

**Starting from:** Ⓐ 180 Park Ave, Florham Park, NJ 07932-1049 Save Address

**Arriving at:** Ⓑ 844 N King St, Wilmington, DE 19801-3519 Save Address

**Distance:** 136.8 miles  **Approximate Travel Time:** 2 hours 20 mins

Get Reverse Directions

New 📱 Send to Phone | 📄 Text Only | 🖨 Printable Version | ✉ Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom
Out

**Your Destination**
View Larger Map



© 2005 Yahoo! Inc © 2005 NAVTEQ

© 2005 Yahoo! Inc. © 2005 NAVTEQ

Traffic **VIEW**

▼ **VIEW TRAFFIC ON MAP**

**SmartView** tm
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

◉ Zoom in & Re-Center    ○ Re-Center only

| **Directions** | Show Turn by Turn Maps |
|---|---|

| 1. | Start at **180 PARK AVE, FLORHAM PARK** - go 1.1 mi |
|---|---|

Case 1:06-cv-00170-JJF   Document 1   Filed 04/21/2006   Page 43 of 552

| 2. | Turn  on **COLUMBIA TPKE** - go **0.2 mi** |
|----|----|
| 3. | Continue to follow **CR-510 WEST** - go **0.5 mi** |
| 4. | Turn **L** on **NORMANDY PKY** - go **0.6 mi** |
| 5. | Continue on **MADISON AVE** - go **0.7 mi** |
| 6. | Turn **L** onto **I-287 SOUTH** - go **35.9 mi** |
| 7. | Take the **I-95** exit - go **20.4 mi** |
| 8. | **I-95 SOUTH** becomes **NEW JERSEY TPKE SOUTH** - go **14.8 mi** |
| 9. | Take exit #7 onto **US-206 SOUTH** - go **1.3 mi** |
| 10. | Bear **R** on **OLD YORK RD** - go **0.1 mi** |
| 11. | Turn **R** on **RISING SUN RD** - go **0.7 mi** |
| 12. | Turn **L** onto **I-295 SOUTH** - go **42.1 mi** |
| 13. | Take **R** fork onto **US-130 SOUTH** toward **COM BARRY BR/BRIDGEPORT** - go **1.9 mi** |
| 14. | Take the **US-322 WEST** exit toward **COMMODORE BARRY BRIDGE/PENNSYLVANIA** - go **4.7 mi** |
| 15. | **US-322 WEST** becomes **I-95 SOUTH** - go **10.7 mi** |
| 16. | Take exit #7A onto **11TH ST** toward **DELAWARE AVE.** - go **0.8 mi** |
| 17. | Turn **R** on **N KING ST** - go **0.2 mi** |
| 18. | Arrive at **844 N KING ST, WILMINGTON** |

### Yahoo! Travel Deals

**Car Rentals** - Search for a car rental in Wilmington
**Hotels** - Search for hotels in Wilmington
**Disclaimer**
*Some taxes and fees additional. **Learn more**.
**Sign Up For Best Fare Alerts**

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

### Get New Driving Directions



**A** **Enter starting address**
**or select from My Locations**
My Locations Sign In
-- My Locations --
Address
180 Park Ave
City, State or Zip
Florham Park, NJ 07932-10
Country
United States

**B** **Enter destination address**
**or select from My Locations**
My Locations Sign In
-- My Locations --
Address
844 N King St
City, State or Zip
Wilmington, DE 19801-3519
Country
United States

Get Directions

**Learn about Mobile Phone Directions**

Maps | Driving Directions | Local | Yellow Pages | Real Estate

Copyright © 2006 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright/IP Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback



**MAPQUEST.**

<table>
<tr><td>START 180 Park Ave<br>Florham Park, NJ 07932-<br>1049, US</td><td>END 844 N King St<br>Wilmington, DE 19801-<br>3519, US</td></tr>
</table>

**Total Est. Time:**
2 hours, 10 minutes

**Total Est. Distance:**
126.74 miles

| Maneuvers | Distance |
|---|---|
| START **1:** Start out going NORTH on PARK AVE / CR-623 N toward CAMPUS DR. | 1.1 miles |
| **2:** Turn RIGHT onto COLUMBIA TURNPIKE / CR-510 E. | 0.1 miles |
| **3:** Merge onto NJ-24 E toward SPRINGFIELD. | 8.4 miles |
| **4:** Merge onto I-78 E toward LOCAL LANES / GARDEN STATE PARKWAY / NEWARK. | 3.6 miles |
| **5:** Take the GARDEN STATE PARKWAY exit- EXIT 52. | 0.4 miles |
| **6:** Take the PARKWAY SOUTH exit. | 0.4 miles |
| **7:** Merge onto GARDEN STATE PKWY S (Portions toll). | 12.8 miles |
| **8:** Take the I-95 S / NJ TURNPIKE SOUTH exit- EXIT 129. | 1.1 miles |
| **9:** Take the exit toward CARS / TRUCKS-BUSES. | 0.4 miles |
| **10:** Merge onto NEW JERSEY TURNPIKE S (Portions toll). | 90.5 miles |
| **11:** NEW JERSEY TURNPIKE S becomes I-295 S / US-40 W (Portions toll). | 3.5 miles |
| **12:** Merge onto NEW CASTLE AVE / DE-9 N. | 1.1 miles |
| **13:** Turn LEFT onto ROGERS RD. | 0.7 miles |

**14:** Turn SLIGHT RIGHT onto S MARKET ST / US-13 BR N. Continue to follow US-13 BR N.     1.8 miles

**15:** Turn LEFT onto E 10TH ST.     0.1 miles

**16:** Turn LEFT onto N KING ST / US-13 BR S.     0.1 miles

**17:** End at **844 N King St**
Wilmington, DE 19801-3519, US

**Total Est. Time:** 2 hours, 10 minutes     **Total Est. Distance:** 126.74 miles



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or
route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any
loss or delay resulting from such use.

EXHIBIT 14

Yahoo! - My Yahoo! - Mail - Make Yahoo your home page



**YAHOO! LOCAL** Maps

Sign In
New User? Sign Up

Search the Web

Maps Home - M



# Yahoo! Driving Directions

Maps | **Driving Directions**  ⊕ MY YAHOO!

**Starting from:** **A** Berkeley Heights, NJ 07922 Save Address
**Arriving at:** **B** 844 N King St, Wilmington, DE 19801-3519 Save Address
**Distance:** 108.2 miles  **Approximate Travel Time:** 2 hours 18 mins

Get Reverse Directions

New Send to Phone | Text Only | Printable Version | Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom
Out

**Your Destination**
View Larger Map



© 2005 Yahoo! Inc © 2005 NAVTEQ

Traffic VIEW

VIEW TRAFFIC ON MA

**SmartView ™**
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

● Zoom in & Re-Center   ○ Re-Center only

**Directions**

Show Turn by Turn Maps

| | |
|---|---|
| 1. | Starting at the center of zip code **07922** on **SNYDER AVE** go toward **HARRISON DR** - go **0.4 mi** |

| 2. | SNYDER AVE becomes HORSESHOE RD - go 0.6 mi |
|---|---|
| 3. | Make a Hard **R** Turn on PLAINFIELD AVE - go 0.2 mi |
| 4. | Turn **L** on DRIFT RD - go 0.2 mi |
| 5. | DRIFT RD becomes DALE RD - go 0.1 mi |
| 6. | Take ramp onto I-78 WEST - go 10.8 mi |
| 7. | Take exit #29 onto I-287 SOUTH toward SOMERVILLE - go 3.8 mi |
| 8. | Take **L** exit #17 onto US-206 SOUTH toward SOMERVILLE/FLEMINGTON - go 1.6 mi |
| 9. | Take ramp onto the highway toward SOMERVILLE/PRINCETON - go 0.4 mi |
| 10. | Continue on US-206 SOUTH toward PRINCETON - go 14.0 mi |
| 11. | US-206 SOUTH becomes VAN HORNE RD - go 1.4 mi |
| 12. | VAN HORNE RD becomes STATE RD[US-206] - go 1.2 mi |
| 13. | Continue to follow US-206 SOUTH - go 6.3 mi |
| 14. | Bear **R** onto I-95 SOUTH toward PENNSYLVANIA - go 66.2 mi |
| 15. | Take exit #7A onto 11TH ST toward DELAWARE AVE. - go 0.8 mi |
| 16. | Turn **R** on N KING ST - go 0.2 mi |
| 17. | Arrive at 844 N KING ST, WILMINGTON |

## Yahoo! Travel Deals

**Car Rentals** - Search for a car rental in Wilmington
**Hotels** - Search for hotels in Wilmington

**Disclaimer**
*Some taxes and fees additional. **Learn more.**
**Sign Up For Best Fare Alerts**

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

## Get New Driving Directions

**A** **Enter starting address**
**or select from My Locations**

**B** **Enter destination address**
**or select from My Locations**

My Locations Sign In

-- My Locations --

Address

City, State or Zip
Berkeley Heights, NJ 07922

Country
United States

My Locations Sign In

-- My Locations --

Address
844 N King St

City, State or Zip
Wilmington, DE 19801-3519

Country
United States

Get Directions

Learn about Mobile Phone Directions

Maps | Driving Directions | Local | Yellow Pages | Real Estate

Copyright © 2006 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright/IP Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback

Case 1:06-cv-00810-JJF    Document 3-3    Filed 04/21/2006    Page 3 of 3



**START** **Berkeley Heights, NJ US**    **END** **844 N King St**
Wilmington, DE 19801-3519, US

**Total Est. Time:**
2 hours, 7 minutes

**Total Est. Distance:**
114.64 miles

## Maneuvers                                                    Distance

| | | |
|---|---|---|
| **START** | **1:** Start out going SOUTHWEST on CR-512 / SPRINGFIELD AVE toward STATION ST. Continue to follow CR-512. | 1.3 miles |
| | **2:** Turn LEFT onto MOUNTAIN AVE / CR-531. Continue to follow CR-531. | 2.7 miles |
| | **3:** Turn SLIGHT RIGHT onto VALLEY RD. | <0.1 miles |
| | **4:** Enter next roundabout and take 3rd exit onto SOMERSET ST. | 1.1 miles |
| | **5:** Turn SLIGHT RIGHT onto US-22. | 2.5 miles |
| | **6:** Turn SLIGHT RIGHT. | <0.1 miles |
| | **7:** Turn LEFT onto WASHINGTON AVE / CR-529. Continue to follow CR-529. | 4.2 miles |
| | **8:** Merge onto I-287 S. | 6.0 miles |
| | **9:** Take the I-95 / NEW JERSEY TURNPIKE exit. | 0.3 miles |
| | **10:** Take the exit on the LEFT toward TRENTON AND SOUTH. | 0.4 miles |
| | **11:** Take the exit toward CARS / TRUCKS-BUSES. | 0.3 miles |
| | **12:** Merge onto NEW JERSEY TURNPIKE S (Portions toll). | 87.8 miles |
| | **13:** NEW JERSEY TURNPIKE S becomes I-295 S / US-40 W (Portions toll). | 3.5 miles |

| | **14:** Merge onto NEW CASTLE AVE / DE-9 N. | 1.1 miles |
|---|---|---|
| | **15:** Turn LEFT onto ROGERS RD. | 0.7 miles |
| | **16:** Turn SLIGHT RIGHT onto S MARKET ST / US-13 BR N. Continue to follow US-13 BR N. | 1.8 miles |
| | **17:** Turn LEFT onto E 10TH ST. | 0.1 miles |
| | **18:** Turn LEFT onto N KING ST / US-13 BR S. | 0.1 miles |
| | **19:** End at **844 N King St** Wilmington, DE 19801-3519, US | |

**Total Est. Time:** 2 hours, 7 minutes     **Total Est. Distance:** 114.64 miles

Driving Directions from Berkeley Heights, NJ to 844 N King St, Wilmington, DE          Page 3 of 3



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or
route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any
loss or delay resulting from such use.

EXHIBIT 15

Yahoo! Driving Directions - Florham Park, NJ to New York, NY    Page 1 of 2

Case 1:06-cv-00108-JJF    Document 13-3    Filed 04/21/2006    Page 56 of 60



Yahoo! | My Yahoo! | Mail    Make Yahoo! your home page

**YAHOO!** LOCAL Maps

Sign In
New User? Sign Up

Search the Web

Maps Home - M

**YAHOO!** ANSWERS

# Yahoo! Driving Directions

Maps | **Driving Directions**  [+ MY YAHOO!]

**Starting from:** [A] 180 Park Ave, Florham Park, NJ 07932-1049  Save Address

**Arriving at:** [B] 500 Pearl St, New York, NY 10007-1316  Save Address

**Distance:** 29.0 miles   **Approximate Travel Time:** 37 mins

Get Reverse Directions

New [📱] Send to Phone |[📄]Text Only |[🖨] Printable Version |[✉] Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom
Out

**Your Destination**
View Larger Map



© 2005 Yahoo Inc © 2005 NAVT

Traffic  [VIEW]

[▼ VIEW TRAFFIC ON MA]

**SmartView** tm
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

⊙ Zoom in & Re-Center    ○ Re-Center only

## Directions

Show Turn by Turn Maps

| | |
|---|---|
| 1. | Start at **180 PARK AVE, FLORHAM PARK** - go 1.1 mi |

Yahoo! Driving Directions - Florham Park, NJ to New York, NY    Page 57 Page 2 of 2

Case 1-06-cv-00100-JJF    Document 13-3    Filed 04/21/2006

| 2. | Turn **R** on **COLUMBIA TPKE** - go **0.1 mi** |
|---|---|
| 3. | Take ramp onto **RT-24 EAST** toward **SPRINGFIELD** - go **8.4 mi** |
| 4. | Take the **I-78 EAST** exit toward **LOCAL LANES/GARDEN STATE PARKWAY/NEWARK** - go **9.0 mi** |
| 5. | Take exit #58B onto **US-1 & 9 NORTH** - go **7.4 mi** |
| 6. | **US-1 & 9 NORTH** becomes **12TH ST** - go **0.3 mi** |
| 7. | **12TH ST** becomes **BOYLE PLZ** - go **0.1 mi** |
| 8. | **BOYLE PLZ** becomes **HOLLAND TUNL** - go **2.0 mi** |
| 9. | Take exit #4 toward **DOWNTOWN** - go **< 0.1 mi** |
| 10. | Turn **R** on **VARICK ST** - go **0.1 mi** |
| 11. | **VARICK ST** becomes **W BROADWAY** - go **0.1 mi** |
| 12. | Turn **L** on **WORTH ST** - go **0.4 mi** |
| 13. | Arrive at **500 PEARL ST, NEW YORK** |

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

**Get New Driving Directions**

**A** **Enter starting address**
or select from My Locations

My Locations Sign In
-- My Locations --
Address
180 Park Ave
City, State or Zip
Florham Park, NJ 07932-10
Country
United States

**B** **Enter destination address**
or select from My Locations

My Locations Sign In
-- My Locations --
Address
500 Pearl St
City, State or Zip
New York, NY 10007-1316
Country
United States

Get Directions

**Learn about Mobile Phone Directions**

Maps | Driving Directions | Local | Yellow Pages | Real Estate

Copyright © 2006 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright/IP Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback

Driving Directions from 180 Park Ave, Florham Park, NJ to 500 Pearl St, New York, NY     Page 1 of 3



**START** **180 Park Ave**
Florham Park, NJ 07932-1049, US

**END** **500 Pearl St**
New York, NY 10007-1316, US

**Total Est. Time:**
36 minutes

**Total Est. Distance:**
29.13 miles

| Maneuvers | Distance |
|---|---|
| **START** **1:** Start out going NORTH on PARK AVE / CR-623 N toward CAMPUS DR. | 1.1 miles |
| **2:** Turn RIGHT onto COLUMBIA TURNPIKE / CR-510 E. | 0.1 miles |
| **3:** Merge onto NJ-24 E toward SPRINGFIELD. | 8.4 miles |
| **4:** Merge onto I-78 EXPRESS LN E via the exit on the LEFT toward EXPRESS LANES / I-95 / NEW JERSEY TURNPIKE / HOLLAND TUNNEL / NEW YORK CITY. | 7.9 miles |
| **5:** Take I-78 E toward I-95 / NEW JERSEY TURNPIKE / US-1-9 / PORT NEWARK. | 1.1 miles |
| **6:** Take the US-1-9 N exit- EXIT 58B. | 0.1 miles |
| **7:** Merge onto US-1&9 N / US-9 N / US-1 N via the exit on the LEFT. | 7.0 miles |
| **8:** US-1&9 N / US-9 N / US-1 N becomes 12TH ST. | 0.4 miles |
| **9:** 12TH ST becomes BOYLE PLZ (Portions toll). | <0.1 miles |
| **10:** BOYLE PLZ becomes HOLLAND TUNNEL. | 1.8 miles |
| **11:** Turn SLIGHT LEFT to stay on HOLLAND TUNNEL. | <0.1 miles |
| **12:** Take EXIT 3 toward BROOKLYN. | <0.1 miles |

**13:** Turn SLIGHT LEFT onto BEACH ST / ERICSSON ST. Continue to follow BEACH ST.   <0.1 miles

**14:** Keep RIGHT at the fork to continue on BEACH ST.   <0.1 miles

**15:** BEACH ST becomes WALKER ST.   0.3 miles

**16:** Turn RIGHT onto BAXTER ST.   0.1 miles

**17:** Keep LEFT at the fork to continue on BAXTER ST.   <0.1 miles

**18:** Turn RIGHT onto WORTH ST.   <0.1 miles

`END` **19:** End at **500 Pearl St**
New York, NY 10007-1316, US

**Total Est. Time:** 36 minutes    **Total Est. Distance:** 29.13 miles

All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or route expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting

EXHIBIT 16

Yahoo! Driving Directions - Berkeley Heights, NJ to New York, NY   Page 1 of 2

Case 1:06-cv-00105-JJF   Document 15-4   Filed 04/21/2006   Page 2 of 33



Yahoo!   My Yahoo!   Mail   Make Yahoo! your home page

Search the Web

**YAHOO!** LOCAL Maps   **Sign In**
New User? Sign Up

Maps Home - M

YAHOO! ANSWERS   How do I get an extra 50 horses out of my Mustang?

