IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>YAHOO!, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　C.A. No. 06-108 (JJF)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT YAHOO! INC.'S ANSWER**

Defendant Yahoo! Inc. ("Yahoo!") answers the Complaint of Plaintiffs Zoetics, Inc., and ZoEmail, LLC, dated February 21, 2006, as follows:

　　　1.　　Answering paragraph 1 of the Complaint, states that paragraph 1 wholly contains legal conclusions that do not require a response, and to the extent that this paragraph contains factual allegations, admits that this purports to be an action for the infringement of United States Patent No. 5,930,479 (the "'479 Patent") and United States Patent No. 6,993,574 (the "'574 Patent"), and otherwise denies.

　　　2.　　Answering paragraph 2 of the Complaint, denies knowledge or information sufficient to admit or deny the allegations of paragraph 2.

　　　3.　　Answering paragraph 3 of the Complaint, denies knowledge or information sufficient to admit or deny the allegations of paragraph 3.

　　　4.　　Answering paragraph 4 of the Complaint, on information and belief, denies the allegations of paragraph 4.

　　　5.　　Answering paragraph 5 of the Complaint, admits that Yahoo! is incorporated in the State of Delaware, avers that Yahoo! operates an interactive web site at

www.yahoo.com, among other sites, that Yahoo! offers a free service known as "Yahoo! Mail" through which users can send and receive e-mail, further avers that some eligible users of Yahoo! Mail have access to a suite of additional services including one known as "Address Guard," denies knowledge or information sufficient to admit or deny allegations as to the geographic distribution of users of Address Guard, and otherwise denies.

6. Answering paragraph 6 of the Complaint, states that paragraph 6 wholly contains legal conclusions that do not require a response.

7. Answering paragraph 7 of the Complaint, denies. Yahoo! further denies any implication or allegation purportedly contained in the heading immediately preceding paragraph 7.

8. Answering paragraph 8 of the Complaint, avers that in January 2004, Yahoo! received a letter from Zoetics attempting to initiate licensing discussions concerning the '479 Patent, and otherwise denies.

## ADDITIONAL DEFENSES

As and for its further and separate defenses to the allegations in the Complaint, Defendant Yahoo! pleads as follows:

### First Additional Defense

9. Yahoo! does not infringe the '479 Patent.

### Second Additional Defense

10. Yahoo! does not infringe the '574 Patent.

### Third Additional Defense

11. The '479 Patent is invalid and void for failure to comply with one or more of the provisions of Part II of Title 35 of the United States Code, including sections 102 and 103.

**Fourth Additional Defense**

12. The '574 Patent is invalid and void for failure to comply with one or more of the provisions of Part II of Title 35 of the United States Code, including sections 102 and 103.

**Fifth Additional Defense**

13. The claims of the '479 Patent do not meet the conditions for patentability set forth by 35 U.S.C. § 112 and are therefore invalid and void.

**Sixth Additional Defense**

14. The claims of the '574 Patent do not meet the conditions for patentability set forth by 35 U.S.C. § 112 and are therefore invalid and void.

**Seventh Additional Defense**

15. On the basis of proceedings in the Patent Office during prosecution of the application that matured into the '574 Patent, and statements made by or on behalf of the patentees therein, prosecution history estoppel precludes application of the doctrine of equivalents to cover any product manufactured, used, sold or offered for sale by Defendant.

**Eighth Additional Defense**

16. On information and belief, Plaintiffs are precluded from seeking recovery of their costs under the provisions of Section 288 of Title 35 of the United States Code.

**Ninth Additional Defense**

17. On information and belief, Plaintiffs are barred from receiving at least a portion of their alleged monetary damages for the alleged infringement of the '479 Patent and/or the '574 Patent, and/or their rights to such monetary damages are limited by their failure to comply with the provisions of Section 287 of Title 35 of the United States Code and by the statute of limitations of Section 286 of said Title.

### Tenth Additional Defense

18. On information and belief, Plaintiffs lack standing to maintain this action.

### Eleventh Additional Defense

19. On information and belief, this action and/or the recovery of damages therein is barred by laches.

### PRAYER FOR RELIEF

WHEREFORE, Yahoo! asks this Court to enter judgment against Plaintiffs in Yahoo!'s favor, dismissing the Complaint with prejudice, and further:

A. that the Court declare United States Patent No. 5,930,479 to be invalid, void and/or not infringed by Yahoo!;

B. that the Court declare United States Patent No. 6,993,574 to be invalid, void and/or not infringed by Yahoo!;

C. that the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Yahoo! its costs and reasonable attorneys' fees; and

D. that the Court award Yahoo! such other relief as it may find appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Benjamin J. Schladweiler*

Mary B. Graham (#2256)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant Yahoo!, Inc.*

- 5 -

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
415.268.7000

Matthew M. D'Amore
Kyle W.K. Mooney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104
212.468.8000

Dated:  July 20, 2006
529538

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Josy W. Ingersoll, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 20, 2006 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FEDERAL EXPRESS** |
| --- | --- |
| Josy W. Ingersoll, Esquire | Paul K. Vickrey, Esquire |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | NIRO, SCAVONE, HALLER & NIRO |
| The Brandywine Building | 181 W. Madison St., Suite 4600 |
| 1000 West Street, 17th Floor | Chicago, IL 60602 |
| Wilmington, DE 19801 | |

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)

510320