IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC, | ) |
| | ) |
| Plaintiffs and Counterclaim-Defendants, | ) |
| | ) |
| v. | ) C.A. No. 06-108 (JJF) |
| | ) |
| YAHOO! INC., | ) |
| | ) |
| Defendant and Counterclaim-Plaintiff. | ) |

**DEFENDANT AND COUNTERCLAIM-PLAINTIFF**
**YAHOO! INC.'S AMENDED ANSWER AND COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Yahoo! Inc. ("Yahoo!") answers the Complaint of Plaintiffs and Counterclaim-Defendants Zoetics, Inc., and ZoEmail, LLC, dated February 21, 2006, as follows:

1.      Answering paragraph 1 of the Complaint, states that paragraph 1 wholly contains legal conclusions that do not require a response, and to the extent that this paragraph contains factual allegations, admits that this purports to be an action for the infringement of United States Patent No. 5,930,479 (the "'479 Patent") and United States Patent No. 6,993,574 (the "'574 Patent"), and otherwise denies.

2.      Answering paragraph 2 of the Complaint, denies knowledge or information sufficient to admit or deny the allegations of paragraph 2.

3.      Answering paragraph 3 of the Complaint, denies knowledge or information sufficient to admit or deny the allegations of paragraph 3.

4.      Answering paragraph 4 of the Complaint, on information and belief, denies the allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, admits that Yahoo! is incorporated in the State of Delaware, avers that Yahoo! operates an interactive web site at www.yahoo.com, among other sites, that Yahoo! offers a free service known as "Yahoo! Mail" through which users can send and receive e-mail, further avers that some eligible users of Yahoo! Mail have access to a suite of additional services including one known as "Address Guard," denies knowledge or information sufficient to admit or deny allegations as to the geographic distribution of users of Address Guard, and otherwise denies.

6. Answering paragraph 6 of the Complaint, states that paragraph 6 wholly contains legal conclusions that do not require a response.

7. Answering paragraph 7 of the Complaint, denies. Yahoo! further denies any implication or allegation purportedly contained in the heading immediately preceding paragraph 7.

8. Answering paragraph 8 of the Complaint, avers that in January 2004, Yahoo! received a letter from Zoetics, Inc. attempting to initiate licensing discussions concerning the '479 Patent, and otherwise denies.

## ADDITIONAL DEFENSES

For its further and separate defenses to the allegations in the Complaint, and without assuming any burden of proof it would not otherwise bear under applicable law, Defendant and Counterclaim-Plaintiff Yahoo! pleads as follows:

### First Additional Defense

9. Yahoo! does not infringe the '479 Patent.

### Second Additional Defense

10. Yahoo! does not infringe the '574 Patent.

**Third Additional Defense**

11. The '479 Patent is invalid and void for failure to comply with one or more of the provisions of Part II of Title 35 of the United States Code, including sections 102 and 103.

**Fourth Additional Defense**

12. The '574 Patent is invalid and void for failure to comply with one or more of the provisions of Part II of Title 35 of the United States Code, including sections 102 and 103.

**Fifth Additional Defense**

13. The claims of the '479 Patent do not meet the conditions for patentability set forth by 35 U.S.C. § 112 and are therefore invalid and void.

**Sixth Additional Defense**

14. The claims of the '574 Patent do not meet the conditions for patentability set forth by 35 U.S.C. § 112 and are therefore invalid and void.

**Seventh Additional Defense**

15. On the basis of proceedings in the United States Patent and Trademark Office during prosecution of the application that matured into the '574 Patent, and statements made by or on behalf of the patentees therein, prosecution history estoppel precludes application of the doctrine of equivalents to cover any product manufactured, used, sold or offered for sale by Defendant and Counterclaim-Plaintiff.

**Eighth Additional Defense**

16. On information and belief, Plaintiffs are precluded from seeking recovery of their costs under the provisions of Section 288 of Title 35 of the United States Code.

**Ninth Additional Defense**

17. On information and belief, Plaintiffs are barred from receiving at least a portion of their alleged monetary damages for the alleged infringement of the '479 Patent and/or

the '574 Patent, and/or their rights to such monetary damages are limited by their failure to comply with the provisions of Section 287 of Title 35 of the United States Code and by the statute of limitations of Section 286 of said Title.

