IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC ) | |
| ) | C.A. No. 06-108 (JJF) |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| YAHOO!, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE TO YAHOO! INC.'S COUNTERCLAIMS**

Zoetics, Inc. and Zoemail, LLC ("Plaintiffs") replies to Defendant Yahoo! Inc.'s ("Yahoo!") Counterclaims as follows:

1.  Counterclaim-Plaintiff Yahoo! Inc. is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

**RESPONSE:**

Admitted.

2.  According to the Complaint it filed in this Action, Counterclaim-Defendant Zoetics, Inc., is a New York corporation having a principal place of business at 270 Lafayette Street, Suite 1202, New York, New York 10012.

**RESPONSE:**

Admitted.

3.  According to the Complaint it filed in this Action, Counterclaim-Defendant Zoemail LLC is Delaware limited liability company having a principal place of business at 270 Lafayette Street, Suite 1202, New York, New York 10012.

**RESPONSE:**

Admitted.

4.  This Court has jurisdiction of this Counterclaim for declaratory relief under the Declaratory Judgments Act, 27 U.S.C. §§ 2201 and 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1331.

**RESPONSE:**

Admitted that this Court has jurisdiction of this Counterclaim, otherwise denied.

5.  As set forth in the Complaint and in the Answer to which these Counterclaims are appended, a justiciable controversy has arisen and exists between Counterclaim-Plaintiff and Counterclaim-Defendants concerning the validity and scope of the '479 and '574 Patents and Yahoo!'s liability for alleged infringement thereof. Venue properly lies in this judicial district by virtue of Counterclaim-Defendants having filed their Complaint therein.

**RESPONSE:**

Admitted that a justiciable controversy exists between Plaintiffs and Defendant, and that venue properly lies in this judicial district. Otherwise, denied.

## COUNT I
### Non-Infringement of the '479 Patent

6.  Yahoo! Incorporates the allegations of paragraphs 1-5 as if fully set forth herein.

**RESPONSE:**

Plaintiffs incorporate their responses to paragraphs 1-5 as if fully set forth herein.

7.  Counterclaim-Defendants have alleged and claimed that they own all right, title and interest in, and have standing to sue for infringement of, the '479 Patent.

**RESPONSE:**

Admitted.

8.  Counterclaim-Defendants have alleged and claimed that Yahoo! Infringes the '479 Patent.

**RESPONSE:**

Admitted.

9. Yahoo! Does not infringe the '479 Patent.

**RESPONSE:**

Denied.

10. Yahoo! Is entitled to a judicial declaration that it does not infringe the '479 Patent.

**RESPONSE:**

Denied that Yahoo! does not infringe or that it is entitled to any such judicial declaration.

## COUNT II
### Invalidity Of The '479 Patent

11. Yahoo! Incorporates the allegations of paragraphs 1-10 as if fully set forth herein.

**RESPONSE:**

Plaintiffs incorporate their responses to paragraphs 1-10 as if fully set forth herein.

12. Counterclaim-Defendants have alleged and claimed that they own all right, title and interest in, and have standing to sue for infringement of, the '479 Patent.

**RESPONSE:**

Admitted.

13. Counterclaim-Defendants have alleged and claimed that the '479 Patent was duly and legally issued.

**RESPONSE:**

Admitted.

14. On information and belief, one or more claims of the '479 patent are invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

**RESPONSE:**

Denied.

15. Yahoo! Is entitled to a judicial declaration that one or more claims of the '479 Patent are invalid.

**RESPONSE:**

Denied that the '479 patent is invalid or that Yahoo! is entitled to any such judicial declaration.

## COUNT III
### Non-Infringement of the '574 Patent

16. Yahoo! Incorporates the allegations of paragraphs 1-15 as if fully set forth herein.

**RESPONSE:**

Plaintiffs incorporate their responses to paragraphs 1-15 as if fully set forth herein.

17. Counterclaim-Defendants have alleged and claimed that they own all right, title and interest in, and have standing to sue for infringement of, the '574 Patent.

**RESPONSE:**

Admitted.

18. Counterclaim-Defendants have alleged and claimed that Yahoo! Infringes the '574 Patent.

**RESPONSE:**

Admitted.

19. Yahoo! Does not infringe the '574 Patent.

**RESPONSE:**

Denied.

20. Yahoo! is entitled to a judicial declaration that it does not infringe the '574 Patent.

**RESPONSE:**

Denied that Yahoo! does not infringe or that they are entitled to any such judicial declaration.

## COUNT IV
### Invalidity Of The '574 Patent

21. Yahoo! incorporates the allegations of paragraphs 1-20 as if fully set forth herein.

**RESPONSE:**

Plaintiffs incorporate their responses to paragraphs 1-20 as if fully set forth herein.

22. Counterclaim-Defendants have alleged and claimed that they own all right title and interest in, and have standing to sue for infringement of, the '574 Patent.

**RESPONSE:**

Admitted.

23. Counterclaim-Defendants have alleged and claimed that the '574 Patent was duly and legally issued.

**RESPONSE:**

Admitted.

24. On information and belief, one or more claims of the '574 Patent are invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

**RESPONSE:**

Denied.

25. Yahoo! is entitled to a judicial declaration that one or more claims of the '574 Patent are invalid.

**RESPONSE:**

Denied that the '574 patent is invalid or that Yahoo! is entitled to any such judicial declaration.

**PLAINTIFFS' ADDITIONAL DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

1. Defendant's claims fail to state claims upon which relief can be granted.

2. Plaintiffs' reserve the right to supplement its defenses.

WHEREFORE, Plaintiffs request judgment in their favor on the Counterclaims, including declaratory judgment that the '479 and '574 patents are infringed and valid, their costs, fees and expenses as provided by law, and any other and further relief to which Plaintiffs may be entitled or the Court or a jury may award.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable of right by jury.

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (No. 1088)
Karen L. Pascale (No. 2903)
Karen E. Keller (No. 4489)
The Brandywine Building
100 West Street, 17th Floor
Wilmington, DE  19899-0391
(302) 571-5029
Fax:  (302) 576-3402
kkeller@ycst.com

*Attorneys for Zoetics, Inc. and Zoemail, LLC*

OF COUNSEL:

Paul K. Vickrey
Douglas M. Hall
Frederick C. Laney
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL  60602
(312) 236-0733
Fax:  (312) 236-3137

DATED:   August 18, 2006

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on August 18, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham, Esquire
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>Email: mbgefiling@mnat.com

I further certify that on August 18, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>***By E-Mail and U.S. Mail***
>
>Michael A. Jacobs [mjacobs@mofo.com]
>MORRISON & FOERSTER LLP
>425 Market Street
>San Francisco, CA 94105
>(415) 268-7455
>
>Matthew M. D'Amore [mdamore@mofo.com]
>Kyle W.K. Mooney [kmooney@mofo.com]
>Morrison & Foerster LLP
>1290 Avenue of the Americas
>New York, NY 10104-0050
>(212) 468-8168

- 2 -

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*
_____
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

*Attorneys for Plaintiffs, Zoetics Inc. and ZoEmail, Inc.*