# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Mary B. Graham
302.351.9199
mgraham@mnat.com

March 9, 2007

**BY E-FILING & HAND DELIVERY**

The Honorable Joseph J. Farnan
United States District Court
Federal Building
844 King Street
Wilmington, DE 19801

        Re:    *Zoetics, Inc. and ZoEmail, LLC v. Yahoo!, Inc.*
              Civil Action No. 06-108 (JJF)

Dear Judge Farnan:

      Pursuant to the Court's letter of February 23, 2007, defendant Yahoo! submits the attached proposed scheduling order. We understand that Zoetics will be submitting its proposed form of order. The parties agree on almost all provisions of the order, including the time table for the case with fact discovery closing and expert discovery closing April 30, 2008. The only area of disagreement relates to provision 3(d) governing the amount of time allowed for certain depositions. While the parties agree that we will each likely need only ten depositions, and that they should generally proceed within the default time limit of seven hours, Yahoo! can see, as explained below, that it will need more time in some instances. We therefore ask that the Court allow the parties the flexibility to take more time with a few, important witnesses, rather than require the parties to make a later separate application to the Court if there is a dispute. In particular, we request a single additional day with up to three witnesses, and an additional two days for the Rule 30(b)(6) deposition of an entity.

      We know at this time, for example, that there is only one inventor of the two patents-in-suit (with at least 20 asserted claims). He alone can testify about conception, reduction to practice, and his knowledge of the prior art and the prosecution of the patents. Likewise, although there are two plaintiffs with separate businesses, they are both small, private enterprises led by the same individual. Among other issues, this individual's testimony will be directly relevant to plaintiffs' development and commercialization of their technology, their

The Honorable Joseph J. Farnan
March 9, 2007
Page 2

licensing efforts, their purchase of the patents-in-suit, and their alleged damages, including the lost profits they are claiming. Because plaintiffs have only a few key employees, we reasonably foresee that defendant will need additional time with at least one of them, but it is too early to know who that might be. Finally, we anticipate that up to three days of deposition for an entity under Rule 30(b)(6) may be necessary.

Accordingly, in order to address this reasonable, foreseeable need for at least Yahoo! to take depositions beyond the default provisions of the federal rules, we submit that it makes sense to address that need now and account for it in the scheduling order, as has long been customary here. Zoetics' position that we should wait until later to deal with particular depositions, notwithstanding the need that is already foreseeable, means that our deposition planning will effectively be held hostage to Zoetics' willingness later to agree. And if it does not agree, we will be forced to bother the Court later at a time when depositions are already at hand, which could result in a delay of the schedule.

If the Court wishes to schedule a conference, we are of course available.

Respectfully,

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)

MBG/dam
Enclosure
cc:     Clerk of the Court (by e-filing and hand delivery)
        Josy W. Ingersoll, Esq. (via email)
        Paul K. Vickrey, Esq. (via email)
        Matthew M. D'Amore, Esq. (via email)
759587

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC,                )<br>                                                                        )<br>       Plaintiffs and Counterclaim Defendants,  )<br>                                                                        )<br>v.                                                                     )          C.A. No. 06-108 (JJF)<br>                                                                        )<br>YAHOO!, INC.,                                                )<br>                                                                        )<br>       Defendant and Counterclaim Plaintiff.   )<br>                                                                        ) | |

### **[PROPOSED] SCHEDULING ORDER**

The Parties having satisfied their obligations under Federal Rule of Civil Procedure 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The Parties will exchange by April 9, 2007 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other Parties shall be filed on or before July 6, 2007.

3. **Discovery.**

   (a) Fact discovery shall be completed by December 4, 2007.

   (b) Maximum of twenty-five (25) interrogatories, including contention interrogatories, for each side.

   (c) Maximum of fifty (50) requests for admission by each side, not including requests relating to the authenticity or admissibility of documents.

   (d) The Parties shall be limited to ten (10) depositions per side as provided for under Federal Rule of Civil Procedure 30(a)(2)(A). Depositions other than 30(b)(6)

depositions shall be limited to one seven (7) hour day of testimony with the exception that each side may select up to three (3) depositions to run for two (2) seven (7) hour days.  Absent prior agreement or order of the Court, the Rule 30(b)(6) deposition of a Party may not last more than three (3) seven (7) hour days.  The Parties may seek leave of Court to increase the number of depositions available to each side or to seek additional time with particular witnesses.  Depositions shall not be commenced before <u>August 6, 2007</u>.

    (e)  Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party bearing the burden of proof on <u>February 18, 2008</u>, with rebuttal reports from the opposing party due on <u>March 21, 2008</u>.

    (f)  Any party desiring to depose an expert witness shall notice and complete said deposition no later than <u>April 30, 2008</u>, unless otherwise agreed in writing by the Parties or ordered by the Court.  Depositions of expert witnesses are not to begin until after rebuttal reports are served.

    4.  **Non-Case Dispositive Motions.**

    (a)  Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion.  The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard.  The date selected shall be within thirty (30) days of the filing of the motion and allow or briefing in accordance with the Federal and Local Rules.  Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

    (b)  At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

    (c)  Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at:  jjf_civil@ded.uscourts.gov.

      5.    **Amendment of the Pleadings.**  All motions to amend the pleadings shall be filed on or before December 4, 2007.

      6.    **Case Dispositive Motions.**  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before June 6, 2008.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

      7.    **Markman.**  A Markman Hearing will be held on May 4, 2008.  The Parties shall present their claim construction issues to the Court according to the following schedule:

      (a)    On December 4, 2007, Plaintiffs shall provide their final list of asserted claims.  Notwithstanding the scheduling of this disclosure, defendant may serve contention interrogatories concerning asserted claims in the ordinary course of discovery.  Plaintiff's final list of asserted claims shall not, absent good cause, include claims not identified in response to contention interrogatories already served.  If Plaintiff is permitted to add asserted claims, defendant shall be permitted such additional discovery as reasonably is required.

      (b)    On December 19, 2007, the Parties shall exchange a list of disputed terms and proposed constructions.

      (c)    By January 18, 2008, the Parties shall meet and confer to prepare a statement of agreed claim constructions, if any.

      (d)    On March 7, 2008, the Parties shall exchange opening briefs on claim construction.

      (e)    On <u>April 3, 2008</u>, the Parties shall exchange rebuttal briefs on claim construction.

    8.    **Applications by Motion.**

      (a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

      (b)    No facsimile transmissions will be accepted.

      (c)    No telephone calls shall be made to Chambers.

      (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

    9.    **Pretrial Conference and Trial.** After reviewing the Parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

    The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the Parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

- 5 -

SO ORDERED this \_\_\_ day of _____2007

                                      _____
                                      UNITED STATES DISTRICT JUDGE

759593