IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC, | ) |
| | ) |
| Plaintiffs and Counterclaim Defendants, | ) |
| | ) |
| v. | )    C.A. No. 06-108 (JJF) |
| | ) |
| YAHOO!, INC., | ) |
| | ) |
| Defendant and Counterclaim Plaintiff. | ) |
| | ) |

## NOTICE OF SUPBOENAS

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant, Yahoo!, Inc. is causing or has caused the attached subpoenas for documents (Tabs 1-4) to be served on the following:

| Tab | Company | Date of Production |
|---|---|---|
| 1. | Arising Group | March 14, 2008 |
| 2. | Creative IP Solutions, LLC | March 14, 2008 |
| 3. | DE Miles & Company | March 14, 2008 |
| 4. | Telcordia Technologies, Inc. | March 14, 2008 |

Exhibit A to Tabs 1-4 is attached as Attachment A.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


_/s/ James W. Parrett, Jr._
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jparrett@mnat.com
302.658.9200

*Attorneys for Yahoo!, Inc.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
415.268.7000

Matthew M. D'Amore
Kyle W.K. Mooney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104
212.468.8000

Dated:  February 15, 2008
510317

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Josy W. Ingersoll, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 15, 2008 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FEDERAL EXPRESS** |
|---|---|
| Josy W. Ingersoll, Esquire | Paul K. Vickrey, Esquire |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | NIRO, SCAVONE, HALLER & NIRO |
| The Brandywine Building | 181 W. Madison St., Suite 4600 |
| 1000 West Street, 17th Floor | Chicago, IL  60602 |
| Wilmington, DE  19801 | |

*/s/ James W. Parrett, Jr.*
_____
James W. Parrett, Jr. (#4292)

TAB 1

## Issued by the
## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

| ZOETICS, INC., and ZOEMAIL, LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | CASE NUMBER:[1] C.A. No. 06-108 (JJF) |
| YAHOO! INC. | District of Delaware |

TO:     Arising Group
        133-25 37th Avenue
        Flushing, NY 11354

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See <u>Exhibit A</u> attached hereto.

| PLACE | Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | DATE AND TIME | March 14, 2008 |
|---|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Yahoo! Inc. | February 14, 2008 |

| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Kyle Mooney, Esq. | Morrison & Foerster LLP<br>1290 Avenue of the Americas, New York, NY 10104<br>Tel:  (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]     If action is pending in district other than district of issuance, state district under case number.

AO (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | |
|---|---|
| DATE SERVED: | PLACE |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

                                           SIGNATURE OF SERVER

                                           ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)    fails to allow reasonable time for compliance;
        (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)    subjects a person to undue burden.

    (B)    If a subpoena

        (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

    (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

TAB 2

## Issued by the
# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ZOETICS, INC., and ZOEMAIL, LLC

       V.

YAHOO! INC.

# SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] C.A. No. 06-108 (JJF)
District of Delaware

TO:    Creative IP Solutions, LLC
       5108 Harvard
       Skokie, IL  60077

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A attached hereto.

| PLACE | Victoria Court Reporting<br>29 S. LaSalle Street<br>Chicago, IL  60603-1502<br>Attention: Victoria Rock | DATE AND TIME<br><br>March 14, 2008 |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Yahoo! Inc. | February 14, 2008 |

| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Kyle Mooney, Esq. | Morrison & Foerster LLP<br>1290 Avenue of the Americas, New York, NY  10104<br>Tel:  (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1]   If action is pending in district other than district of issuance, state district under case number.

ny-799374

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)    PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)    A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)    (A)    A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)    Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)    (A)    On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B)    If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

TAB 3

# Issued by the
# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

ZOETICS, INC., and ZOEMAIL, LLC

V.

