IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>YAHOO! INC.,<br><br>Defendant and Counterclaim Plaintiff. | C.A. No. 06-108 (JJF) |

### YAHOO! INC.'S NOTICE OF DEPOSITION OF ZOEMAIL, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendant and Counterclaim Plaintiff Yahoo! Inc. ("Yahoo!") will take the deposition upon oral examination of Plaintiff and Counterclaim defendant ZoEmail, LLC ("ZoEmail"). The deposition will be taken at the offices of Morrison & Foerster, LLP, 1290 Avenue of the Americas, New York, New York 10104-0050, or other mutually agreeable location, commencing March 10, 2008 at 9:30 a.m., and will continue day-to-day until completed. The deposition will be taken before a notary public or other officer authorized to administer oaths in the State of New York, and will be recorded by stenographic means, audiotaped and videotaped.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, ZoEmail shall designate one or more of its officers, directors, managing agents, or other persons to testify as to all matters known or reasonably available to ZoEmail with respect to each of the Topics of Examination set forth in Exhibit A. ZoEmail is requested to identify each person so designated and to set forth the matters on which that person will testify on or before March 5, 2008.

ny-802017

To the extent that they have not already been produced in response to Yahoo!'s First Set of Requests for the Production of Documents, dated April 9, 2007 ("Yahoo!'s Document Request"), Yahoo! requests that the documents concerning the Topics of Examination responsive to Yahoo!'s Document Request be immediately produced. Yahoo! expressly reserves the right to re-open the deposition if documents or information requested by Yahoo! are produced or identified at the beginning of, during, or after the deposition and were not otherwise produced to Yahoo! a reasonable time in advance of the deposition.

February 27, 2008

MORRISON & FOERSTER LLP

By: /s/ Matthew M. D'Amore
Matthew M. D'Amore
E-mail: MD'Amore@mofo.com
Kyle W.K. Mooney
E-mail: kmooney@mofo.com
1290 Avenue of the Americas
New York, NY 10104-0050
Tel.: (212) 468-8000
Fax: (212) 468-7900

Michael A. Jacobs
425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522
Email: mjacobs@mofo.com

*Attorneys for Defendant and Counterclaim Plaintiff Yahoo! Inc.*

/s/ Mary B. Graham
Mary B. Graham (No. 2256)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
Wilmington, DE 19899
Tel: (302) 658-9200
Fax: (302) 658-3939
Email: MGraham@mnat.com

## EXHIBIT A

### Definitions

1.   "Zoëtics" means Zoëtics, Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Zoëtics, Inc., or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

2.   "ZoEmail" means ZoEmail, LLC, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of ZoEmail, LLC, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

3.   "Plaintiffs" means Zoëtics and ZoEmail (as defined above), or Zoëtics or ZoEmail, whichever construction is broader in the context of the particular request and as necessary to bring within the scope of a particular request any documents that might otherwise be construed to be outside its scope.

4.   "Yahoo!" means Yahoo! Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Yahoo! Inc., or any predecessor or successor, including, without limitation, all persons acting or purporting to act on

behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

5. "AT&T" means AT&T Corporation, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of AT&T Corporation, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

6. "Litigation" refers to the above-captioned action commenced by Zoëtics and ZoEmail with the filing of a Complaint in the United States District Court for the District of Delaware on February 21, 2006 (C.A. No. 06-108).

7. "Patents-In-Suit" means U.S. Patent No. 5,930,479, entitled "Communications Addressing System" and U.S. Patent No. 6,993,574, entitled "Web-Based Communications Addressing System."

8. "Prior Art" means any knowledge or learning, or any evidence thereof, that existed on or before the filing date of a patent application (or priority date), and that relates to (a) the patent application or resulting patent, (b) the subject matter of the patent application or resulting patent or (c) any principles, processes, methodologies or devices referenced in the patent application or resulting patent. "Prior Art" may take any form and shall include, without limitation, articles, publications, contracts, presentation materials, products, product-related documents, marketing materials, educational materials, public uses, pamphlets, manuals, devices, instruments, and U.S. and foreign patents and patent applications.

9. "Bankruptcy Proceeding" means the bankruptcy proceeding initiated by Zoëtics, Inc. in the United States Bankruptcy Court for the Southern District of New York by its filing of a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, on October 20, 2004, *In re Zoëtics, Inc.*, Case No. 04-16747 (JMP).

10. "AddressGuard" means the AddressGuard™ email feature provided by Yahoo! and alleged by Plaintiffs in the Complaint to infringe the Patents-In-Suit.

11. "IPA" means the Intellectual Property Agreement executed by AT&T and Zoëtics on or about May 13, 2002.

12. "Person" means any natural person or any business, legal, or governmental entity or association, or any other person cognizable at law, including, without limitation, any corporation, firm, organization, partnership, joint venture, sole proprietorship, and any agents or employees of the foregoing.

13. "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the discovery request.

14. "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.

15. "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following: (a) any written letter,

memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

16. "Any" or "each" should be understood to include and encompass "all." The term "any" includes both "any" and "every." "All" should be understood to include and encompass "any." Words in any gender shall include the other gender.

17. "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

18. "Including" means including without limitation.

