IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC,              ) | |
|                                               ) | |
| Plaintiffs and Counterclaim Defendants,       ) | |
|                                               ) | |
| v.                                            ) | C.A. No. 06-108 (JJF) |
|                                               ) | |
| YAHOO!, INC.,                                 ) | |
|                                               ) | |
| Defendant and Counterclaim Plaintiff.         ) | |
|                                               ) | |

## NOTICE OF SUPBOENAS

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant, Yahoo!, Inc. is causing or has caused the attached subpoenas for depositions (Tabs 1-3) to be served on the following:

| Tab | Company or Person | Date of Deposition |
|---|---|---|
| 1. | Dr. Robert J. Hall | August 14, 2008 |
| 2. | Arising Group | August 12, 2008 |
| 3. | Christopher Leisner | August 15, 2008 |

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
415.268.7000

Matthew M. D'Amore
Kyle W.K. Mooney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
212.468.8000

Dated: July 31, 2008

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jparrett@mnat.com
302.658.9200

Attorneys for Yahoo!, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Josy W. Ingersoll, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 31, 2008 upon the following individuals in the manner indicated:

| **BY HAND & E-MAIL** | **VIA E-MAIL** |
| --- | --- |
| Josy W. Ingersoll, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | Paul K. Vickrey, Esquire<br>NIRO, SCAVONE, HALLER & NIRO<br>181 W. Madison St., Suite 4600<br>Chicago, IL  60602 |

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)

# TAB 1

AO (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| ZOETICS, INC., and ZOEMAIL, LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | CASE NUMBER:[1] C.A. No. 06-108 (JJF) |
| YAHOO! INC. | District of Delaware |

TO:  Dr. Robert J. Hall
c/o AT&T Corporation
32 Avenue of the Americas
New York, NY 10013-2412

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.
Depositions will be taken before a notary public or other officer authorized to administer oaths, and may be recorded by stenographic means, audiotaped, videotaped, and transcribed using real time interactive transcription (*e.g.*, LiveNote).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | August 14, 2008, at 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant Yahoo! Inc. | July 30, 2008 |
| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER<br>Richard Mills-Robertson, Esq. | Morrison & Foerster LLP<br>1290 Avenue of the Americas, New York, NY 10104<br>Tel: (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

ny-825364

AO (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE SERVED:                                    PLACE

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

SERVED BY (PRINT NAME)                          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

ny-825364

# TAB 2

AO (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| ZOETICS, INC., and ZOEMAIL, LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | CASE NUMBER:[1] C.A. No. 06-108 (JJF) |
| YAHOO! INC. | District of Delaware |

TO:   Arising Group
      133-25 37th Avenue
      Flushing, NY 11354

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See "Yahoo! Inc.'s Notice of Deposition of Arising Group Pursuant to Federal Rule of Civil Procedure 30(b)(6)" attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, NY 10104 | August 12, 2008, 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* <br> Attorney for Defendant Yahoo! Inc. | DATE <br> July 30, 2008 |
|---|---|

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Richard Mills-Robertson, Esq.

Morrison & Foerster LLP
1290 Avenue of the Americas, New York, NY 10104
Tel: (212) 468-8000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

ny-825264

AO (Rev 1/94) Subpoena in a Civil Case

---

**PROOF OF SERVICE**

DATE SERVED:                                    PLACE

---

SERVED ON (PRINT NAME)                          MANNER OF SERVICE

---

SERVED BY (PRINT NAME)                          TITLE

---

**DECLARATION OF SERVER**

---

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE                              SIGNATURE OF SERVER

                                                ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i)  fails to allow reasonable time for compliance;
        (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)  subjects a person to undue burden.

    (B)  If a subpoena

        (i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

    (1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

ny-825264

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZOËTICS, INC. and ZOEMAIL, LLC,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    v.<br><br>YAHOO! INC.,<br><br>    Defendant and Counterclaim Plaintiff. | C.A. No. 06-108 (JJF) |

### YAHOO! INC.'S NOTICE OF DEPOSITION OF ARISING GROUP PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE THAT pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendant and Counterclaim Plaintiff Yahoo! Inc. ("Yahoo!") will take the deposition upon oral examination of non-party Arising Group. The deposition will be taken at the offices of Morrison & Foerster, LLP, 1290 Avenue of the Americas, New York, New York 10104-0050, or other mutually agreeable location, commencing Tuesday, August 12, 2008 at 9:30 a.m., and will continue day-to-day until completed. The deposition will be taken before a notary public or other officer authorized to administer oaths in the State of New York, and will be recorded by stenographic means, audiotape and videotape.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Arising Group shall designate one or more of its officers, directors, managing agents, or other persons to testify as to all matters known or reasonably available to Arising Group with respect to each of the Topics of Examination set forth in Exhibit A below. Arising Group is requested to identify each person so

ny-825285

designated and to set forth the matters on which that person will testify on or before Thursday, August 7, 2008.