# Yahoo! Driving Directions

Maps | **Driving Directions**   MY YAHOO!

Starting from: **A** Berkeley Heights, NJ 07922 Save Address

Arriving at: **B** 500 Pearl St, New York, NY 10007-1316 Save Address

Distance: 26.8 miles   Approximate Travel Time: 34 mins

Get Reverse Directions

New Send to Phone | Text Only | Printable Version | Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom Out

**Your Destination**
View Larger Map



© 2005 Yahoo. In © 2005 NAVT

Traffic VIEW

VIEW TRAFFIC ON MA

**SmartView** tm
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

○ Zoom in & Re-Center   ○ Re-Center only

**Directions**                                    Show Turn by Turn Maps

| | |
|---|---|
| 1. | Starting at the center of zip code **07922** on **SNYDER AVE** go toward **HARRISON DR** - go **0.4 mi** |

Yahoo! Driving Directions - Berkeley Heights, NJ to New York, NY          Page 2 of 2

Case 1:06-cv-00108-JJF   Document 13-4   Filed 04/21/2006   Page 3 of 39

| 2. | Turn **L** on **MOUNTAIN AVE** - go 1.1 mi |
|---|---|
| 3. | Turn **R** on **DIAMOND HILL RD** - go 0.6 mi |
| 4. | Turn **L** onto **I-78 EAST** toward **NEWARK** - go 14.3 mi |
| 5. | Take exit #58B onto **US-1 & 9 NORTH** - go 7.4 mi |
| 6. | **US-1 & 9 NORTH** becomes **12TH ST** - go 0.3 mi |
| 7. | **12TH ST** becomes **BOYLE PLZ** - go 0.1 mi |
| 8. | **BOYLE PLZ** becomes **HOLLAND TUNL** - go 2.0 mi |
| 9. | Take exit #3 onto **BEACH ST** toward **BROOKLYN** - go 0.1 mi |
| 10. | **BEACH ST** becomes **WALKER ST** - go 0.2 mi |
| 11. | Turn **R** on **BROADWAY** - go 0.2 mi |
| 12. | Turn **L** on **WORTH ST** - go 0.2 mi |
| 13. | Arrive at **500 PEARL ST, NEW YORK** |

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

**Get New Driving Directions**

**A** Enter starting address
or select from My Locations

My Locations Sign In

-- My Locations --

Address

City, State or Zip

Berkeley Heights, NJ 07922

Country

United States

**B** Enter destination address
or select from My Locations

My Locations Sign In

-- My Locations --

Address

500 Pearl St

City, State or Zip

New York, NY 10007-1316

Country

United States

Get Directions

Learn about Mobile Phone Directions

Maps | Driving Directions | Local | Yellow Pages | Real Estate

Copyright © 2006 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright/IP Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback



**START** **Berkeley Heights, NJ US**    **END** **500 Pearl St**
New York, NY 10007-1316,
US

**Total Est. Time:**
38 minutes

**Total Est. Distance:**
27.74 miles

## Maneuvers                                              Distance

| | | |
|---|---|---|
| **START** | **1:** Start out going NORTHEAST on CR-512 / SPRINGFIELD AVE toward CR-663 / PLAINFIELD AVE. | 0.4 miles |
| | **2:** Turn RIGHT onto SNYDER AVE. | 0.6 miles |
| | **3:** Turn LEFT onto LOCUST AVE. | 0.3 miles |
| | **4:** Turn RIGHT onto TIMBER DR. | 0.3 miles |
| | **5:** Turn LEFT onto CR-622 / MOUNTAIN AVE. | 0.5 miles |
| | **6:** Turn RIGHT onto CR-655 / DIAMOND HILL RD. | 0.5 miles |
| | **7:** Merge onto I-78 E via the ramp on the LEFT toward NEWARK. | 4.3 miles |
| | **8:** Take I-78 EXPRESS LN E toward EXPRESS / I-95 / NEW JERSEY TURNPIKE / HOLLAND TUNNEL / NEW YORK CITY. | 8.8 miles |
| | **9:** Take I-78 E toward I-95 / NEW JERSEY TURNPIKE / US-1-9 / PORT NEWARK. | 1.1 miles |
| | **10:** Take the US-1-9 N exit- EXIT 58B. | 0.1 miles |
| | **11:** Merge onto US-1&9 N / US-9 N / US-1 N via the exit on the LEFT. | 7.0 miles |
| | **12:** US-1&9 N / US-9 N / US-1 N becomes 12TH ST. | 0.4 miles |

**13:** 12TH ST becomes BOYLE PLZ (Portions toll).    <0.1 miles

**14:** BOYLE PLZ becomes HOLLAND TUNNEL.    1.8 miles

**15:** Turn SLIGHT LEFT to stay on HOLLAND TUNNEL.    <0.1 miles

**16:** Take EXIT 3 toward BROOKLYN.    <0.1 miles

**17:** Turn SLIGHT LEFT onto BEACH ST / ERICSSON ST. Continue to follow BEACH ST.    <0.1 miles

**18:** Keep RIGHT at the fork to continue on BEACH ST.    <0.1 miles

**19:** BEACH ST becomes WALKER ST.    0.3 miles

**20:** Turn RIGHT onto BAXTER ST.    0.1 miles

**21:** Keep LEFT at the fork to continue on BAXTER ST.    <0.1 miles

**22:** Turn RIGHT onto WORTH ST.    <0.1 miles

**23:** End at **500 Pearl St**
New York, NY 10007-1316, US

**Total Est. Time:** 38 minutes    **Total Est. Distance:** 27.74 miles



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.

EXHIBIT 17



## Patent Attorneys and Agents Registered to Practice before the US Patent and Trademark Office

**Result of search for "27873":**

Dworetsky, Samuel
6 Dana Rd
Monsey NY US 10952
845-352-5652
27873
Attorney

Yahoo! Driving Directions - Monsey, NY to Wilmington, DE    Page 9 of 16    Page 1 of 3

Case 1:05-cv-00739-SLR    Document 94    Filed 04/21/2006



# Yahoo! Driving Directions

Maps | **Driving Directions**   

**Starting from:** A 6 Dana Rd, Monsey, NY 10952-2305  Save Address

**Arriving at:** B 844 N King St, Wilmington, DE 19801-3519  Save Address

**Distance:** 173.0 miles   **Approximate Travel Time:** 2 hours 45 mins

Get Reverse Directions

New  Send to Phone  Text Only  Printable Version  Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom
Out

**Your Destination**
View Larger Map

Traffic  VIEW

VIEW TRAFFIC ON MAP

**SmartView** tm
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

● Zoom in & Re-Center    ○ Re-Center only

## Directions                                          Show Turn by Turn Maps

| | |
|---|---|
| 1. | Start at **6 DANA RD, MONSEY** - go < 0.1 mi |

| 2. | Turn **R** on **YALE DR** - go **0.3 mi** |
|---|---|
| 3. | Turn **L** on **JILL LN** - go **0.1 mi** |
| 4. | Turn **R** on **RALPH BLVD** - go **0.2 mi** |
| 5. | Turn **R** on **MONSEY LADENTOWN RD[RT-306]** - go **< 0.1 mi** |
| 6. | Turn **L** on **BLAUVELT RD** - go **0.2 mi** |
| 7. | Turn **R** on **CARLTON RD** - go **1.7 mi** |
| 8. | Continue on **SPOOK ROCK RD** - go **0.1 mi** |
| 9. | Turn **R** on **N AIRMONT RD** - go **0.8 mi** |
| 10. | Turn **R** onto **I-287 WEST** - go **70.5 mi** |
| 11. | Take the **I-95** exit - go **20.4 mi** |
| 12. | **I-95 SOUTH** becomes **NEW JERSEY TPKE SOUTH** - go **67.9 mi** |
| 13. | **NEW JERSEY TPKE SOUTH** becomes **US-40 WEST** - go **0.5 mi** |
| 14. | **US-40 WEST** becomes **I-295 SOUTH** - go **5.6 mi** |
| 15. | Take the **I-95 L** exit toward **WILMINGTON** - go **3.7 mi** |
| 16. | Take exit #7 toward **DELAWARE AVE.** - go **0.2 mi** |
| 17. | Turn **L** on **N ADAMS ST** - go **0.2 mi** |
| 18. | Turn **R** on **DELAWARE AVE** - go **0.2 mi** |
| 19. | Bear **L** on **11TH ST** - go **0.4 mi** |
| 20. | Turn **R** on **N KING ST** - go **0.2 mi** |
| 21. | Arrive at **844 N KING ST, WILMINGTON** |

## Yahoo! Travel Deals

**Car Rentals** - Search for a car rental in Wilmington
**Hotels** - Search for hotels in Wilmington

**Disclaimer**
*Some taxes and fees additional. **Learn more**.
**Sign Up For Best Fare Alerts**

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic
safety precautions. This is only to be used as an aid in planning.

**Get New Driving Directions**

**A** **Enter starting address**
**or select from My Locations**    **B** **Enter destination address**
**or select from My Locations**

My Locations Sign In    My Locations Sign In

| -- My Locations -- | | -- My Locations -- |

Address    Address

| 6 Dana Rd | | 844 N King St |

City, State or Zip    City, State or Zip

| Monsey, NY 10952-2305 | Wilmington, DE 19801-3519 |

**Country**

| United States ⮟ | United States ⮟ |

Get Directions

**Learn about Mobile Phone Directions**

---

Maps | Driving Directions | Local | Yellow Pages | Real Estate

---

Copyright © 2006 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright/IP Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback

Driving Directions from 6 Dana Rd, Monsey, NY to 844 N King St, Wilmington, DE          Page 1 of 3



**START 6 Dana Rd**
Monsey, NY 10952-2305,
US

**END 844 N King St**
Wilmington, DE 19801-
3519, US

**Total Est. Time:**
2 hours, 38 minutes

**Total Est. Distance:**
148.48 miles

| Maneuvers | Distance |
|---|---|
| **START 1:** Start out going SOUTH on DANA RD toward YALE DR. | <0.1 miles |
| **2:** Turn LEFT onto YALE DR. | 0.1 miles |
| **3:** Turn LEFT onto CHARLES LN. | <0.1 miles |
| **4:** Turn RIGHT onto DORSET RD. | 0.2 miles |
| **5:** Turn LEFT onto MORRIS RD. | <0.1 miles |
| **6:** Turn RIGHT onto UNION RD. | 0.5 miles |
| **7:** Turn LEFT onto MAPLE AVE. | <0.1 miles |
| **8:** Turn RIGHT onto N MAIN ST / NY-45. | 0.5 miles |
| **9:** Turn LEFT onto KOREAN WAR VETERANS MEMORIAL HWY / NY-59 / E CENTRAL AVE. Continue to follow KOREAN WAR VETERANS MEMORIAL HWY / NY-59. | 0.8 miles |
| **10:** Merge onto NEW YORK STATE THRUWAY N / I-87 N / I-287 W via the ramp on the LEFT. | 0.6 miles |
| **11:** Take the GARDEN STATE PKWY exit- EXIT 14A- toward NEW JERSEY. | 0.2 miles |
| **12:** Merge onto NEW YORK STATE THRUWAY S. | 2.6 miles |
| **13:** NEW YORK STATE THRUWAY S becomes | 42.5 miles |

Driving Directions from 6 Dana Rd, Monsey, NY to 844 N King St, Wilmington, DE          Page 2 of 3

| | | |
|---|---|---|
| ◇ | GARDEN STATE PKWY S (Portions toll). | |
| 129 EXIT | **14:** Take the I-95 S / NJ TURNPIKE SOUTH exit- EXIT 129. | 1.1 miles |
| EXIT | **15:** Take the exit toward CARS / TRUCKS-BUSES. | 0.4 miles |
| ◈ | **16:** Merge onto NEW JERSEY TURNPIKE S (Portions toll). | 90.5 miles |
| SOUTH 295 | **17:** NEW JERSEY TURNPIKE S becomes I-295 S / US-40 W (Portions toll). | 3.5 miles |
| NORTH 9 | **18:** Merge onto NEW CASTLE AVE / DE-9 N. | 1.1 miles |
| ◇ | **19:** Turn LEFT onto ROGERS RD. | 0.7 miles |
| NORTH 13 BR | **20:** Turn SLIGHT RIGHT onto S MARKET ST / US-13 BR N. Continue to follow US-13 BR N. | 1.8 miles |
| ◇ | **21:** Turn LEFT onto E 10TH ST. | 0.1 miles |
| SOUTH 13 BR | **22:** Turn LEFT onto N KING ST / US-13 BR S. | 0.1 miles |
| END | **23:** End at **844 N King St** Wilmington, DE 19801-3519, US | |

**Total Est. Time:** 2 hours, 38 minutes     **Total Est. Distance:** 148.48 miles

Driving Directions from 6 Dana Rd, Monsey, NY to 844 N King St, Wilmington, DE          Page 3 of 3



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or
route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any
loss or delay resulting from such use.