### Tenth Additional Defense

18.     On information and belief, Plaintiffs lack standing to maintain this action.

### Eleventh Additional Defense

19.     On information and belief, this action and/or the recovery of damages therein is barred by laches.

### COUNTERCLAIMS

1.     Counterclaim-Plaintiff Yahoo! Inc. is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

2.     According to the Complaint it filed in this Action, Counterclaim-Defendant Zoetics, Inc., is a New York corporation having a principal place of business at 270 Lafayette Street, Suite 1202, New York, New York 10012.

3.     According to the Complaint it filed in this Action, Counterclaim-Defendant ZoEmail LLC is a Delaware limited liability company having a principal place of business at 270 Lafayette Street, Suite 1202, New York, New York 10012.

4.     This Court has jurisdiction of this Counterclaim for declaratory relief under the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a), and under 28 U.S.C. § 1331.

5.     As set forth in the Complaint and in the Answer to which these Counterclaims are appended, a justiciable controversy has arisen and exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the validity and scope of the '479 and '574 Patents and Yahoo!'s liability for alleged infringement thereof.  Venue properly

lies in this judicial district by virtue of Counterclaim-Defendants having filed their Complaint therein.

## COUNT I
### NON-INFRINGEMENT OF THE '479 PATENT

6. Yahoo! incorporates the allegations of paragraphs 1-5 as if fully set forth herein.

7. Counterclaim-Defendants have alleged and claimed that they own all right title and interest in, and have standing to sue for infringement of, the '479 Patent.

8. Counterclaim-Defendants have alleged and claimed that Yahoo! infringes the '479 Patent.

9. Yahoo! does not infringe the '479 Patent.

10. Yahoo! is entitled to a judicial declaration that it does not infringe the '479 Patent.

## COUNT II
### INVALIDITY OF THE '479 PATENT

11. Yahoo! incorporates the allegations of paragraphs 1-10 as if fully set forth herein.

12. Counterclaim-Defendants have alleged and claimed that they own all right title and interest in, and have standing to sue for infringement of, the '479 Patent.

13. Counterclaim-Defendants have alleged and claimed that the '479 Patent was duly and legally issued.

14. On information and belief, one or more claims of the '479 Patent are invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

15. Yahoo! is entitled to a judicial declaration that one or more claims of the '479 Patent are invalid.

### COUNT III
### NON-INFRINGEMENT OF THE '574 PATENT

16. Yahoo! incorporates the allegations of paragraphs 1-15 as if fully set forth herein.

17. Counterclaim-Defendants have alleged and claimed that they own all right title and interest in, and have standing to sue for infringement of, the '574 Patent.

18. Counterclaim-Defendants have alleged and claimed that Yahoo! infringes the '574 Patent.

19. Yahoo! does not infringe the '574 Patent.

20. Yahoo! is entitled to a judicial declaration that it does not infringe the '574 Patent.

### COUNT IV
### INVALIDITY OF THE '574 PATENT

21. Yahoo! incorporates the allegations of paragraphs 1-20 as if fully set forth herein.

22. Counterclaim-Defendants have alleged and claimed that they own all right title and interest in, and have standing to sue for infringement of, the '574 Patent.

23. Counterclaim-Defendants have alleged and claimed that the '574 Patent was duly and legally issued.

24. On information and belief, one or more claims of the '574 Patent are invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

25. Yahoo! is entitled to a judicial declaration that one or more claims of the '574 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Yahoo! asks this Court to enter judgment against Plaintiffs and Counterclaim-Defendants in Yahoo!'s favor, dismissing the Complaint with prejudice, and further:

A. that the Court declare United States Patent No. 5,930,479 to be invalid, void and/or not infringed by Yahoo!;

B. that the Court declare United States Patent No. 6,993,574 to be invalid, void and/or not infringed by Yahoo!;

C. that the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Yahoo! its costs and reasonable attorneys' fees; and

D. that the Court award Yahoo! such other relief as it may find appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
415.268.7000

Matthew M. D'Amore
Kyle W.K. Mooney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
212.468.8000

Dated: August 9, 2006
532173

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendant and
Counterclaim-Plaintiff Yahoo! Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Josy W. Ingersoll, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 9, 2006 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FACSIMILE** |
| --- | --- |
| Josy W. Ingersoll, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | Paul K. Vickrey, Esquire<br>NIRO, SCAVONE, HALLER & NIRO<br>181 W. Madison St., Suite 4600<br>Chicago, IL  60602 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

510320