YAHOO! INC.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. No. 06-108 (JJF)
District of Delaware

TO:    DE Miles and Company
       116 Village Road, Suite 200
       Princeton, NJ 08540

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See <u>Exhibit A</u> attached hereto.

| PLACE | Morrison & Foerster 1290 Avenue of the Americas New York, New York 10104 | DATE AND TIME | March 14, 2008 |
|---|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Yahoo! Inc. | February 14, 2008 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Kyle Mooney, Esq.

Morrison & Foerster LLP
1290 Avenue of the Americas, New York, NY 10104
Tel:  (212) 468-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1]    If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

TAB 4

## Issued by the
# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| ZOETICS, INC., and ZOEMAIL, LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | CASE NUMBER:[1] C.A. No. 06-108 (JJF) |
| YAHOO! INC. | District of Delaware |

TO:    Telcordia Technologies, Inc.
       1230 Avenue of the Americas, Suite 719
       New York, NY 10029

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A attached hereto.

| PLACE | Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | DATE AND TIME<br>March 14, 2007 |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Defendant Yahoo! Inc. | DATE<br><br>February 14, 2008 |
|---|---|

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Kyle Mooney, Esq.       Morrison & Foerster LLP
                        1290 Avenue of the Americas, New York, NY 10104
                        Tel:  (212) 468-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]    If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | |
|---|---|
| DATE SERVED: | PLACE |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)   PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)   (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)   (A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance;
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the

provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)   subjects a person to undue burden.

(B)   If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)   DUTIES IN RESPONDING TO SUBPOENA.

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## EXHIBIT A

## Definitions and Instructions

1.    "You" means the entity to whom this subpoena is addressed, any predecessor or successor company, affiliate, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives thereof.

2.    "Zoetics" means Zoetics, Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Zoetics, Inc., or any predecessor or successor. "Zoetics" further includes any past or present division, company, corporation or other business entity affiliated with Zoetics, Inc. or owned by Zoetics, Inc. in whole or in part or that owns Zoetics, Inc. in whole or in part. "Zoëtics" specifically includes any principal, agent, attorney or consultant, including but not limited to Joel Tucciarone, Russell Brand, Patrick Tighe, Creative IP Solutions, DE Miles, Arising Group, or Telecordia, operating on behalf of or pursuant to retention by Zoëtics.

3.    "ZoEmail" means ZoEmail LLC, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of ZoEmail LLC., or any predecessor or successor. "ZoEmail" further includes any past or present division, company, corporation or other business entity affiliated with ZoEmail LLC. or owned by ZoEmail LLC. in whole or in part or that owns ZoEmail LLC in whole or in part. "ZoEmail" specifically includes any principal, agent, attorney or consultant, including but not limited to Joel Tucciarone, Russell

Brand, Patrick Tighe, Creative IP Solutions, DE Miles, Arising Group, or Telecordia, operating on behalf of or pursuant to retention by ZoEmail.

4.    "Yahoo!" means Yahoo! Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Yahoo! Inc., or any predecessor or successor.  "Yahoo!" further includes any past or present division, company, corporation or other business entity affiliated with Yahoo! Inc., or owned by Yahoo! Inc. in whole or in part or that owns Yahoo! Inc. in whole or in part.

5.    "Patents-In-Suit" means U.S. Patent No. 5,930,479, entitled "Communications Addressing System" and U.S. Patent No. 6,993,574, entitled "Web-Based Communications Addressing System."

6.    "Related Applications and Patents" means (a) any United States or foreign patent application from or through which any of the Patents-In-Suit claim priority, and any predecessors, continuations, continuations-in-part or divisionals of any of the foregoing patent applications (including any rejected, abandoned or pending applications), as well as any United States or foreign patents that issued on any of the aforementioned patent applications; and (b) any United States or foreign patent applications that claim priority from or through any of the Patents-In-Suit, including any predecessors, continuations, continuations-in-part or divisionals of any of the foregoing patent applications (including any rejected, abandoned or pending applications), as well as any United States or foreign patents that issued on any of the aforementioned patent applications.