## Topics of Examination

1. ZoEmail's document retention policies.

2. The location, identity, and custody of documents relating to the Patents-In-Suit (including the conception, development and reduction to practice of the alleged inventions claimed in the Patents-In-Suit) or otherwise relevant to the claims and defenses in this action.

3. ZoEmail's preservation of, destruction or loss of, search for, and production of documents relevant to the claims and defenses in this Litigation, including documents responsive to Yahoo!'s First Set of Requests for the Production of Documents, dated April 9, 2007.

4. The formation of ZoEmail and the circumstances under which ZoEmail was formed.

5. The identity, relationship to ZoEmail and responsibilities of any person with knowledge concerning these Topics of Examination.

6. Investment in and ownership of ZoEmail, including the identity of investors or owners, the kind and value of such investment or ownership interest, and negotiations with investors or owners concerning such investment or ownership interests.

7. ZoEmail's agreements with and relationship with Zoëtics.

8. Development of any alleged invention disclosed or claimed in the Patents-In-Suit, including the conception and reduction to practice of the alleged inventions claimed in the Patents-In-Suit.

9. Prosecution of the claims of the Patents-In-Suit.

10. Reexamination of the claims of the Patents-In-Suit.

11. The initial public disclosure and initial public use (in the United States and outside the United States) of the subject matter recited in each claim of the Patents-In-Suit.

12. The initial manufacture, initial offer for sale, initial sale or initial shipment (in the United States and outside of the United States) of any alleged invention claimed in, or any product, software, system or service embodying any alleged invention claimed in the Patents-In-Suit.

13. Prior Art to the Patents-In-Suit known to Zoëtics or ZoEmail.

14. Investigations, tests, studies, reviews, analyses or opinions of counsel relating to the alleged or perceived value, validity, enforceability, infringement, or marketability of the Patents-in-Suit.

15. Zoëtics' acquisition of the Patents-In-Suit from AT&T and all agreements relating thereto.

16. The software acquired by Zoëtics under the IPA and the "lab-based software" referenced in Zoëtics, Inc's Disclosure Statement for its First Amended Plan of Reorganization, dated September 5, 2006 (page 10) (filed in the Bankruptcy Proceeding) and any attempt by Zoëtics and/or ZoEmail to license, develop, commercialize or market said software.

17. The reasons for and proceedings relating to Zoëtics' voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101 et seq., on October 20, 2004, in the Bankruptcy Court for the Southern District of New York (*In re Zoëtics, Inc.*, Case No. 04-16747 (JMP)), including any involvement with or connection to such proceedings by ZoEmail.

18. The ownership, title, transfer, license or assignment of any rights associated with the Patents-In-Suit, including any potential or actual transfers, licenses and assignments.

19. Any licensing of or other transfer of rights to ZoEmail to practice or enforce the Patents-in-Suit.

20. The identify of any product, software, system or service embodying or based on any alleged invention claimed in the Patents-In-Suit and any other anti-spam or message-filtering product, software, system or service not embodying or based on any alleged invention claimed in the Patents-In-Suit.

21. Zoëtics' and ZoEmail's design, development, testing, operation, marketing, and sale of any product, software, system or service embodying or based on any alleged invention claimed in the Patents-In-Suit.

22. Sales, pricing, revenue and profitability of any product, software, system or service offered by Zoëtics or ZoEmail embodying or based on any alleged invention claimed in the Patents-In-Suit.

23. Licensing by or between Zoëtics and ZoEmail of patents, trade secrets, intellectual property or other technical "know how" relating to the Patents-In-Suit, or any product, software, system or service embodying or based on any alleged inventions claimed in the Patents-In-Suit.

24. Zoëtics' and ZoEmail's pre-filing and subsequent investigation, analysis or assessment of AddressGuard or any other Yahoo! product, software, system or service that allegedly infringes the Patents-In-Suit, including any comparison of AddressGuard or any other Yahoo! product, software, system or service to the claims of the Patents-In-Suit.

25. The damages that Zoëtics and ZoEmail claim to have suffered or will suffer as a result of any alleged infringement of the Patents-In-Suit, including market demand for and profitability of any product, software, system or service embodying or based on any alleged invention claimed in the Patents-In-Suit, and the availability of non-infringing alternatives to any such product, software, system or service.

26. Any studies, investigations or analysis concerning the actual or projected value to Zoëtics or ZoEmail of the Patents-In-Suit, any product, software, system or service embodying or based on any of the alleged inventions claimed in the Patents-In-Suit, or any estimated or projected award in this Litigation.

27. Any efforts by Zoëtics and/or ZoEmail to sell an interest in this Litigation, or to obtain investment or other value based on any projected or potential recovery in this Litigation.

28. Communications with advisors or consultants of Zoëtics or ZoEmail, or other third parties, regarding Yahoo!, the Patents-In-Suit or this Litigation.

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Josy W. Ingersoll, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 27, 2008 upon the following individuals in the manner indicated:

**BY HAND & E-MAIL**

Josy W. Ingersoll, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

**BY E-MAIL**

Paul K. Vickrey, Esquire
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Suite 4600
Chicago, IL 60602

/s/ *Mary B. Graham*

_____
Mary B. Graham (#2256)

510320