To the extent that they have not already been produced in response to Yahoo!'s Subpoena in a Civil Case to Arising Group dated February 14, 2008 including the Document Requests attached to the February 14, 2008 Subpoena ("Yahoo!'s Document Request"), Yahoo! requests that the documents concerning the Topics of Examination responsive to Yahoo!'s Document Request be immediately produced. Yahoo! expressly reserves the right to re-open the deposition if documents or information requested by Yahoo! are produced or identified at the beginning of, during, or after the deposition and were not otherwise produced to Yahoo! at a reasonable time in advance of the deposition.

July 30, 2008

By: *[signature]*

Matthew M. D'Amore
E-mail: mdamore@mofo.com
Richard Mills-Robertson
E-mail: rmillsrobertson@mofo.com
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Tel.: (212) 468-8000
Fax: (212) 468-7900

*Attorneys for Yahoo! Inc.*

## EXHIBIT A

### Definitions

1. Arising Group means Arising Group, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Arising Group, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

2. "Zoëtics" means Zoëtics, Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Zoëtics, Inc., or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly. "Zoëtics" specifically includes any principal, agent, attorney or consultant, including, but not limited to, Joel Tucciarone, Russell Brand, Patrick Tighe, Creative IP Solutions, DE Miles, Arising Group, Telecordia, B. Lane Hasler, or Eckert Seamans Cherin and Mellott LLC, operating on behalf of or pursuant to retention by Zoëtics.

3. "ZoEmail" means ZoEmail, LLC, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of ZoEmail, LLC, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether

currently or formerly. "ZoEmail" specifically includes any principal, agent, attorney or consultant, including, but not limited to, Joel Tucciarone, Russell Brand, Patrick Tighe, Creative IP Solutions, DE Miles, Arising Group, Telecordia, B. Lane Hasler, or Eckert Seamans Cherin and Mellott LLC, operating on behalf of or pursuant to retention by Zoëtics.

4. "Plaintiffs" means Zoëtics and ZoEmail (as defined above), or Zoëtics or ZoEmail, whichever construction is broader in the context of the particular request and as necessary to bring within the scope of a particular request any documents that might otherwise be construed to be outside its scope.

5. "Yahoo!" means Yahoo! Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Yahoo! Inc., or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

6. "AT&T" means AT&T Corporation, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of AT&T Corporation, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

7. "Litigation" refers to the above-captioned action commenced by Zoëtics and ZoEmail with the filing of a Complaint in the United States District Court for the District of Delaware on February 21, 2006 (C.A. No. 06-108).

8. "Patents-In-Suit" means U.S. Patent No. 5,930,479, entitled "Communications Addressing System" and U.S. Patent No. 6,993,574, entitled "Web-Based Communications Addressing System."

9. "Prior Art" means any knowledge or learning, or any evidence thereof, that existed on or before the filing date of a patent application (or priority date), and that relates to (a) the patent application or resulting patent, (b) the subject matter of the patent application or resulting patent or (c) any principles, processes, methodologies or devices referenced in the patent application or resulting patent. "Prior Art" may take any form and shall include, without limitation, articles, publications, contracts, presentation materials, products, product-related documents, marketing materials, educational materials, public uses, pamphlets, manuals, devices, instruments, and U.S. and foreign patents and patent applications.

10. "Bankruptcy Proceeding" means the bankruptcy proceeding initiated by Zoëtics, Inc. in the United States Bankruptcy Court for the Southern District of New York by its filing of a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, on October 20, 2004, *In re Zoëtics, Inc.*, Case No. 04-16747 (JMP).

11. "AddressGuard" means the AddressGuard™ email feature provided by Yahoo! and alleged by Plaintiffs in the Complaint to infringe the Patents-In-Suit.

12. "Person" means any natural person or any business, legal, or governmental entity or association, or any other person cognizable at law, including, without limitation, any corporation, firm, organization, partnership, joint venture, sole proprietorship, and any agents or employees of the foregoing.

13. "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the discovery request.

14. "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.

15. "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following: (a) any written letter, memorandum, e-mail or other document; (b) any telephone call; (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

16. "Any" or "each" should be understood to include and encompass "all." The term "any" includes both "any" and "every." "All" should be understood to include and encompass "any." Words in any gender shall include the other gender.

17. "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

18. "Including" means including without limitation.