Yahoo!   My Yahoo!   Mail   Make Yahoo! your home page      Search the Web

**YAHOO!**® **LOCAL** Maps   **Sign In**   New User? Sign Up     Maps Home - M



# Yahoo! Driving Directions

Maps | **Driving Directions**   ⬛ **MY YAHOO!**

**Starting from:** 🅰 6 Dana Rd, Monsey, NY 10952-2305   Save Address

**Arriving at:** 🅱 500 Pearl St, New York, NY 10007-1316   Save Address

**Distance:** 35.1 miles    **Approximate Travel Time:** 55 mins      Get Reverse Directions

New 📱 Send to Phone   📄 Text Only | 🖨 Printable Version | ✉ Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom
Out

**Your Destination**
View Larger Map





© 2005 Yahoo! Inc. © 2005 NAVT

**Traffic** [ **VIEW** ]

▼ **VIEW TRAFFIC ON MA**

**SmartView** ™
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

◉ Zoom in & Re-Center   ○ Re-Center only

## Directions      Show Turn by Turn Maps

| | |
|---|---|
| 1. | Start at **6 DANA RD, MONSEY** - go < **0.1 mi** |

Yahoo! Driving Directions - Monsey, NY to New York, NY    Page 2 of 2

Case 1:06-cv-00108-JSR    Document 13-4    Filed 04/21/2006    Page 16 of 59

| 2. | Turn **L** on **YALE DR** - go **0.1 mi** |
|----|----|
| 3. | Turn **L** on **CHARLES LN** - go **0.1 mi** |
| 4. | Turn **R** on **DORSET RD** - go **0.3 mi** |
| 5. | Turn **L** on **MORRIS RD** - go **0.1 mi** |
| 6. | Turn **R** on **UNION RD** - go **0.6 mi** |
| 7. | Turn **L** on **MAPLE AVE** - go **0.2 mi** |
| 8. | Turn **R** on **MEMORIAL PARK DR** - go **0.4 mi** |
| 9. | **MEMORIAL PARK DR** becomes **DUTCH LN** - go **0.2 mi** |
| 10. | Turn **L** on **RT-59** - go **2.7 mi** |
| 11. | Take ramp onto **PALISADES INTERSTATE PKY SOUTH** toward **PALISADES INTERSTATE PARKWAY SOUTH** - go **17.7 mi** |
| 12. | Take the **GW BRIDGE** exit onto **I-95 NORTH** - go **1.9 mi** |
| 13. | Take exit #1 onto **RT-9A SOUTH** toward **DOWNTOWN** - go **9.7 mi** |
| 14. | Turn **L** on **CANAL ST** toward **HOLLAND TUNNEL** - go **0.3 mi** |
| 15. | Turn **R** on **VARICK ST** - go **0.2 mi** |
| 16. | **VARICK ST** becomes **W BROADWAY** - go **0.1 mi** |
| 17. | Turn **L** on **WORTH ST** - go **0.4 mi** |
| 18. | Arrive at **500 PEARL ST, NEW YORK** |

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

**Get New Driving Directions**

**A** **Enter starting address**
**or select from My Locations**

My Locations Sign In

-- My Locations --

Address

6 Dana Rd

City, State or Zip

Monsey, NY 10952-2305

Country

United States

**B** **Enter destination address**
**or select from My Locations**

My Locations Sign In

-- My Locations --

Address

500 Pearl St

City, State or Zip

New York, NY 10007-1316

Country

United States

Get Directions

Learn about Mobile Phone Directions

Maps | Driving Directions | Local | Yellow Pages | Real Estate

Copyright © 2006 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright/IP Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback

Driving Directions from 6 Dana Rd, Monsey, NY to 500 Pearl St, New York, NY          Page 1 of 4



| **START** 6 Dana Rd | **END** 500 Pearl St |
|---|---|
| Monsey, NY 10952-2305, US | New York, NY 10007-1316, US |

| **Total Est. Time:** | **Total Est. Distance:** |
|---|---|
| 54 minutes | 37.25 miles |

| **Maneuvers** | **Distance** |
|---|---|
| **START** **1:** Start out going SOUTH on DANA RD toward YALE DR. | <0.1 miles |
| **2:** Turn LEFT onto YALE DR. | 0.1 miles |
| **3:** Turn LEFT onto CHARLES LN. | <0.1 miles |
| **4:** Turn RIGHT onto DORSET RD. | 0.2 miles |
| **5:** Turn LEFT onto MORRIS RD. | <0.1 miles |
| **6:** Turn RIGHT onto UNION RD. | 0.5 miles |
| **7:** Turn LEFT onto MAPLE AVE. | <0.1 miles |
| **8:** Turn RIGHT onto N MAIN ST / NY-45. | 0.5 miles |
| **9:** Turn LEFT onto KOREAN WAR VETERANS MEMORIAL HWY / NY-59 / E CENTRAL AVE. Continue to follow KOREAN WAR VETERANS MEMORIAL HWY / NY-59. | 0.8 miles |
| **10:** Merge onto NEW YORK STATE THRUWAY N / I-87 N / I-287 W via the ramp on the LEFT. | 0.6 miles |
| **11:** Take the GARDEN STATE PKWY exit- EXIT 14A- toward NEW JERSEY. | 0.2 miles |
| **12:** Merge onto NEW YORK STATE THRUWAY S. | 2.6 miles |
| **13:** NEW YORK STATE THRUWAY S becomes | 9.2 miles |

Driving Directions from 6 Dana Rd, Monsey, NY to 500 Pearl St, New York, NY            Page 2 of 4

|  |  |  |
|---|---|---|
| ◇ 1 | GARDEN STATE PKWY S (Portions toll). |  |
| 17 | **14:** Merge onto NJ-17 S via EXIT 163 on the LEFT toward RT-4 / PARAMUS / G WASHINGTON BRIDGE. | 1.6 miles |
| 17 | **15:** Keep LEFT at the fork to continue on NJ-17 S. | 2.7 miles |
| 80 | **16:** Merge onto I-80 E via the ramp on the LEFT toward NEW YORK. | 2.8 miles |
| 95 | **17:** Merge onto NEW JERSEY TURNPIKE S / I-95 S via EXIT 68A toward US-46 / MEADOWLANDS SPORTS COMPLEX (Portions toll). | 5.6 miles |
| EXIT | **18:** Take EXIT 17 toward LINCOLN TUNNEL / RT-3 / SECAUCUS. | 0.6 miles |
| EXIT | **19:** Take the exit on the LEFT toward LINCOLN TUNNEL / NEW YORK. | 0.4 miles |
| 3 | **20:** Merge onto NJ-3 E toward US-1 / US-9. | 0.4 miles |
| 1&9 | **21:** NJ-3 E becomes US-1&9 S / US-9 S / US-1 S. | 2.6 miles |
| ◇ | **22:** Turn RIGHT toward RT-7 W / US-1&9-TRUCK / TONNELE AVE / JERSEY CITY. | 0.1 miles |
| RAMP | **23:** Take the US-1 N / US-9 N ramp. | 0.1 miles |
| 139 | **24:** Merge onto NJ-139 E. | 1.1 miles |
| ◇ | **25:** Stay STRAIGHT to go onto 12TH ST. | 0.2 miles |
| ◇ | **26:** 12TH ST becomes BOYLE PLZ (Portions toll). | <0.1 miles |
| ◇ | **27:** BOYLE PLZ becomes HOLLAND TUNNEL. | 1.8 miles |
| ◇ | **28:** Turn SLIGHT LEFT to stay on HOLLAND TUNNEL. | <0.1 miles |
| EXIT | **29:** Take EXIT 3 toward BROOKLYN. | <0.1 miles |

Driving Directions from 6 Dana Rd, Monsey, NY to 500 Pearl St, New York, NY    Page 3 of 4

| | | |
|---|---|---|
| **30:** | Turn SLIGHT LEFT onto BEACH ST / ERICSSON ST. Continue to follow BEACH ST. | <0.1 miles |
| **31:** | Keep RIGHT at the fork to continue on BEACH ST. | <0.1 miles |
| **32:** | BEACH ST becomes WALKER ST. | 0.3 miles |
| **33:** | Turn RIGHT onto BAXTER ST. | 0.1 miles |
| **34:** | Keep LEFT at the fork to continue on BAXTER ST. | <0.1 miles |
| **35:** | Turn RIGHT onto WORTH ST. | <0.1 miles |
| END **36:** | End at **500 Pearl St** New York, NY 10007-1316, US | |

**Total Est. Time:** 54 minutes    **Total Est. Distance:** 37.25 miles

Driving Directions from 6 Dana Rd, Monsey, NY to 500 Pearl St, New York, NY          Page 4 of 4



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.

Serial No. 08/734285

JAN 21 1997

#3

Patent Application

IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE

Inventor(s):   Hall, Robert J.

Case:          5
Serial No.:    08/734285                   Group Art Unit:
Filing Date:   October 21, 1996
Examiner:
Title:         Communications Addressing System

ASSISTANT COMMISSIONER FOR PATENTS
  WASHINGTON, D.C. 20231

SIR:

          Response to Notice to Missing Parts of Application

     Enclosed is the Declaration and Power of Attorney relating to the above-identified application.

     Please charge AT&T Corp. Deposit Account No. 01-2745 the amount of $130.00 to cover the filing fee surcharge. Duplicate copies of this letter are enclosed.

     A copy of PTO-1533, Notice to File Missing Parts of Application, is also enclosed.

                                    Respectfully,
                                    Robert J. Hall

                          By _____
                                    Samuel H. Dworetsky, Attorney
                                    Reg. No. 27873
                                    (908)204-8701

Date: 1/17/97

Atts.
Declaration and Power of Attorney
PTO-1533

AT&T Corp.
PO Box 4110
Middletown, New Jersey 07748

I hereby certify that this correspondence is being deposited with the United States Postal Service in first class mail in an envelope addressed to the Assistant Commissioner for Patents, Washington, DC, 20231, on 1/17/97

_____
                              Signature

    1/17/97
_____
                              Date of Signature



R.J. Hall 5

#3

IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE

Declaration and Power of Attorney

As the below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor of the subject matter which is claimed and for which a patent is sought on the invention entitled **Communications Addressing System** the specification of which was filed on October 21, 1996, as application Serial No. 08/734285.

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by an amendment, if any, specifically referred to in this oath or declaration.

I acknowledge the duty to disclose all information known to me which is material to patentability as defined in Title 37, Code of Federal Regulations, 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

None

I hereby claim the benefit under Title 35, United States Code, 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, 112, I acknowledge the duty to disclose all information known to me to be material to patentability as defined in Title 37, Code of Federal Regulations, 1.56 which became available between the filing date of the prior application and the national or PCT international filing date of this application:

None

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

- 2 -

R.J. Hall 5

I hereby appoint the following attorney(s) with full power of substitution and revocation, to prosecute said application, to make alterations and amendments therein, to receive the patent, and to transact all business in the Patent and Trademark Office connected therewith:

Samuel H. Dworetsky        (Reg. No. 27873)
Wendy W. Koba              (Reg. No. 30509)
Henry T. Brendzel          (Reg. No. 26844)

Please address all correspondence to Mr. S. H. Dworetsky, AT&T Corp., P. O. Box 4110, Middletown, New Jersey 07748. Telephone calls should be made to Samuel H. Dworetsky by dialing 908-204-8701.

Full name of sole inventor: Robert J. Hall

Inventor's signature _Robert J. Hall_ Date _1/16/1997_

Residence: Berkeley Heights, Union County, New Jersey

Citizenship: United States of America

Post Office Address:        79 Beech Avenue
                            Berkeley Heights, New Jersey   07922

Serial No. 08/734285

**IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE**

**PATENT APPLICATION**

Robert J. Hall

Case 5

**Serial No.** 08/734285

**Filed** October 21, 1996

**Examiner**

**Group Art Unit** 2312

**Title** Communications Addressing System

**ASSISTANT COMMISSIONER FOR PATENTS
Washington, D. C. 20231**

Sir:

## SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

In accordance with 37 CFR §1.97(b), the enclosed Supplemental Information Disclosure Statement, with attached reference, is submitted for consideration in the above-identified application.

Copies of the listed documents are enclosed together with the search report that listed these documents.

NO FEE REQUIRED.

In the event of any non-payment or improper payment of a required fee, the Commissioner is authorized to charge or to credit **AT&T Corp.** Account No. **01-2745** as required to correct the error.

Respectfully,

By

**Samuel H. Dworetsky, Attorney**
Reg. No. 27873
973-360-8120

Enc.
Supplemental Information Disclosure Statement with attachment

Date: 4/21/98
AT&T Corp.
P. O. Box 4110
Middletown, NJ 07748-4110

(PT 16 7/96)

I hereby certify that this correspondence is being deposited with the United States Postal Service in first class mail in an envelope addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231, on 4/21/98

_____
Signature

4/21/98
Date of Signature

*1*

| Form PTO-1449 (Modified) | U. S. Department of Commerce Patent and Trademark Office | Case No. 5 | | Serial No. 08/734285 |
|---|---|---|---|---|
| Information Disclosure Statement (Use several sheets if necessary) | | Applicant(s)   Robert J. Hall | | |
| SUPPLEMENTAL | | Filing Date   Oct. 21, 1996 | | Group  2312 |

**U. S. PATENT DOCUMENTS**

| Examiner Initial | | Document Number | Date | Name | Class | Subclass | Filing Date if Appropriate |
|---|---|---|---|---|---|---|---|
| | AA | | | | | | |
| | AB | | | | | | |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

**Foreign Patent Documents**

| | | Document Number | Date | Country | Class | Subclass | Translation? Yes    No |
|---|---|---|---|---|---|---|---|
| | AL | | | | | | |
| | AM | | | | | | |
| | AN | | | | | | |
| | AO | | | | | | |
| | AP | | | | | | |

**OTHER (Including author, title, date, pertinent pages, etc.)**

| | | |
|---|---|---|
| | AR | S. Kent, RFC 1422, "Privacy Enhancement for Internet Electronic Mail: Part II: Certificate-Based Key Management," Internet Engineering Task Force, Feb. 1, 1993, pp. 1-32. |
| | AS | |
| | AT | |

| Examiner | | Date Considered   7/10/98 |
|---|---|---|

*Examiner: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant(s).

Serial No. 08/734,285

IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE

**Patent Application**

| | | | |
|---|---|---|---|
| Inventor(s) | Robert J. Hall | | |
| Case | 5 | | |
| Serial No. | 08/734,285 | Group Art Unit | 2757 |
| Filing Date | October 21, 1996 | Allowed Sept. 17, 1998 | |
| Examiner | E. Ramirez | Batch No. J23 | |
| Title | Communications Addressing System | | |

ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

SIR:

<u>Response to Notice of Allowance</u>

The cover page of the Notice of Allowability states that claims 1-68 are allowed. In contrast, the second page states that "Claims 1-32, 34-83, and 85-110 have been cancelled." It appears that this latter statement is a scrivener's error, because claims 1-68 were presented in the application, and no amendments were made. Thus, the cover page statement appears to be correct, and the second page statement appears to be incorrect. It is believed that claims 1-68 stand allowed.

Applicant's attorney, David Boundy of Morgan & Finnegan, made several phone calls to the examiner to request a paper clarifying the record. As of the mailing date of this issue fee, neither a clarifying paper nor a clarifying phone call has been received.

This issue fee payment is intended to secure issue of claims 1-68. If this is incorrect, Applicant requests a phone call to Mr. Boundy at 212-415-8644.

Respectfully,
Robert J. Hall

By _____
Samuel H. Dworetsky, Attorney
Reg. No. 27873
973-360-8120

Attached:
Issue Fee

Date: November 23, 1998

Serial No. 08/734,285

#9km

IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE

**Patent Application**

| Inventor(s) | Robert J. Hall | |
|---|---|---|
| Case | 5 | |
| Serial No. | 08/734,285 | Group Art Unit 2757 |
| Filing Date | October 21, 1996 | Allowed Sept. 17, 1998 |
| Examiner | E. Ramirez | Batch No. J23 |
| Title | Communications Addressing System | |

ASSISTANT COMMISSIONER FOR PATENTS
   WASHINGTON, D.C. 20231
SIR:

RECEIVED
Publishing Division

DEC 1 ~ 1998

**ATTN: OFFICIAL DRAFTSMAN**

16

    Please make of record the enclosed eleven (11) sheets of formal drawings in the
above-identified application which was allowed on September 17, 1998. The Examiner
has approved the drawings.

                              Respectfully,
                              Robert J. Hall


                              By  S. H. Dworetsky
                              Samuel H. Dworetsky, Attorney
                              Reg. No. 27873
                              973-360-8120

Attached:
11 Sheets of Formal Drawings

AT&T Corp.
Date:  11/30/98

"Express Mail" Mailing label
    number EM161473/3575
Date of Deposit     NOV. 30 1998
    I hereby certify that this FORMAL DRAWINGS
is being deposited with the United States
Postal Service "Express Mail Post Office
to Addressee" service under 37 CFR 1.10
on the date indicated above and is
addressed to the Assistant Commissioner
of Patents and Trademarks, Washington,
D.C. 20231.  MARC RIOS
    (Printed name of person mailing paper of fee)

    (Signature of person mailing paper of fee)



59304.7

R.7.761L 5

1/11

**FIG. 1A**

(PRIOR ART)

frobboz@geewhiz.com

100   104   102

**FIG. 1B**

116   114   106

frobboz-1G77IG9AQ9-@geewhiz.com

108   110   104   112

**FIG. 4**

402   404   406   408   410

| CORRESPONDENT ADDRESS | OWN CHANNEL | CORRESPONDENT CHANNEL | OWN KEY | CORRESPONDENT KEY |
|---|---|---|---|---|
| frobboz@geewhiz.com | 1OXR7112PH | 1DDYWA7H7I | X9GWAAH4T | T7AA18MMN |
| jrandom@j.r.isp.net | 122PG3LWAW | 1CJX449HKV | ADWKBSA92 | |
| ----------- | 2AA47WX3BO | ----------- | ----------- | ----------- |
| ----------- | 2BZZB6A9FC | ----------- | ----------- | ----------- |
| info-hooha@sri.com | 0XTRR9Y6BO | ----------- | BZTGRTKI3 | ----------- |

**FIG. 5**

| OPEN CHANNELS |
|---|
| 1OXR7112PH |
| 2AA47WX3BO |
| 122PGLWAW |
| ⋮ |
| 2BZZB6A9FC |

501



FIG. 2



R.J. HALL 5

3/11

FIG. 3



| APPROVED | O.G. FIG. | |
|----------|-----------|---|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

R.J. HALL 5

4/11

FIG. 6

602 — MAIL SERVER RECEIVES A MESSAGE FROM THE NETWORK

604 — IS THE RECIPIENT'S ADDRESS (WITHOUT THE CHANNEL ID) A KNOWN USER?