7.    "Prior Art" means any knowledge or learning, or any evidence thereof, that existed on or before the filing date of a patent application (or priority date), and that relates to

(a) the patent application or resulting patent, (b) the subject matter of the patent application or resulting patent or (c) any principles, processes, methodologies or devices referenced in the patent application or resulting patent.

8.    "Bankruptcy Proceeding" means the bankruptcy proceeding initiated by Zoetics, Inc. in the United States Bankruptcy Court for the Southern District of New York by its filing of a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, on October 20, 2004, *In re Zoetics, Inc.*, Case No. 04-16747 (JMP).

9.    "Disclosure Statements" means any of the disclosure statements filed or distributed by Zoetics in the Bankruptcy Proceeding, including, without limitation, (a) Zoetics' Disclosure Statement for its First Amended Plan of Reorganization, dated September 5, 2006; (b) Zoetics' Disclosure Statement for its Second Amended Plan of Reorganization, dated November 6, 2006; (c) Zoetics' Disclosure Statement for its Third Amended Plan of Reorganization, dated January 31, 2007; and (d) the disclosure statement distributed pursuant to the Bankruptcy Court's March 13, 2007 Order.

10.    "Reorganization Plans" means any of the reorganization plans filed or distributed by Zoetics in the Bankruptcy Proceeding, including, without limitation, (a) Zoetics' Chapter 11 Plan of Reorganization, filed June 29, 2006; (b) Zoetics' First Amended Plan of Reorganization, filed September 5, 2006; (c) Zoetics' Second Amended Plan of Reorganization, filed November 6, 2006; (d) Zoetics' Third Chapter 11 Plan of Reorganization, filed January 31, 2007; and (e) the plan of reorganization distributed with the disclosure statement distributed pursuant to the Bankruptcy Court's March 13, 2007 Order.

11.    "AddressGuard" means the AddressGuard™ email feature provided by Yahoo! and alleged by Plaintiffs in the Complaint to infringe the Patents-In-Suit.

ny-799399

12.    "Person" means any natural person or any business, legal, or governmental entity or association, or any other person cognizable at law, including, without limitation, any corporation, firm, organization, partnership, joint venture, sole proprietorship, and any agents or employees of the foregoing.

13.    "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the discovery request.

14.    "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 45 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.

15.    "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following:  (a) any written letter, memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

16.    "Any" or "each" should be understood to include and encompass "all."  The term "any" includes both "any" and "every."  "All" should be understood to include and encompass "any."  Words in any gender shall include the other gender.

17.    "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

18.    "Including" means including without limitation.

19.    Whenever necessary to bring within the scope of a particular request documents that might otherwise be construed to be outside the scope of the request:

(a)    the use of a verb in its singular form shall be construed as the use of that verb in all other tenses;

(b)    the use of a word in its singular form shall be deemed to include within its use the plural form; and

(c)    the use of a word in its plural form shall be deemed to include within its use the singular form.

20.    Each requested document shall be produced in its entirety, along with any attachments, drafts and copies, including, without limitation, copies that differ by virtue of handwritten notes or markings.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

21.    Any document described herein shall be produced as it is kept in the usual course of business, including its original file folder with all similar markings intact, or organized and labeled to correspond to the categories identified in these requests pursuant to Rule 45(d) of the Federal Rules of Civil Procedure.  Electronically stored information should be produced in native format, or other format as to be agreed among the parties.

22.    If any document is withheld based on a claim of attorney-client privilege, work product immunity or for any other reason, You must produce a log identifying all such documents and providing the information required by Rule 45(d)(2) of the Federal Rules of Civil Procedure.

ny-799399

23.    These requests are ongoing and Your production must be supplemented to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

24.    These requests are subject to Local Rule

## Documents Requested

1.    All documents concerning Zoëtics or ZoEmail.

2.    All documents concerning the filing for bankruptcy or the bankruptcy proceedings of Zoëtics or ZoEmail, including any proceedings or communications concerning that bankruptcy.