## Topics of Examination

1. The nature and extent of all work that Arising Group performed for Zoëtics and ZoEmail including, but not limited to, strategy consulting, competitive intelligence, creative design, website development hosting and makeover, software development, and infrastructure design and management.

2. Any investigation by Arising Group, Zoëtics or ZoEmail of any actual or potential anti-spam software, technology, patent or product for acquisition, license or infringement.

3. Arising Group's efforts to design, test, operate, develop, market and sell any system, product, service or software embodying any of the alleged inventions claimed in the Patents-In-Suit, including all versions of ZoEmail hosted by Arising Group, or any other anti-spam software or product.

4. Arising Group's efforts to design, test, operate, develop, market and sell any system, product, service or software from AT&T on behalf of Zoëtics and/or ZoEmail.

5. The initial public disclosure and initial public use (in and outside the United States) of the subject matter recited in each claim of the Patents-In-Suit or of any alleged invention claimed in the Patents-In-Suit, or any product, software, system or service embodying any alleged invention claimed in the Patents-In-Suit.

6. The initial manufacture, initial offer for sale, initial sale or initial shipment (in or outside the United States) of any alleged invention claimed in the Patents-In-Suit, or any product, software, system or service embodying any alleged invention claimed in the Patents-In-Suit.

7. All Prior Art to the Patents-In-Suit known to Arising Group.

8. Investigations, tests, studies, reviews, analyses, or opinions relating to the actual or perceived value, validity, enforceability, infringement, or marketability of the Patents-in-Suit

or any product, software, system or service embodying any alleged invention claimed in the Patents-In-Suit.

9. Any investigation, analysis or assessment by Arising Group and/or Zoëtics and ZoEmail of AddressGuard or any other Yahoo! product, software, system or service that allegedly infringes the Patents-In-Suit, including any comparison of AddressGuard or any other Yahoo! product, software, system or service to the claims of the Patents-In-Suit.

10. All competitive intelligence performed by Arising Group on behalf of Zoëtics and/or ZoEmail.

11. All marketing or business evaluations, analyses, plans, estimates, and reports issued or prepared by Arising Group on behalf of Zoëtics and/or ZoEmail.

12. Market demand for and profitability of any product, software, system or service embodying or based on any alleged invention claimed in the Patents-In-Suit, and the availability of alternatives (excluding AddressGuard) to any such product, software, system or service.

13. Sales, pricing, revenue and profitability of any product, software, system or service offered by Arising Group, Zoëtics or ZoEmail embodying or based on any alleged invention claimed in the Patents-In-Suit.

14. The identification, nature and scope of agreements between Arising Group and Zoëtics and/or ZoEmail including licensing by or between Arising Group and Zoëtics and ZoEmail of patents, trade secrets, intellectual property or other technical "know how" relating to the Patents-In-Suit, or any product, software, system or service embodying or based on any alleged inventions claimed in the Patents-In-Suit.

15. Arising Group's relationship to Zoëtics and ZoEmail including any investment in and ownership of Zoëtics and/or ZoEmail, including the identity of investors or owners, the kind

and value of such investment or ownership interest, and negotiations with investors or owners concerning such investment or ownership interests.

16. All communications with advisors or consultants of Zoëtics or ZoEmail, or other third parties, regarding Yahoo!, the Patents-In-Suit or this Litigation.

17. All consideration, moneys or payment received by Arising Group for its services to Zoëtics or ZoEmail, and any financial interest Arising Group may have in the proceeds of this Litigation or from the Bankruptcy Proceeding.

18. The identity, responsibilities, and relationship to Arising Group of any person with knowledge concerning these Topics of Examination.

# TAB 3

AO (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| ZOETICS, INC., and ZOEMAIL, LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | CASE NUMBER:[1] C.A. No. 06-108 (JJF) |
| YAHOO! INC. | District of Delaware |

TO:   Christopher Leisner
      5108 Harvard
      Skokie, IL 60077

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.
Depositions will be taken before a notary public or other officer authorized to administer oaths, and may be recorded by stenographic means, audiotaped, videotaped, and transcribed using real time interactive transcription (*e.g.*, LiveNote).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Victoria Court Reporting<br>29 S. LaSalle Street, Suite 200<br>Chicago, IL 60603-1502 | August 15, 2008, at 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*<br>Attorney for Defendant Yahoo! Inc. | DATE<br>July 31, 2008 |
|---|---|

| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Richard Mills-Robertson, Esq. | Morrison & Foerster LLP<br>1290 Avenue of the Americas, New York, NY 10104<br>Tel: (212) 468-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

ny-825648

AO (Rev 1/94) Subpoena in a Civil Case

<hr>

**PROOF OF SERVICE**

| DATE SERVED: | PLACE |
|---|---|
| | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.