NO → REJECT THE MESSAGE AND RETURN AN "UNKNOWN USER" MESSAGE TO THE SENDER — 606

YES

608 — IS THE CHANNEL ID IN THE RECIPIENT'S CHANNELS FILE?

NO → REJECT THE MESSAGE AND RETURN A "NO PERMISSION" MESSAGE TO THE SENDER — 610

YES

612 — SEND THE MESSAGE TO THE PCA

614 — IS THIS THE FIRST MESSAGE FROM THIS SENDER?

YES → PCA ENTERS THE "FROM" CHANNEL INTO THE UCDB AS WELL AS OTHER NEEDED INFORMATION — 616

NO

618 — PCA STRIPS OFF THE CHANNEL IDs FROM THE HEADER INFORMATION

620 — MESSAGE DELIVERED TO RECIPIENT



| APPROVED BY DRAFTSMAN | O.G. FIG. | |
|---|---|---|
| | CLASS | SUBCLASS |

R.J. HALL 5

5/11

FIG. 7

702 — USER COMPOSES MESSAGE AND SENDS IT TO PCA

704 — PCA EXTRACTS RECIPIENT(S) LIST

706 — ARE ANY RECIPIENTS LEFT IN THE RECIPIENT'S LIST? — NO — END — 708

YES

710 — PCA CHOOSES THE FIRST RECIPIENT FROM THE RECIPIENT LIST AND REMOVES THAT RECIPIENT FROM THE RECIPIENT LIST

711 — IS THIS THE FIRST MESSAGE TO RECIPIENT? — YES — PLACE THE RECIPIENT IN THE UCDB AND GENERATE A PRIVATE OWN CHANNEL AND OWN KEY FOR THE RECIPIENT — 713

NO

712 — PCA CONSTRUCTS A NEW VERSION OF THE MESSAGE WHICH IS IDENTICAL TO THE ORIGINAL VERSION OF THE MESSAGE EXCEPT THAT
(1) THE "FROM" ADDRESS INCLUDES THE USER'S OWN-CHANNEL IDENTIFIER FOR THAT RECIPIENT AND
(2) THE RECIPIENT'S ADDRESS IS REPLACED WITH THE CORRESPONDENT CHANNEL ADDRESS IN THE MESSAGE HEADER

714 — PCA SENDS THE NEW VERSION OF THE MESSAGE TO THE SERVER DIRECTING THE SERVER TO SEND THE MESSAGE ONLY TO THAT RECIPIENT. AN SMTP ENVELOPE IS GENERATED FOR THAT SINGLE RECIPIENT ONLY



R.J. HALL 5

6/11

## FIG. 8A

802 — FROM: hall@research.att.com

803 — TO: frobboz@geewhiz.com

804 — Cc: jrandom@j.r.isp.net

805 — {
CHUCK,
HAVE YOU HEARD FROM foo@bar.com
LATELY?
--BOB
}

## FIG. 8B

B10

802a — FROM: hall-1B8SYC8YNL-@research.att.com

803a — TO: frobboz-1G77IG9AQ9-@geewhiz.com

804a — Cc: jrandom@j.r.isp.net    B12

805a — {
CHUCK,
HAVE YOU HEARD FROM foo@bar.com
LATELY?
--BOB
}

## FIG. 10A

TO: frobboz-1DDYWA7H7I-@geewhiz.com

FROM: someone-10XR7112PH-@domain.com

-----------------------

SEND YOUR KEY X9GWAAH4T

1001        1002

## FIG. 10B

TO: someone-10XR7112PH-@domain.com

FROM: frobboz-1DDYWA7H7I-@geewhiz.com

-----------------------

MY KEY IS: T7AA1BMMN

1004        X9GWAAH4T

1006





R.J. HALL 5

8/11

*FIG. 9*

901 — A's PCA CREATES A NEW CHANNEL FOR B AND PLACES THIS IN THE CHANNELS FILE

902 — IS B's KEY LOCATED IN A's UCDB?    YES

NO

904 — A's PCA SENDS A MESSAGE TO B's PCA REQUESTING B's KEY. THE MESSAGE INCLUDES A's KEY

906 — B's PCA SENDS A's PCA B's KEY AND INCLUDES A's KEY IN THE MESSAGE. A's KEY HAS BEEN COPIED FROM A's PREVIOUS MESSAGE

908 — A's PCA RECORDS B's KEY IN A's UCDB

910 — A's PCA SENDS A MESSAGE TO B's PCA TO SWITCH CHANNELS TO A NEW CHANNEL. A's PCA SENDS A COPY OF A's KEY AND B's KEY WITH THE MESSAGE

912 — B's PCA CHANGES B's UCDB TO REFLECT THE NEW CHANNEL TO BE USED FOR A AND SENDS AN ACKNOWLEDGEMENT (ON THE OLD CHANNEL BEING SWITCHED AWAY FROM) TO A THAT THE CHANNEL HAS BEEN CHANGED. THE ACKNOWLEDGEMENT MESSAGE INCLUDES A COPY OF B's KEY AND A's KEY

914 — A's PCA CLOSES THE OLD CHANNEL FOR B AND SETS THE NEW CHANNEL IN A's UCDB AS B's CHANNEL



R.J. HALL 5

7/11

### FIG. 10C



TO:frobboz-1DDYWA7H7I-@geewhiz.com
FROM:someone-1OXR7112PH-@domain.com

------------------------

CHANGE TO CHANNEL 1L3RG3592T
1008 ⌐         T7AA1BMHN ⌐
                              1010
              X9GWAAH4T ⌐
                     1006

### FIG. 10D



TO:Someone-1OXR7112PH-@domain.com
FROM:frobboz-1DDYWA7H7I-@geewhiz.com

------------------------

ACKNOWLEDGE THE CHANGE TO CHANNEL 1L3RG3592T
   1011 ⌐      X9GWAAH4T ⌐        ⌐ 1012
                     T7AA1BMHN ⌐ 1006
                            ⌐ 1010

### FIG. 10E

1016

TO:someone-1L3RG3592T-@domain.com
FROM:frobboz-1DDYWA7H7I-@geewhiz.com

------------------------

DEAR TIM:

      HOW IS THE PROJECT PROGRESSING? PLEASE LET ME
KNOW AT YOUR EARLIEST CONVENIENCE.

                     JOAN

| APPROVED | O.G. FIG. | |
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

R.J. HALL 5

9/11

# FIG. 11





*FIG. 12*



| APPROVED | O.G. FIG. | |
|----------|-----------|---|
| BY | CLASS | SUBCLASS |
| DRAFTSMAN | | |

R.J. HALL 5

11/11

FIG. 13

1301 — CALLER SENDS CALL SETUP REQUEST TO USER'S SERVER WITH USER ADDRESS (INCLUDING CHANNEL ID)

1302 — USER'S SERVER CHECKS ADDRESS FOR VALID USER? —NO→ 1303 REFUSE CALL SETUP REQUEST

YES

1304 — VALID CHANNEL FOR USER? (i.e. CHANNEL ID IN CHANNELS FILE?) —NO→ 1306 REFUSE CALL SETUP REQUEST

YES

1308 — SETUP CALL AS USUAL (RING USER'S PHONE, ETC.)

FIG. 14

1402 — USER DIALS ACCESS NUMBER OF PCA

1404 — USER AUTHENTICATES WITH PCA (e.g. ENTERS PIN)

1406 — USER ENTERS TOUCH TONE SEQUENCE IDENTIFYING CALL RECIPIENT TO PCA (e.g. 10-DIGIT PHONE NUMBER)

1410 PCA PLACES CALL TO CHANNELIZED TELEPHONE ADDRESS OF CALLER ←YES— 1408 IS THE CALL RECIPIENT'S CHANNEL ID IN USER'S UCDB? —NO→ 1412 PCA PLACES CALL TO ORIGINAL TOUCH TONE SEQUENCE ENTERED BY USER

1414 — CALL PROCEEDS AS USUAL

| BAR CODE LABEL | | | | U.S. PATENT APPLICATION | | |
|---|---|---|---|---|---|---|
| **SERIAL NUMBER** | | | **FILING DATE** | **CLASS** | | **GROUP ART UNIT** |
| 08/734,285 | | | 10/21/96 | 395 | | 2312 |

**APPLICANT** ROBERT J. HALL, BERKELEY HEIGHTS, NJ.

**CONTINUING DATA*****************
VERIFIED

_____

**FOREIGN/PCT APPLICATIONS***********
VERIFIED

_____

FOREIGN FILING LICENSE GRANTED 02/24/97

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| NJ | 15 | 68 | 2 | $2,116.00 | HALL-5 |

**ADDRESS**
SAMUEL H DWORETSKY
AT AND T  CORP
P O BOX 4110
MIDDLETOWN NJ 07748

**TITLE** COMMUNICATIONS ADDRESSING SYSTEM

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date _____                Certifying Officer _____

EXHIBIT 18



## Patent Attorneys and Agents Registered to Practice before the US Patent and Trademark Office

**Result of search for "32537":**

Murray, Michael
Milbank Tweed Hadley and McCloy LLP
One Chase Manhattan Plaza
New York NY US 10005
212-530-5424
32537
Attorney

Yahoo! Driving Directions - New York, NY to Wilmington, DE          Page 1 of 3

Case 1:06-cv-00108-JJF    Document 13-4    Filed 04/21/2006    Page 42 of 59



Yahoo! | My Yahoo! | Mail    Make Yahoo your home page

**YAHOO!** LOCAL **Sign In**
Maps    New User? Sign Up

Search
the Web

Maps Home - N



# Yahoo! Driving Directions

Maps | **Driving Directions** [MY YAHOO!]

Starting from: **A** 1 Chase Manhattan Plz, New York, NY 10005-1401 Save Address

Arriving at: **B** 844 N King St, Wilmington, DE 19801-3519 Save Address

Distance: 127.2 miles    Approximate Travel Time: 1 hour 57 mins

Get Reverse Directions

New [ ] Send to Phone | [ ] Text Only | [ ] Printable Version | [ ] Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom
Out

**Your Destination**
View Larger Map



Traffic [VIEW]

VIEW TRAFFIC ON MA

**SmartView** tm
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

● Zoom in & Re-Center    ○ Re-Center only

**Directions**                                    Show Turn by Turn Maps

| 1. | Start at **1 CHASE MANHATTAN PLZ, NEW YORK** on **PINE ST** - go **0.1 mi** |
|----|-----|

Yahoo! Driving Directions - New York, NY to Wilmington, DE          Page 2 of 3

Case 1:06-cv-00108-JJF     Document 13-4     Filed 04/21/2006     Page 43 of 59

| 2. | Turn **L** on **BROADWAY** - go **0.3** mi |
| 3. | Turn **R** on **BATTERY PL** - go **0.1** mi |
| 4. | Turn **R** on **WEST ST** - go **1.4** mi |
| 5. | Turn **R** on **WATTS ST** - go **0.2** mi |
| 6. | Bear **R** on **CANAL ST** - go **< 0.1** mi |
| 7. | Turn **L** on **HOLLAND TUNL** toward **NEW JERSEY** - go **1.9** mi |
| 8. | Continue on **14TH ST** - go **0.3** mi |
| 9. | **14TH ST** becomes **I-78 WEST** - go **8.0** mi |
| 10. | Take the **I-95 SOUTH** exit toward **CARS/TRUCKS-BUSES** - go **36.2** mi |
| 11. | **I-95 SOUTH** becomes **NEW JERSEY TPKE SOUTH** - go **67.9** mi |
| 12. | **NEW JERSEY TPKE SOUTH** becomes **US-40 WEST** - go **0.5** mi |
| 13. | **US-40 WEST** becomes **I-295 SOUTH** - go **5.6** mi |
| 14. | Take the **I-95 L** exit toward **WILMINGTON** - go **3.7** mi |
| 15. | Take exit #7 toward **DELAWARE AVE.** - go **0.2** mi |
| 16. | Turn **L** on **N ADAMS ST** - go **0.2** mi |
| 17. | Turn **R** on **DELAWARE AVE** - go **0.2** mi |
| 18. | Bear **L** on **11TH ST** - go **0.4** mi |
| 19. | Turn **R** on **N KING ST** - go **0.2** mi |
| 20. | Arrive at **844 N KING ST, WILMINGTON** |

## Yahoo! Travel Deals

**Car Rentals** - Search for a car rental in Wilmington
**Hotels** - Search for hotels in Wilmington

**Disclaimer**
*Some taxes and fees additional. **Learn more**.
**Sign Up For Best Fare Alerts**

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

## Get New Driving Directions



**A** Enter starting address
or select from My Locations

**B** Enter destination address
or select from My Locations

My Locations Sign In
-- My Locations --
Address
1 Chase Manhattan Plz
City, State or Zip
New York, NY 10005-1401
Country

My Locations Sign In
-- My Locations --
Address
844 N King St
City, State or Zip
Wilmington, DE 19801-3519
Country

United States ▼          United States ▼

Get Directions

**Learn about Mobile Phone Directions**

Maps | Driving Directions | Local | Yellow Pages | Real Estate

Copyright © 2006 Yahoo! Inc. All rights reserved.
Privacy Policy - Terms of Service - Copyright/IP Policy - Yahoo! Maps Terms of Use - Help - Ad Feedback



**START** **1 Chase Manhattan Plz**
New York, NY 10005-1401,
US

**END** **844 N King St**
Wilmington, DE 19801-
3519, US

**Total Est. Time:**
2 hours, 12 minutes

**Total Est. Distance:**
124.56 miles

## Maneuvers                                                    Distance

| | | |
|---|---|---|
| **START** | **1:** Start out going NORTHWEST on PINE ST toward NASSAU ST. | 0.1 miles |
| | **2:** Turn LEFT onto BROADWAY. | 0.2 miles |
| | **3:** Turn RIGHT onto BATTERY PL. | 0.1 miles |
| | **4:** Turn RIGHT onto WEST ST. | 1.3 miles |
| | **5:** Turn RIGHT onto WATTS ST. | 0.1 miles |
| | **6:** Turn SLIGHT RIGHT onto CANAL ST. | <0.1 miles |
| | **7:** Turn LEFT onto HOLLAND TUNNEL / HUDSON ST. | <0.1 miles |
| | **8:** Turn SLIGHT LEFT onto HOLLAND TUNNEL / HUDSON ST. Continue to follow HOLLAND TUNNEL. | 1.8 miles |
| | **9:** HOLLAND TUNNEL becomes 14TH ST. | 0.2 miles |
| | **10:** 14TH ST becomes I-78 W (Portions toll). | 8.0 miles |
| | **11:** Take the I-95 S / TURNPIKE SOUTH exit. | 0.6 miles |
| | **12:** Take the exit toward CARS / TRUCKS-BUSES. | 0.4 miles |
| | **13:** Merge onto NEW JERSEY TURNPIKE S (Portions toll). | 103.7 miles |
| | **14:** NEW JERSEY TURNPIKE S becomes I- | 3.5 miles |

| | | |
|---|---|---|
| **295** | 295 S / US-40 W (Portions toll). | |
| **9** | **15:** Merge onto NEW CASTLE AVE / DE-9 N. | 1.1 miles |
| | **16:** Turn LEFT onto ROGERS RD. | 0.7 miles |
| **13 BR** | **17:** Turn SLIGHT RIGHT onto S MARKET ST / US-13 BR N. Continue to follow US-13 BR N. | 1.8 miles |
| | **18:** Turn LEFT onto E 10TH ST. | 0.1 miles |
| **13 BR** | **19:** Turn LEFT onto N KING ST / US-13 BR S. | 0.1 miles |
| **END** | **20:** End at **844 N King St** Wilmington, DE 19801-3519, US | |

**Total Est. Time:** 2 hours, 12 minutes    **Total Est. Distance:** 124.56 miles



All rights reserved. Use Subject to License/Copyright

These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.