3.    All documents concerning the Patents-In-Suit and the Related Applications and Patents.

4.    All documents concerning the value or valuation of the Patents-In-Suit.

5.    All documents concerning the value or valuation of any intellectual property or technology owned or purported to be owned by Zoëtics or ZoEmail.

6.    All documents concerning actual or potential investment in or financing of Zoëtics or ZoEmail, including any efforts by You or known to You to facilitate or arrange such investment or financing.

7.    All documents concerning actual or potential technology development for Zoëtics or ZoEmail.

8.    All documents concerning actual or potential technology development relating to the Patents-In-Suit.

9.    All documents concerning any efforts to license, sell, facilitate the license or sale of, or otherwise monetize the Patents-in-Suit.

10.    All documents concerning any efforts to license, sell, facilitate the license or sale of, or otherwise monetize any intellectual property or technology owned or purported to be owned by Zoëtics or ZoEmail.

11.    All documents concerning any efforts to commercialize, develop, or market the technology of the Patents-In-Suit.

12.    All documents concerning any work done by or for You in collaboration with, on behalf of, pursuant to contract with, or otherwise relating to Zoëtics or ZoEmail.

13.    All documents concerning or constituting Prior Art to the Patents-In-Suit.

14.    All documents concerning Yahoo!, including any documents concerning litigation between Zoëtics, ZoEmail, and Yahoo!

15.    All documents concerning the ownership, licensing, title, transfer or assignment of any rights associated with the Patents-in-Suit, including, without limitation, all documents concerning any equitable or other interest in or lien against the Patents-In-Suit.

16.    All documents concerning any review, evaluation or analysis of the alleged inventions claimed in the Patents-In-Suit or any products, software or systems embodying any of the alleged inventions claimed in the Patents-In-Suit.

17.    All documents concerning any investigations, tests, studies, reviews, analyses, or opinions of counsel of any product, software or system conducted in connection with any decision whether to enter into an agreement with Zoetics relating to the Patents-In-Suit, Related Applications and Patents, or any product, software or system embodying any of the alleged inventions claimed in the Patents-In-Suit, including all documents considered or reviewed in connection therewith.

7

18.     All documents concerning negotiations with Zoetics relating to the Patents-In-Suit,  Related Applications and Patents, or any product, software or system embodying any of the alleged inventions claimed in the Patents-In-Suit.

19.     All documents concerning or constituting agreements (whether actual, contemplated, or proposed), discussions, or communications between You and Zoëtics, or ZoEmail.

20.     All documents concerning or constituting agreements (whether actual, contemplated, or proposed), discussions, or communications between AT&T (or any subsidiary or affiliate thereof), and You, Zoëtics, or ZoEmail.

21.     All documents concerning any potential, actual, or alleged interest in Zoëtics, ZoEmail, or the Patents-In-Suit.

22.     All documents concerning the performance, effectiveness, comparative utility or advantages of the inventions claimed in the Patents-In-Suit including, without limitation, comparisons to other products, software, systems and processes.

23.     All documents concerning the existence of any non-infringing alternatives to the alleged inventions claimed in the Patents-In-Suit.

24.     All documents concerning any product, software, system or process that allegedly embodies, practices, falls within the scope of or is practiced in accordance with any alleged invention claimed in the Patents-In-Suit.

25.     All documents concerning any investigations, tests, studies, reviews, analyses or opinions of counsel relating to the Patents-In-Suit and Related Applications and Patents, including, without limitation, documents concerning the novelty, patentability, scope, validity or invalidity, enforceability or unenforceability, and infringement, potential infringement or non-infringement of the Patents-In-Suit.

ny-799399

26.     Documents sufficient to identify any person employed by or affiliated with You having knowledge concerning the subjects identified above.

ny-799399