Yahoo! Driving Directions - New York, NY                                    Page 1 of 2

Case 1:06-cv-00108-JJF    Document 13-4    Filed 04/21/2006    Page 48 of 59





# Yahoo! Driving Directions

Maps | **Driving Directions**  

**Starting from:** **A** 1 Chase Manhattan Plz, New York, NY 10005-1401  Save Address

**Arriving at:** **B** 500 Pearl St, New York, NY 10007-1316  Save Address

**Distance:** 1.8 miles    **Approximate Travel Time:** 5 mins                    Get Reverse Directions

New | Send to Phone | Text Only | Printable Version | Email Directions

**Your Full Route**
Zoom In -
1st.3city567state910-
Zoom
Out

**Your Destination**
View Larger Map

© 2005 Yahoo! Inc. © 2005 NAVTEQ

**Traffic** VIEW

VIEW TRAFFIC ON MA

**SmartView** tm
See locations on this map

- Restaurants
- Hotels
- ATMs
- Gas Stations
- More

What's this?

⊙ Zoom in & Re-Center    ◯ Re-Center only

## Directions

                                                                Show Turn by Turn Maps

| 1. | Start at **1 CHASE MANHATTAN PLZ, NEW YORK** on **PINE ST** - go **0.1 mi** |
|----|------|

Yahoo! Driving Directions - New York, NY        Page 2 of 2

Case 1:06-cv-00108-JJF    Document 13-4    Filed 04/21/2006    Page 49 of 59

| 2. | Turn **L** on **BROADWAY** - go **0.3** mi |
|----|----|
| 3. | Continue on **STATE ST** - go **0.2** mi |
| 4. | Bear **L** on **WATER ST** - go **0.6** mi |
| 5. | Continue on **PEARL ST** - go **0.3** mi |
| 6. | Continue on **ST JAMES PL** - go **0.2** mi |
| 7. | **ST JAMES PL** becomes **WORTH ST** - go **0.1** mi |
| 8. | Arrive at **500 PEARL ST, NEW YORK** |

When using any driving directions or map, it's a good idea to do a reality check and make sure the road still exists, watch out for construction, and follow all traffic safety precautions. This is only to be used as an aid in planning.

**Get New Driving Directions**

**A** **Enter starting address**   **B** **Enter destination address**
   **or select from My Locations**    **or select from My Locations**

My Locations <u>Sign In</u>          My Locations <u>Sign In</u>

-- My Locations --        -- My Locations --

Address                             Address

1 Chase Manhattan Plz        500 Pearl St

City, State or Zip                    City, State or Zip

New York, NY 10005-1401    New York, NY 10007-1316

Country                            Country

United States             United States

**Get Directions**

**Learn about Mobile Phone Directions**

<u>Maps</u> | <u>Driving Directions</u> | <u>Local</u> | <u>Yellow Pages</u> | <u>Real Estate</u>

Copyright © 2006 Yahoo! Inc. All rights reserved.
<u>Privacy Policy</u> - <u>Terms of Service</u> - <u>Copyright/IP Policy</u> - <u>Yahoo! Maps Terms of Use</u> - <u>Help</u> - <u>Ad Feedback</u>



**MAPQUEST.**

**START** **1 Chase Manhattan Plz**
New York, NY 10005-1401,
US

**END** **500 Pearl St**
New York, NY 10007-1316,
US

**Total Est. Time:**
7 minutes

**Total Est. Distance:**
1.80 miles

## Maneuvers                                    Distance

| | | |
|---|---|---|
| **START** | **1:** Start out going NORTHWEST on PINE ST toward NASSAU ST. | 0.1 miles |
| | **2:** Turn LEFT onto BROADWAY. | 0.2 miles |
| | **3:** Keep LEFT at the fork to continue on BROADWAY. | 0.1 miles |
| | **4:** Turn LEFT onto STONE ST. | <0.1 miles |
| | **5:** Turn RIGHT onto BROAD ST. | <0.1 miles |
| | **6:** Turn LEFT onto WATER ST. | 0.5 miles |
| | **7:** WATER ST becomes PEARL ST. | 0.3 miles |
| | **8:** PEARL ST becomes ST JAMES PL. | 0.2 miles |
| | **9:** ST JAMES PL becomes WORTH ST. | 0.1 miles |
| **END** | **10:** End at **500 Pearl St** New York, NY 10007-1316, US | |

**Total Est. Time:** 7 minutes    **Total Est. Distance:** 1.80 miles

Driving Directions from 1 Chase Manhattan Plz, New York, NY to 500 Pearl St, New Yo...    Page 2 of 2



All rights reserved. Use Subject to License/Copyright
These directions are informational only. No representation is made or warranty given as to their content, road conditions or route usability or expeditiousness. User assumes all risk of use. MapQuest and its suppliers assume no responsibility for any loss or delay resulting from such use.



PATENT Docket No. Hall 5 (2455-4299)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s): Robert J. Hall

Serial No. : 08/734,285

Filed : October 21, 1996

Group Art Unit : 2312

For : COMMUNICATIONS ADDRESSING SYSTEM

Examiner :

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

RECEIVED
MAY -5 97
GROUP 2600

INFORMATION DISCLOSURE STATEMENT

Applicant submits the prior art as listed on the accompanying Form 1449.

This Information Disclosure Statement is filed in accordance with 37 C.F.R. §§1.56, 1.97 and 1.98. The items listed on Form PTO-1449, a copy of which is enclosed, may be deemed to be pertinent to the above-identified application and are made of record to assist the Patent and Trademark Office in its examination of this application. The Examiner is respectfully requested to fully consider the items and to independently ascertain their teaching.

No fee is due for this Information Disclosure Statement since it is being filed in compliance with 37 C.F.R. §1.97(b)(3), before the mailing date of a first Office action on the merits.

285934_1

Serial No. 08/734,285   Atty. Docket No. Hall 5

The Assistant Commissioner is hereby authorized to charge any additional fees which may be required for this Information Disclosure Statement, or credit any overpayment to Deposit Account No. 01-2745, Order No. Hall 5.

Respectfully submitted,

MORGAN & FINNEGAN, L.L.P.

Dated: _April 9, 1997_

By: _____

Registration No. _32537_

Mailing Address:

MORGAN & FINNEGAN, L.L.P
345 Park Avenue
New York, New York 10154
(212) 758-4800
(212) 751-6849 Telecopier

RECEIVED
MAY -5 97
GROUP 2600

285934_1                                   2

67369 U.S. PTO

2

Sheet _1_ of _2_

| U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. Hall 5 (2455-4299) | SERIAL NO. 08/734,285 |
| --- | --- | --- |
| **INFORMATION DISCLOSURE CITATION** | APPLICANT(S) Robert J. Hall | |
| *(Use several sheets if necessary)* | FILING DATE 10/21/96 | GROUP AKT UNIT 2312 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | |
| | | | | | | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Papers, Etc.)*

| | |
| --- | --- |
| | Blum et al.: A Simple Unpredictable Pseudo-Random Number Generator, SIAM Journal of Computing, vol. 15 no. 2 p. 364 (May 1986) |
| | Borenstein & Thyberg: Power, ease of use and cooperative work in a practical multimedia message system, Int'l J. Man-Machine Studies 34(1) 229-259 (1991) |
| | Dusse: S/MIME Message Specification, RSA Data Security Inc. (Sept. 1996) |
| | Dusse and Matthews: S/MIME: Anatomy of a Secure E-mail Standard, RSA Data Security Inc., printed from http://www.ema.org/html/pubs/mmv2n4/s-mime.htm on 10/18/96, original publication date unknown. |
| | Myers & Rose: Request for Comments 1725, Post Office Protocol - Version 3. University of California at Berkeley. http://cobweb.berkeley.edu/Web/Hypertext/ Popper/rfc1725.txt (November 1994). |
| | RSA Data Security, Inc.: S/MIME Implementation Guide, Interoperability Profile, Version I, S/MIME Editor. ftp://ftp.rsa.com/pub/S-MIME/smimeimp.txt (August 1995). |
| | RSA Data Security, Inc.: S/MIME Central. Retrieved from the web, http://www.rsa.com/rsa/S-MIME on 10/18/96; original publication date unknown. |

| EXAMINER | DATE CONSIDERED 9/b/9Y |
| --- | --- |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

285934_1

3

67369 U.S. PTO

3

04/15/09

Sheet _2_ of _2_

| FORM PTO-1449 DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. Hall 5 (2455-4299) | | SERIAL NO. 08/734,285 |
|---|---|---|---|
| INFORMATION DISCLOSURE CITATION | APPLICANT(S) Robert J. Hall | | |
| (Use several sheets if necessary) | FILING DATE 10/21/96 | | GROUP ART UNIT 2312 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Papers, Etc.)

| | | |
|---|---|---|
| ✓ | | Schiller: MIT distribution site for PGP, http://web.mit.edu/network/pgp.html |
| | | (9/4/96). |
| ✓ | | University of California at Berkeley: popper-1.831 beta README file, http://avalon.phys.hokudai.ac.jp/pub/hp...-1.831beta/popper-1.831beta.README.html (1991) |
| ✓ | | University of California at Berkeley: popper Maintenance Procedures |
| | | http://ptolemy.eecs.berkeley.edu/cgi-bin/man?popper (August 1990) |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED 3/20/98 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

285934_1

4



PATENT  Docket No. Hall 5 (2455-4299)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s): Robert J. Hall                                  Serial No. : 08/734,285

Filed  : October 21, 1996                                     Group Art Unit : 2312

For    : COMMUNICATIONS ADDRESSING SYSTEM                     Examiner :

ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C.  20231

### INFORMATION DISCLOSURE STATEMENT

Applicant submits the prior art as listed on the accompanying Form 1449.

RECEIVED
MAY -5 97
GROUP 2600

This Information Disclosure Statement is filed in accordance with 37 C.F.R. §§1.56, 1.97 and 1.98. The items listed on Form PTO-1449, a copy of which is enclosed, may be deemed to be pertinent to the above-identified application and are made of record to assist the Patent and Trademark Office in its examination of this application. The Examiner is respectfully requested to fully consider the items and to independently ascertain their teaching.

No fee is due for this Information Disclosure Statement since it is being filed in compliance with 37 C.F.R. §1.97(b)(3), before the mailing date of a first Office action on the merits.

285934_1

Serial No. 08/734,285　Atty. Docket No. Hall 5

The Assistant Commissioner is hereby authorized to charge any additional fees which may be required for this Information Disclosure Statement, or credit any overpayment to Deposit Account No. 01-2745, Order No. Hall 5.

Respectfully submitted,

MORGAN & FINNEGAN, L.L.P.

Dated: _April 9, 1997_

By: _____

Registration No. _32 537_

Mailing Address:

MORGAN & FINNEGAN, L.L.P
345 Park Avenue
New York, New York 10154
(212) 758-4800
(212) 751-6849 Telecopier

RECEIVED
MAY - 5 97
GROUP 2600

283934_1

2

67369 U.S. PTO

2

Sheet __1__ of __2__

| U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. Hall 5 (2455-4299) | SERIAL NO. 08/734,285 |
|---|---|---|
| **INFORMATION DISCLOSURE CITATION** | APPLICANT(S) Robert J. Hall | |
| *(Use several sheets if necessary)* | FILING DATE 10/21/96 | GROUP ART UNIT 2312 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Papers, Etc.)

| | | |
|---|---|---|
| ✓ | | Blum et al.: A Simple Unpredictable Pseudo-Random Number Generator, SIAM Journal of Computing, vol. 15 no. 2 p. 364 (May 1986) |
| ✓ | | Borenstein & Thyberg: Power, ease of use and cooperative work in a practical multimedia message system, Int'l J. Man-Machine Studies 34(1) 229-259 (1991) |
| ✓ | | Dusse: S/MIME Message Specification, RSA Data Security Inc. (Sept. 1996) |
| ✓ | | Dusse and Matthews: S/MIME: Anatomy of a Secure E-mail Standard, RSA Data Security Inc., printed from http://www.ema.org/html/pubs/mmv2n4/s-mime.htm on 10/18/96, original publication date unknown. |
| ✓ | | Myers & Rose: Request for Comments 1725, Post Office Protocol – Version 3. University of California at Berkeley. http://cobweb.berkeley.edu/Web/Hypertext/Popper/rfc1725.txt (November 1994). |
| ✓ | | RSA Data Security, Inc.: S/MIME Implementation Guide, Interoperability Profile, Version 1, S/MIME Editor. ftp://ftp.rsa.com/pub/S-MIME/smimeimp.txt (August 1995). |
| ✓ | | RSA Data Security, Inc.: S/MIME Central. Retrieved from the web, http://www.rsa.com/rsa/S-MIME on 10/18/96; original publication date unknown. |

| EXAMINER | DATE CONSIDERED 9/b/9Y |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

285934_1

3

67369 U.S. PTO

3

Sheet __2__ of __2__

04/15/97 FORM PTO-1449  U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

INFORMATION DISCLOSURE CITATION

*(Use several sheets if necessary)*

| ATTY. DOCKET NO.<br>Hall 5 (2455-4299) | SERIAL NO.<br>08/734,285 |
| APPLICANT(S) Robert J. Hall | |
| FILING DATE<br>10/21/96 | GROUP ART UNIT<br>2312 |

### U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Papers, Etc.)*

| | | |
|---|---|---|
| | Schiller: MIT distribution site for PGP, http://web.mit.edu/network/pgp.html | |
| | (9/4/96). | |
| | University of California at Berkeley: popper-1.831 beta README file, | |
| | http://avalon.phys.hokudai.ac.jp/pub/hp...-1.831beta/popper- | |
| | 1.831beta.README.html (1991) | |
| | University of California at Berkeley: popper Maintenance Procedures | |
| | http://ptolemy.eecs.berkeley.edu/cgi-bin/man?popper (August 1990) | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| EXAMINER | DATE CONSIDERED |
|---|---|
| | 5/20/98 |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

EXHIBIT 19

**SchedF**

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
### Bankruptcy Petition #: 04-16747-jmp

*Assigned to:* Judge James M. Peck        *Date Filed:* 10/20/2004
Chapter 11
Voluntary
Asset

**Zoetics, Inc.**       represented by **B. Lane Hasler**
270 Lafayette                      B. Lane Hasler P.C.
Suite 1202                       5450 Fairmont Road
New York, NY 10012         Libertyville, IL 60048
Tax id: 11-2914259          (312) 893-0551
***Debtor***                        Fax : 312-893-0551
                             Email: lanehasler@hotmail.com

**United States Trustee**
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500
***U.S. Trustee***

| Filing Date | # | Docket Text |
|---|---|---|
| 10/20/2004 | <u>1</u> | Voluntary Petition (Chapter 11). Order for Relief Entered.. Filed by B. Lane Hasler of B. Lane Hasler P.C. on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |
| 10/20/2004 | | Receipt of Voluntary Petition (Chapter 11)(04-16747) [misc,824] ( 839.00) Filing Fee. Receipt number 2761413. Fee amount 839.00. (U.S. Treasury) (Entered: 10/20/2004) |
| 10/20/2004 | <u>2</u> | Matrix *20 Largest Unsecured Creditors* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |
| 10/20/2004 | <u>3</u> | Matrix *Officer's Certification of 20 Largest Unsecured Creditors* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |
| 10/20/2004 | <u>4</u> | Matrix *Creditor Matrix* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |

| 10/20/2004 | 5 | Matrix *Verification of Creditor Matrix* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |
|---|---|---|
| 10/20/2004 | 6 | Affidavit *Rule 1007 Affidavit* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |
| 10/20/2004 | 7 | Affidavit *Rule 1007 Affidavit Exhibit A* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |
| 10/20/2004 | 8 | Affidavit *Rule 1007 Affidavit Exhibit B* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/20/2004) |
| 10/26/2004 | 9 | Initial Case Conference Order Signed on 10/26/2004, with Hearing to be Held on 12/7/2004 at 10:00 AM at Courtroom 617 (ALG) (Porter, Marguerite) (Entered: 10/26/2004) |
| 11/24/2004 | 10 | Matrix *of Creditors* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 11/24/2004) |
| 11/30/2004 | 11 | Certificate of Service *re Order Scheduling Initial Case Conference* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 11/30/2004) |
| 12/02/2004 | 12 | Appointment of Official Creditors' Committee *of Unsecured Creditors* filed by Pamela Jean Lustrin on behalf of United States Trustee. (Lustrin, Pamela) (Entered: 12/02/2004) |
| 12/03/2004 | 13 | Notice of Appearance *Notice of Change Of Address For B. Lane Hasler, P.C. - Counsel For Debtor* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/03/2004) |
| 12/03/2004 | 14 | Request for 341(a) Notice with 341(a) meeting to be held on 1/10/2005 at 02:30 PM at 80 Broad St., 2nd Floor, USTM. (Tetzlaff, Deanna) (Entered: 12/03/2004) |
| 12/04/2004 | 15 | Application to Employ *B. Lane Hasler, P.C. as Counsel for Debtor and Debtor In Possession* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with presentment to be held on 12/23/2004 at 10:00 AM at Courtroom 617 (ALG) (Hasler, B.) (Entered: 12/04/2004) |
| 12/04/2004 | 16 | Notice of Proposed Order *Granting Application For Order Authorizing Debtor and Debtor-In-Possession to Retain and Employ B. Lane Hasler, P.C. as Counsel* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 12/20/2004, (Hasler, B.) (Entered: 12/04/2004) |
| 12/04/2004 | 17 | Application to Extend Time to File Schedules filed by B. Lane Hasler |

| | | |
|---|---|---|
| | | on behalf of Zoetics, Inc.. with presentment to be held on 12/23/2004 at 10:00 AM at Courtroom 617 (ALG) (Hasler, B.) (Entered: 12/04/2004) |
| 12/04/2004 | 18 | Notice of Proposed Order *Granting Motion For Order Granting Additional Time to File Schedules and Statements* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 12/20/2004, (Hasler, B.) (Entered: 12/04/2004) |
| 12/04/2004 | 19 | Motion to Allow *Debtor and Debtor in Possession to (A) Maintain Existing Bank Accounts, and (B) Continue to Use Existing Business Forms* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 12/20/2004, (Hasler, B.) (Entered: 12/04/2004) |
| 12/04/2004 | 20 | Notice of Proposed Order *on Motion by Debtor and Debtor in Possession For Order Authorizing (A) Maintenance of Existing Bank Accounts, and (B) Continued Use of Existing Business Forms* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 12/20/2004, (Hasler, B.) (Entered: 12/04/2004) |
| 12/04/2004 | 21 | Motion to Authorize *The Payment of Pre-Petition Wages, Salaries and Reimbursable Expenses of Debtor's Employees* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 12/20/2004, (Hasler, B.) (Entered: 12/04/2004) |
| 12/04/2004 | 22 | Notice of Proposed Order *Granting Motion For An Order Pursuant to Bankruptcy Code Section 105(a) Authorizing The Payment of Pre-Petition Wages, Salaries and Reimbursable Expenses Of Debtor's Employees* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 12/20/2004, (Hasler, B.) (Entered: 12/04/2004) |
| 12/05/2004 | 23 | Notice of 341(a) Meeting of Creditors with Certificate of Mailing. (related document(s) (Related Doc # 14)) . Service Date 12/05/2004. (Admin.) (Entered: 12/06/2004) |
| 12/15/2004 | 24 | Operating Report *For Petition Date to November 30, 2004* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/15/2004) |
| 12/15/2004 | 25 | Matrix *Amended List of 20 Largest Unsecured Creditors* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/15/2004) |
| 12/20/2004 | 26 | Notice of Proposed Order *Authorizing Debtor and Debtor-In-Possession to Retain and Employ Eckert Seamans Chernin & Mellott as Special Intellectual Property Counsel* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 1/6/2005, (Hasler, B.) |

| | | (Entered: 12/20/2004) |
|---|---|---|
| 12/20/2004 | 27 | Application to Employ *Eckert Seamans Cherin & Mellott as Special Intellectual Property Counsel* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with presentment to be held on 1/7/2005 at 10:00 AM at Courtroom 617 (ALG) (Hasler, B.) (Entered: 12/20/2004) |
| 12/20/2004 | 28 | Certificate of Service *Re Application For Order Authorizing Debtor and Debtor-In-Possession to Retain and Employ Eckert Seamans Chernin & Mellott as Special Intellectual Property Counsel* (related document(s)27) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/20/2004) |
| 12/20/2004 | 29 | Request for Case Reassignment Notice. Judge Allan L. Gropper Terminated from the case. Judge Cornelius Blackshear added to the case. (Tetzlaff, Deanna) (Entered: 12/20/2004) |
| 12/22/2004 | 30 | Certificate of Mailing Re: Case Reassignment Notice. (related document(s) (Related Doc # 29)) . Service Date 12/22/2004. (Admin.) (Entered: 12/23/2004) |
| 12/30/2004 | 31 | Notice of Proposed Order *Approving Compromise and Settlement of Claims of Court Square Leasing Corporation Under Equipment Lease Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) - Presentment Date 1/19/05* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 1/14/2005, (Hasler, B.) (Entered: 12/30/2004) |
| 12/30/2004 | 32 | Motion to Approve Compromise *and Settlement of Claims of Court Square Leasing Corporation Under Equipment Lease Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)* (related document(s) 31) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/30/2004) |
| 12/30/2004 | 33 | Certificate of Service *for Notice of Presentment of Motion Approving Compromise and Settlement of Claims of Court Square Leasing Corporation Under Equipment Lease Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)* (related document(s)31) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/30/2004) |
| 12/31/2004 | 34 | Notice of Proposed Order *Approving Compromise and Settlement of Professional Fees of BDO Seidman LLP Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) - Presentment Date 1/19/05* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 1/14/2005, (Hasler, B.) (Entered: 12/31/2004) |
| | | |

| 12/31/2004 | 35 | Motion to Approve Compromise *and Settlement of Professional Fees of BDO Seidman LLP Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)* (related document(s)34) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/31/2004) |
| --- | --- | --- |
| 12/31/2004 | 36 | Certificate of Service *for Notice of Presentment of Motion Approving Compromise and Settlement of Professional Fees of BDO Seidman LLP Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)* (related document(s)34) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/31/2004) |
| 12/31/2004 | 37 | Notice of Proposed Order *Authorizing Debtor and Debtor-In-Possession to Retain and Employ Cohen, Doren, Addeo & Co., LLC As Accountant, Auditors and Tax Advisors* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 1/14/2005, (Hasler, B.) (Entered: 12/31/2004) |
| 12/31/2004 | 38 | Application to Employ *Cohen, Doren, Addeo & Co., LLC as Accountants, Auditors and Tax Advisors - Presentment Date 1/19/05* (related document(s)37) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/31/2004) |
| 12/31/2004 | 39 | Certificate of Service *for Notice of Presentment of Application For Order Authorizing Debtor and Debtor-In-Possession to Retain and Employ Cohen, Doren, Addeo & Co., LLC as Accountants, Auditors and Tax Advisors* (related document(s)37) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/31/2004) |
| 12/31/2004 | 40 | Schedules *Schedule A - Real Property* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/31/2004) |
| 12/31/2004 | 41 | Schedules *Schedule B - Personal Property* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/31/2004) |
| 12/31/2004 | 42 | Schedules *Schedule D - Secured Claims* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/31/2004) |
| 01/01/2005 | 43 | Schedules *Schedule E - Unsecured Priority Claims* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/01/2005) |
| 01/01/2005 | 44 | Schedules *Schedule F - General Unsecured Claims* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/01/2005) |
| 01/01/2005 | 45 | Schedules *Schedule G - Executory Contracts and Unexpired Leases* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/01/2005) |

| 01/02/2005 | 46 | Statement of Financial Affairs filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/02/2005) |
| 01/11/2005 | 47 | Order Signed On: 1/11/2005 Granting Application To Employ B. Lane Hasler, P.C. as Counsel To The Debtor. (Related Doc # 15) (McFadden, Darryl) (Entered: 01/11/2005) |
| 01/11/2005 | 48 | Order Signed On: 1/11/2005 Granting Application To Employ Cohen, Doren, Addeo & Co., LLC as Accountants To The Debtor. (Related Doc # 38) (McFadden, Darryl) (Entered: 01/11/2005) |
| 01/11/2005 | 49 | Order Signed On: 1/11/2005 Granting Application To Employ Eckert Seamans Cherin & Mellott as Special Intellectual Property Counsel To The Debtor. (Related Doc # 27) (McFadden, Darryl) (Entered: 01/11/2005) |
| 01/11/2005 | 50 | Order Signed On: 1/11/2005 Granting Motion To Authorize Payment of Pre-Petition Wages and Salaries and Reimbursable Expenses. (Related Doc # 21) (McFadden, Darryl) (Entered: 01/11/2005) |
| 01/11/2005 | 51 | Order Signed On: 1/11/2005 Withdrawing Motion To Extend Time To File Schedules and Statements. (Related Doc # 17) (McFadden, Darryl) (Entered: 01/11/2005) |
| 01/15/2005 | 52 | Notice of Proposed Order *Under Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Privet Financial LLC* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 1/21/2005, (Hasler, B.) (Entered: 01/15/2005) |
| 01/15/2005 | 53 | Operating Report *For December 2004* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/15/2005) |
| 01/19/2005 | 54 | Order Signed On: 1/11/2005 Granting Motion To Authorize Debtor-In-Possession To (A) Maintain Existing Bank Accounts and (B) Continue To Use Existing Business Forms. (Related Doc # 19) (McFadden, Darryl) (Entered: 01/19/2005) |
| 01/19/2005 | 55 | Order Signed On: 1/19/2005 Granting Motion To Approve Compromise and Settlement of Controversies Relating To BDO Seidman LLP Professional Fees. (Related Doc # 35) (McFadden, Darryl) (Entered: 01/19/2005) |
| 01/19/2005 | 56 | Order Signed On: 1/19/2005 Granting Motion To Approve Compromise and Settlement of Claims of Court Square Leasing Corporation Under Equipment Lease. (Related Doc # 32) (McFadden, Darryl) (Entered: 01/19/2005) |

| 01/25/2005 | 57 | Order Signed On: 1/25/2005 Directing The Bankruptcy Rule 2004 Examination and Production of Documents of Privet Financial, Inc. (related document(s)52) (McFadden, Darryl) (Entered: 01/25/2005) |
| 01/27/2005 | 58 | Amended Schedule F *General Unsecured Creditors* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/27/2005) |
| 02/08/2005 |  | Receipt of Amended Schedule F (fee)(04-16747-cb) [misc,966] ( 26.00) Filing Fee. Receipt number 156279. Fee amount 26.00. (Acosta) (Entered: 02/08/2005) |
| 02/15/2005 | 59 | Notice of Proposed Order *Extending Debtor in Possession's Exclusive Right to File Plan of Reorganization and Seek Confirmation Thereof* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 2/22/2005, (Hasler, B.) (Entered: 02/15/2005) |
| 02/15/2005 | 60 | Motion to Extend Time - *Motion For Order Extending Debtor In Possession's Exclusive Right to File Plan of Reorganization and Seek Confirmation Thereof* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 2/22/2005, (Hasler, B.) (Entered: 02/15/2005) |
| 02/16/2005 | 61 | Matrix *Second Amended List of 20 Largest Unsecured Creditors* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 02/16/2005) |
| 02/28/2005 | 62 | Statement of Operations */Monthly Operating Report - January 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 02/28/2005) |
| 03/01/2005 | 63 | Notice of Proposed Order */Notice of Presentment of Application For Order Authorizing Debtor and Debtor In Possession to Retain and Employ Niro Scavone Haller & Niro as Special Intellectual Property Counsel* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/10/2005, (Hasler, B.) (Entered: 03/01/2005) |
| 03/01/2005 | 64 | Application to Employ *Niro Scavone Haller & Niro as Special Intellectual Property Counsel* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 3/10/2005, with presentment to be held on 3/11/2005 at 10:00 AM at Courtroom 601 (CB) (Hasler, B.) (Entered: 03/01/2005) |
| 03/01/2005 | 65 | Rule 2016 Statement *of Niro Scavone Haller & Niro* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 03/01/2005) |
| 03/01/2005 | 66 | Certificate of Service *re Application to Retain Niro Scavone Haller & Niro as Special Intellectual Property Counsel* (related document(s)64) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) |

| | | (Entered: 03/01/2005) |
|---|---|---|
| 03/01/2005 | 67 | Notice of Proposed Order /*Notice of Presentment of Motion of Debtor and Debtor-In-Possession For Authority to File Engagement Agreement With Niro Scavone Haller & Niro Under Seal* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/10/2005, (Hasler, B.) (Entered: 03/01/2005) |
| 03/01/2005 | 68 | Motion to File Under Seal /*Motion of Debtor and Debtor-In-Possession For Authority to File Engagement Agreement With Niro Scavone Haller & Niro Under Seal* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 3/10/2005, (Hasler, B.) (Entered: 03/01/2005) |
| 03/01/2005 | 69 | Certificate of Service *For Motion of Debtor and Debtor-In-Possession For Authority to File Engagement Agreement With Niro Scavone Haller & Niro Under Seal* (related document(s)68) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 03/01/2005) |
| 03/03/2005 | 70 | Order Signed On: 3/3/2005 Granting Motion To Extend Debtor-In-Possession's Exclusive Right To File a Plan of Reorganization and Seek Confirmation Thereof. (Related Doc # 60) (McFadden, Darryl) (Entered: 03/03/2005) |
| 03/11/2005 | 71 | Notice of Proposed Order /*Notice of Presentment of Order of Zoetics, Inc. to Strike Privet Financial LLC's Objections and Responses to the Debtor's Subpoena For Rule 2004 Examination and Assess Sanctions* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/24/2005, (Hasler, B.) (Entered: 03/11/2005) |
| 03/11/2005 | 72 | Motion to Strike *Privet Financial LLC's Objections and Responses to the Debtor's Subpoena For Rule 2004 Examination* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 3/24/2005, (Hasler, B.) (Entered: 03/11/2005) |
| 03/11/2005 | 73 | Notice of Proposed Order /*Notice of Presentment of Order of Zoetics, Inc. to Compel Privet Financial, LLC to Produce Documents, Produce Corporate Representative(s) For Examination and Awarding Sanctions For Failure to Comply With Subpoena* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/24/2005, (Hasler, B.) (Entered: 03/11/2005) |
| 03/11/2005 | 74 | Motion to Compel *Privet Financial, LLC to Produce Documents, Produce Corporate Representative(s) For Examination and Awarding Sanctions For Failure to Comply With Subpoena* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 3/24/2005, (Hasler, B.) (Entered: 03/11/2005) |

| 03/12/2005 | 75 | Notice of Proposed Order /*Notice of Presentment of Order Under Federal Rule of Bankruptcy Procedure 2004 Authorizing Supplement to Examination of Privet Financial LLC* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/24/2005, (Hasler, B.) (Entered: 03/12/2005) |
| --- | --- | --- |
| 03/15/2005 | 76 | Order Signed On: 3/15/2005 Granting Application To Employ Niro Scavone Haller & Niro as Special Intellectual Property Counsel To The Debtor and Debtor-In-Possession. (Related Doc # 64) (McFadden, Darryl) (Entered: 03/15/2005) |
| 03/17/2005 | 77 | Notice of Proposed Order /*Notice of Presentment of Motion to Extend Exclusive Period to File Plan and Seek Confirmation Thereof* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/21/2005, (Hasler, B.) (Entered: 03/17/2005) |
| 03/17/2005 | 78 | Motion to Extend Time /*Order Presented Extending Debtor in Possession's Exclusive Right to File Plan of Reorganization and Seek Confirmation Thereof Nunc Pro Tunc to March 17, 2005* (related document(s)77) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 03/17/2005) |
| 03/17/2005 | 79 | Notice of Proposed Order /*Notice of Presentment of Order Under Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Intel Corporation* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/24/2005, (Hasler, B.) (Entered: 03/17/2005) |
| 03/17/2005 | 80 | Notice of Proposed Order /*Notice of Presentment of Order Under Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of T-Mobile USA, Inc.* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/24/2005, (Hasler, B.) (Entered: 03/17/2005) |
| 03/17/2005 | 81 | Notice of Proposed Order / *Notice of Presentment of Order Under Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Steve Hemminger* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 3/24/2005, (Hasler, B.) (Entered: 03/17/2005) |
| 03/24/2005 | 82 | Objection *of Intel Corporation to Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Intel Corporation* (related document(s)79) filed by John P. McNicholas on behalf of Intel Corporation. (Attachments: # 1 Exhibit A - Schedules) (McNicholas, John) (Entered: 03/24/2005) |
| 03/24/2005 | 83 | Objection *to Notice of Presentment of Proposed Order Compelling Discovery and Awarding Sanctions* filed by Timothy T. Brock on |

| | | behalf of Privet Finanical, LLC. (Brock, Timothy) (Entered: 03/24/2005) |
|---|---|---|
| 03/25/2005 | 84 | Affidavit of Service *of Objection of Intel Corporation to Entry of an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing Examination of Intel Corportion* (related document(s)82) filed by John P. McNicholas on behalf of Intel Corporation. (Attachments: # 1 Fax Transmittal Sheet)(McNicholas, John) (Entered: 03/25/2005) |
| 03/25/2005 | 85 | Order Signed On: 3/25/2005 Granting Debtor's Motion To Extend Time To File a Plan of Reorganization and Seek Confirmation, Nunc Pro Tunc To March 17, 2005. (Related Doc # 78) (McFadden, Darryl) (Entered: 03/25/2005) |
| 04/03/2005 | 86 | Certificate of Service *re Second Motion to Extend Exclusivity* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 04/03/2005) |
| 04/03/2005 | 87 | Certificate of Service *re Notice of Presentment of Order Under Rule 2004 Authorizing Examination of Steve Hemminger* (related document(s)81) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 04/03/2005) |
| 04/03/2005 | 88 | Certificate of Service *re Notice of Presentment of Order Under Rule 2004 Authorizing Examination of Intel Corporation* (related document(s)79) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 04/03/2005) |
| 04/03/2005 | 89 | Certificate of Service *re Notice of Presentment of Order Under Rule 2004 Authorizing Examination of T-Mobile USA, Inc.* (related document(s)80) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 04/03/2005) |
| 04/05/2005 | 90 | Notice of Proposed Order *Striking Privet Financial LLC's Objection to Motion to Compel Rule 2004 Discovery* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Objections due by 4/12/2005, (Hasler, B.) (Entered: 04/05/2005) |
| 04/05/2005 | 91 | Motion to Strike *Preliminary Obejctions of Privet Financial LLC to Motion to Compel Rule 2004 Discovery* (related document(s)90) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 04/05/2005) |
| 04/05/2005 | 92 | Notice of Appearance *and Demand for Service of Papers* filed by John P. McNicholas on behalf of Intel Corporation. (McNicholas, John) (Entered: 04/05/2005) |

| 04/30/2005 | 93 | Monthly Statement of Operations *For March 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 04/30/2005) |
|---|---|---|
| 05/26/2005 | 94 | Order Not signed on Motion to Strike Privet Financial LLC's Objections to motion by debtor compelling Privet to produce documents, produce corporate representatives for examination and for sanctions. (Related Doc # 72)(Note: Order is Endorsed) (Pabon, Carlos) (Entered: 05/26/2005) |
| 05/26/2005 | 95 | Order not signed authorizing supplement to examination of Privet Financial, LLC by Debtor. (Note: Order is endorsed) (related document(s)75) (Pabon, Carlos) (Entered: 05/26/2005) |
| 05/26/2005 | 96 | Order not signed on motion Authorizing Examination of Steve Hemminger by debtor. (Note: Order is endorsed) (related document (s)81) (Pabon, Carlos) (Entered: 05/26/2005) |
| 05/26/2005 | 97 | Order not signed on motion Authorizing Examination of T-Mobile USA, Inc. by debtor. (Note: Order is Endorsed) (related document(s) 80) (Pabon, Carlos) (Entered: 05/26/2005) |
| 06/03/2005 | 98 | Motion to Approve Compromise *and Settlement of Claims Regarding Privet Financial LLC Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 6/30/2005 at 02:30 PM at Courtroom 701 (PCB) Responses due by 6/23/2005, (Hasler, B.) (Entered: 06/03/2005) |
| 06/03/2005 | 99 | Notice of Hearing *and Certificate of Service - 9019 Motion Re Privet Financial LLC* (related document(s)98) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 06/03/2005) |
| 06/09/2005 | 100 | Motion to Extend Time */Motion For Order Extending Debtor in Possession's Exclusive Right to File Plan of Reorganziation and Seek Confirmation Thereof* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 6/15/2005, (Hasler, B.) (Entered: 06/09/2005) |
| 06/09/2005 | 101 | Notice of Proposed Order *Extending Debtor in Possession's Exclusive Right to File Plan of Reorganization and Seek Confirmation Thereof and Certificate of Service Therefor* (related document(s)100) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 06/09/2005) |
| 06/16/2005 | 102 | Operating Report *for April 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 06/16/2005) |
| 06/16/2005 | 103 | Order signed 6/15/05 extending debtor's exclusive period to file a |

| | | |
|---|---|---|
| | | plan of reorganization and seek confirmation thereof. (Entered: 06/16/2005) |
| 07/14/2005 | 104 | Order signed 7/14/05 Granting Motion to Approve Compromise and Settlement of Claims Regarding Privet Financial LLC. (Related Doc # 98) (Pabon, Carlos) (Entered: 07/14/2005) |
| 07/21/2005 | 105 | Application for FRBP 2004 Examination *of Intel Corporation* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 8/16/2005 at 02:00 PM at Courtroom 701 (PCB) Responses due by 8/12/2005, (Hasler, B.) (Entered: 07/21/2005) |
| 07/21/2005 | 106 | Certificate of Service *for Motion of Zoetics, Inc. For an order Directing Bankruptcy Rule 2004 Discovery of Intel Corporation* (related document(s)105) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/21/2005) |
| 07/22/2005 | 107 | Amended Certificate of Service (related document(s)105) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/22/2005) |
| 07/22/2005 | 108 | Application for FRBP 2004 Examination *of Steve Hemminger* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 9/8/2005 at 02:30 PM at Courtroom 701 (PCB) Responses due by 9/1/2005, (Hasler, B.) (Entered: 07/22/2005) |
| 07/22/2005 | 109 | Certificate of Service *for Motion of Zoetics, Inc. For Order Directing Bankruptcy Rule 2004 Discovery of Steve Hemminger* (related document(s)108) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/22/2005) |
| 07/22/2005 | 110 | Notice of Hearing *re Motion of Zoetics, Inc. For Order Directing Bankruptcy Rule 2004 Discovery of Steve Hemminger* (related document(s)108) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/22/2005) |
| 07/22/2005 | 111 | Notice of Hearing *on Motion of Zoetics, Inc. For Order Directing Bankruptcy Rule 2004 Discovery of Intel Corporation* (related document(s)105) filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 9/8/2005 at 02:30 PM at Courtroom 701 (PCB) Objections due by 9/1/2005, (Hasler, B.) (Entered: 07/22/2005) |
| 07/22/2005 | 112 | Certificate of Service *For Notice of Motion of Zoetics, Inc. For Order Directing Bankruptcy Rule 2004 Discovery of Intel Corporation* (related document(s)111) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/22/2005) |

| 07/23/2005 | 113 | Application for FRBP 2004 Examination *of T-Mobile USA, Inc.* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 9/8/2005 at 02:30 PM at Courtroom 701 (PCB) Responses due by 9/1/2005, (Hasler, B.) (Entered: 07/23/2005) |
| --- | --- | --- |
| 07/23/2005 | 114 | Notice of Hearing *on Motion of Zoetics, Inc. For Order Directing Bankruptcy Rule 2004 Discovery of T-Mobile USA, Inc.* (related document(s)113) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/23/2005) |
| 07/23/2005 | 115 | Certificate of Service *for Notice and Motion of Zoetics, Inc. For Order Directing Bankruptcy Rule 2004 Discovery of T-Mobile USA, Inc.* (related document(s)113) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/23/2005) |
| 07/23/2005 | 116 | Operating Report *For May 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/23/2005) |
| 07/28/2005 | 117 | Application for FRBP 2004 Examination *of Yahoo!, Inc.* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 9/8/2005 at 02:30 PM at Courtroom 701 (PCB) Responses due by 9/1/2005, (Hasler, B.) (Entered: 07/28/2005) |
| 07/28/2005 | 118 | Notice of Hearing *on Motion of Zoetics, Inc. For an Order Directing Bankruptcy Rule 2004 Discovery of Yahoo! Inc.* (related document(s) 117) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/28/2005) |
| 07/28/2005 | 119 | Certificate of Service *For Notice of Motion of Zoetics, Inc. For Order Directing Bankruptcy Rule 2004 Discovery of Yahoo! Inc. and attached motion and proposed order* (related document(s)118) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 07/28/2005) |
| 08/24/2005 | 120 | Operating Report *for Period June 1-30, 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Attachments: # 1 Appendix Signature Page)(Hasler, B.) (Entered: 08/24/2005) |
| 09/02/2005 | 121 | Objection to Motion */Limited Objection of Intel Corporation to Motion for an Order Directing Bankruptcy Rule 2004 Discovery* (related document(s)105) filed by John P. McNicholas on behalf of Intel Corporation. with hearing to be held on 9/8/2005 at 02:30 PM at Courtroom 701 (PCB) (McNicholas, John) (Entered: 09/02/2005) |
| 09/07/2005 | 122 | Affidavit of Service *of Limited Objection of Intel Corporation to Motion for an Order Directing Bankruptcy Rule 2004 Discovery* (related document(s)121) filed by John P. McNicholas on behalf of |

| | | |
|---|---|---|
| | | Intel Corporation. (McNicholas, John) (Entered: 09/07/2005) |
| 09/09/2005 | 123 | Order signed 9/8/05 Granting Application for FRBP 2004 Examination of T-Mobile USA, Inc.. (Related Doc # 113) (Pabon, Carlos) (Entered: 09/09/2005) |
| 09/09/2005 | 124 | Order signed 9/8/05 Granting Application for FRBP 2004 Examination of Steve Hemminger. (Related Doc # 108) (Pabon, Carlos) (Entered: 09/09/2005) |
| 09/12/2005 | 125 | Monthly Operating Report *for February 2005 - Refiled* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 09/12/2005) |
| 09/16/2005 | 126 | Order signed 9/16/05 Granting Application for FRBP 2004 Examination of Yahoo!, Inc. (Related Doc # 117) (Pabon, Carlos) (Entered: 09/16/2005) |
| 09/29/2005 | 127 | Monthly Operating Report *for July 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 09/29/2005) |
| 10/14/2005 | 128 | Motion to Extend Time *//Motion to Extend Exclusive Period* filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 11/15/2005, (Hasler, B.) (Entered: 10/14/2005) |
| 10/15/2005 | 129 | Notice of Presentment *of Motion/Order to Extend Exclusive Period* (related document(s)128) filed by B. Lane Hasler on behalf of Zoetics, Inc.. with presentment to be held on 12/1/2005 at 05:00 PM at Courtroom 701 (PCB) Objections due by 11/15/2005, (Hasler, B.) (Entered: 10/15/2005) |
| 10/21/2005 | 130 | Notice of Appearance *Notice of Change of Address For Debtor* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 10/21/2005) |
| 10/24/2005 | 131 | Motion to Compel *Yahoo!, Inc. to Comply with Rule 2004 Discovery Requests* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 11/3/2005 at 02:30 PM at Courtroom 701 (PCB) Responses due by 11/1/2005, (Hasler, B.) (Entered: 10/24/2005) |
| 10/24/2005 | 132 | Notice of Hearing *on Motion to Compel Yahoo!, Inc. to Comply with Rule 2004 Discovery Requests* (related document(s)131) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Attachments: # 1 Appendix Certificate of Service)(Hasler, B.) (Entered: 10/24/2005) |
| 11/07/2005 | 133 | Operating Report *for August 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 11/07/2005) |

| 11/29/2005 | 134 | Order signed 11/29/05 granting motion compelling Yahoo!, Inc. to produce documents, produce Coporate Representatives for examination and for sanctions. (related document(s)131) (Pabon, Carlos) (Entered: 11/29/2005) |
| 11/30/2005 | 135 | Objection *of AT&T Corp to Debtors' Motion for Order Extending Debtor in Possessions' Exclusive Right to File a Plan of Reorganization and Seek Confirmation Thereof* (related document(s) 129, 128) filed by Vincent D'Agostino on behalf of AT&T Corp. (D'Agostino, Vincent) (Entered: 11/30/2005) |
| 12/09/2005 | 136 | Certificate of Service *of Order* (related document(s)131) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/09/2005) |
| 12/09/2005 | 137 | Operating Report *for September 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 12/09/2005) |
| 01/02/2006 | 138 | Monthly Operating Report *For October 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/02/2006) |
| 01/08/2006 | 139 | Monthly Operating Report *For November 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 01/08/2006) |
| 02/07/2006 | 140 | Application for Pro Hac Vice Admission *of Vincent D'Agostino, Esq.* filed by Vincent D'Agostino on behalf of AT&T Corp. (D'Agostino, Vincent) (Entered: 02/07/2006) |
| 02/07/2006 | | Receipt of Application for Pro Hac Vice Admission(04-16747-jmp) [motion,122] ( 25.00) Filing Fee. Receipt number 3588980. Fee amount 25.00. (U.S. Treasury) (Entered: 02/07/2006) |
| 02/08/2006 | 141 | Order Signed on 2/8/2006 Admitting Vincent D'Agostino to Practice Pro Hac Vice in This Court. (Related Doc # 140) (Nulty, Lynda) (Entered: 02/08/2006) |
| 02/11/2006 | 142 | Operating Report *for December 2005* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 02/11/2006) |
| 02/12/2006 | 143 | First Application for Interim Professional Compensation for B. Lane Hasler, P.C., Debtor's Attorney, period: 10/20/2004 to 1/31/2006, fee:$127,127.50, expenses: $16,781.21. filed by B. Lane Hasler, P.C.. with hearing to be held on 2/21/2006 at 09:30 AM at Courtroom 601 (JMP) Responses due by 2/20/2006, (Attachments: # 1 Exhibit Exhibit A Fee Statement / Exhibit B Project Categories / Exhibit C Time Records / Exhibit D Expenses / Exhibit E Proposed Order / Exhibit F Notice and Certificate of Service) (Hasler, B.) (Entered: |

| | | 02/12/2006 |
|---|---|---|
| 02/14/2006 | <u>144</u> | Supplemental Motion to Extend Time /*Extend Debtor's Exclusive Right to File Plan and Seek Confirmation Thereof* (related document (s)<u>128</u>) filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Attachments: # <u>1</u> Exhibit Notice and Certificate of Service) (Hasler, B.) (Entered: 02/14/2006) |
| 02/14/2006 | <u>145</u> | Motion to Set Last Day to File Proofs of Claim filed by B. Lane Hasler on behalf of Zoetics, Inc.. Responses due by 2/28/2006, (Attachments: # <u>1</u> Appendix Notice of Presentment and Certificate of Service) (Hasler, B.) (Entered: 02/14/2006) |
| 02/14/2006 | <u>146</u> | Affidavit - *First Supplemental Affidavit of B. Lane Hasler in Accordance with Section 327 of the Code and Rules 2014, 2016 and 2017* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Attachments: # <u>1</u> Appendix Certificate of Service)(Hasler, B.) (Entered: 02/14/2006) |
| 02/17/2006 | <u>147</u> | Motion to Vacate *November 29, 2005 Order* filed by Kyle Mooney on behalf of Yahoo! Inc.. with hearing to be held on 3/14/2006 (check with court for location) (Mooney, Kyle) (Entered: 02/17/2006) |
| 02/17/2006 | <u>148</u> | Motion to Vacate *November 29, 2005 Order* filed by Kyle Mooney on behalf of Yahoo! Inc.. with hearing to be held on 3/14/2006 (check with court for location) (Attachments: # <u>1</u> Memo of Law# <u>2</u> Skyles Declaration# <u>3</u> McFall Declaration# <u>4</u> D'Amore Declaration# <u>5</u> D'Amore Ex. 1# <u>6</u> D'Amore Ex.2# <u>7</u> D'Amore Ex. 3# <u>8</u> D'Amore Ex. 4# <u>9</u> D'Amore Ex. 5# <u>10</u> D'Amore Ex. 6# <u>11</u> D'Amore Ex. 7# <u>12</u> D'Amore Ex. 8# <u>13</u> D'Amore Ex. 9# <u>14</u> D'Amore Ex. 10# <u>15</u> D'Amore Ex. 11# <u>16</u> D'Amore Ex. 12# <u>17</u> Proposed Order# <u>18</u> Certificate of Service) (Mooney, Kyle) (Entered: 02/17/2006) |
| 03/02/2006 | <u>149</u> | Order Signed on 3/2/2006 Establishing Deadline for Proofs of Claim and Approving the Form and Manner of Notice Thereof. (Related Doc # <u>145</u>) (Nulty, Lynda) (Entered: 03/02/2006) |
| 03/07/2006 | <u>150</u> | Certificate of Service *for Bar Date Notice* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 03/07/2006) |
| 03/09/2006 | <u>151</u> | Operating Report *for January 2006* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 03/09/2006) |
| 03/11/2006 | <u>152</u> | Notice of Appearance /*Notice of Change of Address - Counsel for Debtor* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 03/11/2006) |
| | | |

| 03/16/2006 | 153 | Second Notice of Adjournment of Hearing *on First Interim Fee Application of B. Lane Hasler P.C. as Counsel for Debtor* (related document(s)143) filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 6/29/2006 at 10:00 AM at Courtroom 601 (JMP) Objections due by 6/19/2006, (Hasler, B.) (Entered: 03/16/2006) |
| --- | --- | --- |
| 03/16/2006 | 154 | Notice of Hearing - *Status Hearing* filed by B. Lane Hasler on behalf of Zoetics, Inc.. with hearing to be held on 4/13/2006 at 10:00 AM at Courtroom 601 (JMP) (Hasler, B.) (Entered: 03/16/2006) |
| 03/16/2006 | 155 | Affidavit *of B. Lane Hasler - Second Supplemental in Accordance with Section 327 of the Bankruptcy Code and Rules 2014, 2016 and 2017 of the Federal Rules of Bankruptcy Procedure* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 03/16/2006) |
| 03/17/2006 | 156 | Order Signed on 3/17/2006 Extending the Debtor In Possession's Exclusive Right to File Plan of Reorganization and Seek Confirmation Thereof. (Related Doc # 128, 144) (Nulty, Lynda) (Entered: 03/17/2006) |
| 03/22/2006 | 157 | Stipulation *and Agreed Order Withdrawing Zoetics, Inc.'s Discovery of Yahoo! Inc.* (related document(s)134) filed by Kyle Mooney on behalf of Yahoo! Inc.. (Mooney, Kyle) (Entered: 03/22/2006) |
| 03/27/2006 | 158 | So Ordered Stipulation and Agreed Order Signed on 3/27/2006 Withdrawing Zoetics, Inc.'s Discovery of Yahoo! Inc. and Vacating the November 29, 2006 Order Regarding Same. (Nulty, Lynda) (Entered: 03/27/2006) |
| 04/05/2006 | 159 | Monthly Operating Report *for February 2006* filed by B. Lane Hasler on behalf of Zoetics, Inc.. (Hasler, B.) (Entered: 04/05/2006) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 04/20/2006 12:22:56 | | | |
| **PACER Login:** | mfl354 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 04-16747-jmp Fil or Ent: Fil From: 1/1/2000 To: 4/20/2006 Doc From: 0 Doc To: 99999999 Links: n Format: HTMLfmt |
| **Billable** | | | |

| Pages: | 10 | Cost: | 0.80 |

EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FREE-FLOW PACKAGING          :
INTERNATIONAL, INC.,         :
                             :
        Plaintiff,           :
                             :
    v.                       :   Civil Action No. 03-1157 JJF
                             :
PACTIV CORPORATION, PACTIV   :
INTERNATIONAL HOLDINGS, INC., :
                             :
        Defendants.          :

### MEMORANDUM ORDER

Pending before the Court is Defendants' ("Pactiv") Motion To
Transfer (D.I. 60). For the reasons discussed the Court will
grant the Motion.

### I.  Contentions

By its motion, Pactiv contends that the Court should tranfer
this case to the Southern District of Ohio. The grounds Pactiv
contends support transfer are:

First, Pactiv contends that three other cases involving the
same patents and the same subject matter are pending in the
Southern District of Ohio. Pactiv argues that transfer would
promote judicial efficiency by eliminating duplicative
litigation.

Second, Pactiv contends that transfer would provide it with
access to evidence it would otherwise be unlikely to obtain--
specifically, discovery from Ideepak. Pactiv contends that
Ideepak, a Dutch company (previously Case Packing Sales, BV
("CPS")), formerly supplied air cushion machines for Plaintiff

1

("Free Flow"). Pactiv argues that, if Free Flow breached the agreement between Free Flow and Ideepak/CPS, intellectual property which may be subject to the agreement, would be transferred to Ideepak/CPS. A decision by the Hague Court on an application for injunctive relief indicated that Free Flow did breach the agreement. Thus, Pactiv contends that Ideepak likely owns the intellectual property that Free Flow asserts against Pactiv, which represents some of the claims related to the '800 patent. Further, Pactiv argues that, because Ideepak is a foreign company, Pactiv has been unable to obtain discovery from it. Pactiv contends that, if the case is transferred, it could obtain its needed discovery because Ideepak is a party to one of the cases in the the Southern District of Ohio.

Third, Pactiv contends that Delaware is inconvenient to the parties because (1) neither party has its principal place of business in Delaware, (2) Pactiv does not transact substantial business in Delaware, (3) the development and manufacture of the products at issue did not occur in Delaware, and (4) none of Plaintiff's witnesses are in Delaware. Pactiv contends that Ohio is convenient because (1) it would enable Pactiv to have discovery from Ideepak and (2) it would enable all parties to dispose of the issues efficiently. (D.I. 61 at 17.)

Fourth, Pactiv contends that, because Free Flow did not bring the case on its "home turf" in California, Pactiv's burden for obtaining a transfer is reduced. (D.I. 61 at 14.)

2

Finally, Pactiv contends that it was justified in waiting eleven months to file this motion because it did not have many of the operative facts that support this motion. Specifically, Pacitiv contends it did not know of (1) the three other lawsuits in Ohio which are assigned to the same judge and (2) the legitimate dispute between CPS/Ideepak and Free Flow regarding who owned some of the air cushion technology asserted by Free Flow in this case (D.I. 77 at 2.)

In response, Free Flow argues the following points:

First, Free Flow contends that there are only two related cases pending in the Southern District of Ohio (at 5).

Second, Free Flow contends that it never had an agreement with Ideepak for supplying air cushion machines because CPS is not a predecessor to Ideepak. (D.I. 67 at 6.) Further, Free Flow contends that the Hague decision did not decide anything conclusive about the agreement in question, but instead decided a motion for a preliminary injunction, which included tentative views about the contract and whether Free Flow might have been in breach. (D.I. 67 at 9.) Further, Free Flow contends that Pactiv has done nothing to initiate discovery regarding Ideepak and that Pactiv could have taken discovery if it had moved with dispatch. (D.I. 67 at 3.) In addition, Free Flow contends that discovery from Indeepak is unnecessary because witnesses from Free Flow, including the attorney who prosecuted the patent, are available to satisfy Pactiv's discovery needs.

3

Third, Free Flow contends that Delaware is a more convenient forum because (1) transfer to Ohio would postpone the resolution of this case, (2) both parties are incorporated in Delaware, (3) two of the four patents at issue were conceived and produced at a Free Flow facility in Delaware, (4) several witnesses and records are located in Delaware and Pennsylvania, (5) Delaware is easier for Free Flow to reach than Ohio, (6) neither party has significant contacts with Ohio, and (7) Free Flow was only forced to litigate in Ohio, after the Eastern District of Virginia transferred its original suit against Storopack, another manufacturer of air pillow equipment, to the Southern District of Ohio.

Finally, Free Flow contends that Pactiv's motion, brought eleven months after Free Flow initiated this litigation, is untimely.

## II. Legal Standard

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a).

In adjudicating a Section 1404 motion, courts consider both the public and private interests. With regard to the private interests, courts consider several factors, including (1) whether the action could have been properly brought in the proposed transferee court; (2) the convenience of the parties due to their

4

relative physical and financial conditions; (3) the convenience
of the expected witnesses, but only to the extent that the
witnesses may actually be unavailable for trial in one of the
fora; and (4) the location of books and records, to the extent
that these books and records could not be produced in a certain
forum.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d
Cir. 1995).

     With regard to the public interests, courts consider such
factors as (1) the enforceability of the judgement, (2) practical
considerations regarding the ease, speed, or expense of trial,
(3) the administrative difficulty due to court congestion; (4)
the local interest in deciding local controversies in the home
forum, (5) the public policies of the two fora, and (6) the trial
judge's familiarity with the applicable state law in diversity
cases, Id.

### III. Discussion

     The Court concludes that transfer is warranted in the
circumstances of this case.  In reaching this conclusion, the
Court finds that the private interests support transfer.[1]

     The Court finds that transfer to the Southern District of
Ohio would enable Pactiv to obtain potentially relevant discovery
from Indeepack, whom Free Flow itself called the "same company"
as CPS.  (D.I. 77, Ex. 3.)  Further, the Court finds that the

---

[1] There is no dispute that this action could have been filed in
the Southern District of Ohio.

5

Hague's decision, while not a conclusive construction of the agreement, demonstrates that there is a serious dispute over who owns the intellectual property. In addition, the Court finds that discovery from Free Flow's witnesses may not provide sufficient discovery about Ideepak.

The Court concludes that the public interests also support transfer. Two related cases are pending in the Southern District of Ohio: (a) FFPI v. Storopack and the related declaratory counterclaim and (b) FFPI v. Ideepak and the related declaratory counterclaim. These cases, like the instant case, involve the Brown '916 and '033 patents, the Perkins '150, and the Fuss '800 patents. Consequently, the Court finds that a single forum for adjudication of these disputes would conserve considerable judicial resources. Further, the Court finds that Delaware does not have a particular interest in the two disputes.

NOW THEREFORE, IT IS HEREBY ORDERED this $\underline{5}$ day of April 2005, that, for the reasons discussed, Defendants' Motion To Transfer (D.I. 60) is GRANTED.

UNITED STATES DISTRICT JUDGE

6

EXHIBIT 21

4/2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED

| INVITROGEN CORPORATION | : | APR 12   1 46 PM '01 |
| | : | |
| Plaintiff, | : | CLERK... ...... |
| | : | DISTRICT OF DELAWARE |
| v. | : | Civil Action No. 00-620-JJF |
| | : | |
| STRATAGENE HOLDING | : | |
| CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM ORDER

Presently before the Court is Defendants' Motion to Transfer
Pursuant to 28 U.S.C. § 1404(a) (D.I. 10). For the reasons
stated below, the Court will grant Defendants' motion.

### BACKGROUND

Plaintiff Invitrogen Corporation ("Invitrogen") is a
corporation organized and existing under the laws of the State of
Delaware, with its principal place of business in Rockville,
Maryland. (D.I. 1, ¶ 1). Defendant Stratagene Holding
Corporation is a corporation organized and existing under the
laws of the State of Delaware, with its principal place of
business located in La Jolla, California. (D.I. 1, ¶ 2).
Defendant Stratagene is a corporation organized and existing
under the laws of the State of California, with its principal
place of business located in La Jolla, California. (D.I. 1, ¶
3). Defendant BioCrest Manufacturing, L.P. is a partnership
organized and existing under the laws of the State of Delaware,
with its principal place of business located in Cedar Creek,

Texas.  (D.I. 1, ¶ 4).

On June 29, 2000, Plaintiff filed suit against Defendants in the District of Delaware alleging patent infringement. Defendants move pursuant to 28 U.S.C. § 1404(a) to transfer the case to the District of Maryland (Southern Division).

## DISCUSSION

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a). Because it is undisputed that Plaintiff could have brought the instant action in the District of Maryland, the Court's only task is to determine whether the factors enumerated in § 1404(a) warrant a transfer under the circumstances.

In determining whether or not to transfer venue under § 1404(a), a district court must consider a number of different factors.  These factors include several private interests: (1) the convenience of the parties due to their relative physical and financial conditions, (2) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (3) the location of books and records, to the extent that these books and records could not be produced in a certain forum. Memminger v. InfoCure Corp., C.A. No. 00-707-JJF, slip op. at 4 (D. Del. Nov. 14, 2000)(citing Jumara v. State Farm Ins. Co., 55 F.3d 873,

879 (3d Cir. 1995)).[1]  These factors also include several public
interests:

> (1) the enforceability of the judgment, (2) practical
> considerations regarding the ease, speed, or expense of
> trial, (3) the administrative difficulty due to court
> congestion, (4) the local interest in deciding local
> controversies in the home forum, (5) the public
> policies of the two fora, and (6) the trial judge's
> familiarity with the applicable state law in diversity
> cases.

Id. (citing Jumara, 55 F.3d at 879-80).  When determining whether
or not transfer is warranted under the circumstances, district
courts must balance all of the relevant factors.  Jumara, 55 F.3d
at 883.  The burden is upon the movant to establish that the
balance of the interests strongly weighs in favor of the
requested transfer, and a transfer will be denied if the factors
are evenly balanced or weigh only slightly in favor of the
transfer.  See Continental Cas. Co. v. American Home Assurance
Co., 61 F.Supp. 2d 128, 131 (D. Del. 1999).  Below, the Court
will analyze the factors relevant to the instant motion.

A.  **Private Factors**

The Court concludes that a balancing of the relevant private
factors weighs in favor of transfer in this case.  Here, the
Court finds the convenience of the parties and the convenience of

---

[1]  Jumara also listed the following private interests that
district courts should consider: (1) the plaintiff's choice of
forum, (2) the defendant's preferred forum, and (3) whether the
claim arose elsewhere.  55 F.3d at 879.  Subsequent decisions of
this Court, however, have determined that these interests are
subsumed by the other Jumara factors.  Memminger, slip op. at 5.
Therefore, to avoid considering the same interests twice, the
Court will not consider them separately.  Id.

the witnesses to be the most pertinent of the private factors.

Although Invitrogen is organized as a corporation under Delaware law, Invitrogen maintains its principal place of business in the District of Maryland. Additionally, neither of the parties, their witnesses or any of the potentially relevant documents and records are located in Delaware.

Invitrogen contends that its choice of forum is paramount. At the outset, the Court notes that the Plaintiff's choice of forum is entitled to substantial deference and should not be lightly disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); see also Jumara, 55 F.3d at 879-80. In this case, however, Plaintiff's preference for Delaware is not given as much deference because most, if not all, of the events at issue occurred outside of Delaware. "[T]he transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen its home turf or a forum where the alleged wrongful activity occurred." Continental, 61 F.Supp. 2d at 131. Thus, because the parties, witnesses and relevant documents and records are located outside of Delaware, the Court concludes that a balancing of the private factors weighs in favor of transfer to the District of Maryland (Southern Division).

**B.   Public Factors**

The Court concludes that a balancing of the relevant public factors also weighs in favor of transfer in this case. Here, the Court finds the practical considerations to be the most pertinent

of the public factors.

The Court concludes that transferring this case to the District of Maryland will promote judicial economy and make litigation less expensive and less burdensome for the parties and witnesses. In fact, Invitrogen has filed three prior lawsuits that are pending in the District of Maryland regarding closely-related patents and is currently involved in an action in that District regarding the same patent at issue in this case. Consequently, that Court has acquired considerable expertise in the complex subject matter of this action and will need to resolve the same or similar issues in these cases.

Further, the Court concludes that there is considerably more local interest in resolving this matter in Maryland, where Invitrogen operates its business. Conversely, the Court finds that Delaware does not have a strong interest in resolving this suit as none of the events giving rise to this action occurred here and none of the parties have their principal places of business in Delaware.

Thus, upon a balancing of the private and public factors, the Court concludes that this case should be transferred to the District of Maryland (Southern Division).

NOW THEREFORE, for the reasons discussed, IT IS HEREBY ORDERED this ‖ day of April 2001 that:

   1.   Defendant's Motion to Transfer Under 28 U.S.C. § 1404(a) (D.I. 10) is **GRANTED**.

   2.   This matter shall be transferred to the District of Maryland (Southern Division).

                            _____
                            UNITED STATES DISTRICT JUDGE