IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZOETICS, INC. and ZOEMAIL, LLC, | ) | |
| | ) | |
| Plaintiffs and Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-108 (JJF) |
| | ) | |
| YAHOO!, INC., | ) | |
| | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) | |

**YAHOO! INC.'S NOTICE OF DEPOSITION OF ARISING GROUP
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

PLEASE TAKE NOTICE THAT pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendant and Counterclaim Plaintiff Yahoo! Inc. ("Yahoo!") will take the deposition upon oral examination of non-party Arising Group. The deposition will be taken at the offices of Morrison & Foerster, LLP, 1290 Avenue of the Americas, New York, New York 10104-0050, or other mutually agreeable location, commencing Tuesday, August 12, 2008 at 9:30 a.m., and will continue day-to-day until completed. The deposition will be taken before a notary public or other officer authorized to administer oaths in the State of New York, and will be recorded by stenographic means, audiotape and videotape.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Arising Group shall designate one or more of its officers, directors, managing agents, or other persons to testify as to all matters known or reasonably available to Arising Group with respect to each of the Topics of Examination set forth in Exhibit A below. Arising Group is requested to identify each

person so designated and to set forth the matters on which that person will testify on or before Thursday, August 7, 2008.

To the extent that they have not already been produced in response to Yahoo!'s Subpoena in a Civil Case to Arising Group dated February 14, 2008 including the Document Requests attached to the February 14, 2008 Subpoena ("Yahoo!'s Document Request"), Yahoo! requests that the documents concerning the Topics of Examination responsive to Yahoo!'s Document Request be immediately produced.  Yahoo! expressly reserves the right to re-open the deposition if documents or information requested by Yahoo! are produced or identified at the beginning of, during, or after the deposition and were not otherwise produced to Yahoo! at a reasonable time in advance of the deposition.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
Benjamin J. Schladweiler (#4601)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200
jparrett@mnat.com

*Attorneys for Yahoo!, Inc.*

OF COUNSEL:

Michael A. Jacobs
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
415.268.7000

Matthew M. D'Amore
Kyle W.K. Mooney
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104
212.468.8000

July 31, 2008
2432890

# EXHIBIT A

## Definitions

1.      Arising Group means Arising Group, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Arising Group, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

2.      "Zoëtics" means Zoëtics, Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Zoëtics, Inc., or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.  "Zoëtics" specifically includes any principal, agent, attorney or consultant, including, but not limited to, Joel Tucciarone, Russell Brand, Patrick Tighe, Creative IP Solutions, DE Miles, Arising Group, Telecordia, B. Lane Hasler, or Eckert Seamans Cherin and Mellott LLC, operating on behalf of or pursuant to retention by Zoëtics.

3.      "ZoEmail" means ZoEmail, LLC, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of ZoEmail, LLC, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.  "ZoEmail" specifically includes any principal, agent, attorney or

consultant, including, but not limited to, Joel Tucciarone, Russell Brand, Patrick Tighe, Creative IP Solutions, DE Miles, Arising Group, Telecordia, B. Lane Hasler, or Eckert Seamans Cherin and Mellott LLC, operating on behalf of or pursuant to retention by Zoëtics.

4.     "Plaintiffs" means Zoëtics and ZoEmail (as defined above), or Zoëtics or ZoEmail, whichever construction is broader in the context of the particular request and as necessary to bring within the scope of a particular request any documents that might otherwise be construed to be outside its scope.

5.     "Yahoo!" means Yahoo! Inc., any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of Yahoo! Inc., or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

6.     "AT&T" means AT&T Corporation, any predecessor or successor company, joint venture, partnership, corporation or business entity, and any directors, officers, agents, employees, accountants, attorneys, consultants or representatives of AT&T Corporation, or any predecessor or successor, including, without limitation, all persons acting or purporting to act on behalf of, or who are subject to the direction and control of, any of the foregoing, whether currently or formerly.

7.     "Litigation" refers to the above-captioned action commenced by Zoëtics and ZoEmail with the filing of a Complaint in the United States District Court for the District of Delaware on February 21, 2006 (C.A. No. 06-108).

8.    "Patents-In-Suit" means U.S. Patent No. 5,930,479, entitled "Communications Addressing System" and U.S. Patent No. 6,993,574, entitled "Web-Based Communications Addressing System."

9.    "Prior Art" means any knowledge or learning, or any evidence thereof, that existed on or before the filing date of a patent application (or priority date), and that relates to (a) the patent application or resulting patent, (b) the subject matter of the patent application or resulting patent or (c) any principles, processes, methodologies or devices referenced in the patent application or resulting patent.  "Prior Art" may take any form and shall include, without limitation, articles, publications, contracts, presentation materials, products, product-related documents, marketing materials, educational materials, public uses, pamphlets, manuals, devices, instruments, and U.S. and foreign patents and patent applications.

10.    "Bankruptcy Proceeding" means the bankruptcy proceeding initiated by Zoëtics, Inc. in the United States Bankruptcy Court for the Southern District of New York by its filing of a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, on October 20, 2004, *In re Zoëtics, Inc.*, Case No. 04-16747 (JMP).

11.    "AddressGuard" means the AddressGuard™ email feature provided by Yahoo! and alleged by Plaintiffs in the Complaint to infringe the Patents-In-Suit.

12.    "Person" means any natural person or any business, legal, or governmental entity or association, or any other person cognizable at law, including, without limitation, any corporation, firm, organization, partnership, joint venture, sole proprietorship, and any agents or employees of the foregoing.

13.     "Concerning" or "relating to" shall be construed in their broadest possible sense and shall include, without limitation, all matters or things which constitute, pertain to, evidence, describe, discuss, are connected to, arise from, reflect, summarize, evaluate, refer to (directly or indirectly) or comment on the subject or object of the discovery request.

14.     "Document" or "documents" shall have the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and the relevant case law and shall include, without limitation, any electronically stored information, and any "writings," "recordings," and "photographs," as defined by Federal Rule of Evidence 1001.

15.     "Communication" or "communications" shall be construed in their broadest possible sense and shall include, without limitation, any of the following:  (a) any written letter, memorandum, e-mail or other document;  (b) any telephone call;  (c) any conversation or meeting; and (d) any transmittal of information by any means whatsoever (in the form of facts, ideas, inquiries, or otherwise).

16.     "Any" or "each" should be understood to include and encompass "all." The term "any" includes both "any" and "every."  "All" should be understood to include and encompass "any."  Words in any gender shall include the other gender.

17.     "And," "or," and "and/or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of a request any documents that might otherwise be construed to be outside its scope.

18.     "Including" means including without limitation.

### Topics of Examination

1.      The nature and extent of all work that Arising Group performed for Zoëtics and ZoEmail including, but not limited to, strategy consulting, competitive intelligence, creative design, website development hosting and makeover, software development, and infrastructure design and management.

2.      Any investigation by Arising Group, Zoëtics or ZoEmail of any actual or potential anti-spam software, technology, patent or product for acquisition, license or infringement.

3.      Arising Group's efforts to design, test, operate, develop, market and sell any system, product, service or software embodying any of the alleged inventions claimed in the Patents-In-Suit, including all versions of ZoEmail hosted by Arising Group, or any other anti-spam software or product.

4.      Arising Group's efforts to design, test, operate, develop, market and sell any system, product, service or software from AT&T on behalf of Zoëtics and/or ZoEmail.

5.      The initial public disclosure and initial public use (in and outside the United States) of the subject matter recited in each claim of the Patents-In-Suit or of any alleged invention claimed in the Patents-In-Suit, or any product, software, system or service embodying any alleged invention claimed in the Patents-In-Suit.

6.      The initial manufacture, initial offer for sale, initial sale or initial shipment (in or outside the United States) of any alleged invention claimed in the Patents-In-Suit, or any product, software, system or service embodying any alleged invention claimed in the Patents-In-Suit.

7.      All Prior Art to the Patents-In-Suit known to Arising Group.

8.      Investigations, tests, studies, reviews, analyses, or opinions relating to the actual or perceived value, validity, enforceability, infringement, or marketability of the Patents-in-Suit or any product, software, system or service embodying any alleged invention claimed in the Patents-In-Suit.

9.      Any investigation, analysis or assessment by Arising Group and/or Zoëtics and ZoEmail of AddressGuard or any other Yahoo! product, software, system or service that allegedly infringes the Patents-In-Suit, including any comparison of AddressGuard or any other Yahoo! product, software, system or service to the claims of the Patents-In-Suit.

10.     All competitive intelligence performed by Arising Group on behalf of Zoëtics and/or ZoEmail.

11.     All marketing or business evaluations, analyses, plans, estimates, and reports issued or prepared by Arising Group on behalf of Zoëtics and/or ZoEmail.

12.     Market demand for and profitability of any product, software, system or service embodying or based on any alleged invention claimed in the Patents-In-Suit, and the availability of alternatives (excluding AddressGuard) to any such product, software, system or service.

13.     Sales, pricing, revenue and profitability of any product, software, system or service offered by Arising Group, Zoëtics or ZoEmail embodying or based on any alleged invention claimed in the Patents-In-Suit.

14.     The identification, nature and scope of agreements between Arising Group and Zoëtics and/or ZoEmail including licensing by or between Arising Group and Zoëtics and ZoEmail of patents, trade secrets, intellectual property or other technical "know how" relating to

the Patents-In-Suit, or any product, software, system or service embodying or based on any alleged inventions claimed in the Patents-In-Suit.

15.    Arising Group's relationship to Zoëtics and ZoEmail including any investment in and ownership of Zoëtics and/or ZoEmail, including the identity of investors or owners, the kind and value of such investment or ownership interest, and negotiations with investors or owners concerning such investment or ownership interests.

16.    All communications with advisors or consultants of Zoëtics or ZoEmail, or other third parties, regarding Yahoo!, the Patents-In-Suit or this Litigation.

17.    All consideration, moneys or payment received by Arising Group for its services to Zoëtics or ZoEmail, and any financial interest Arising Group may have in the proceeds of this Litigation or from the Bankruptcy Proceeding.

18.    The identity, responsibilities, and relationship to Arising Group of any person with knowledge concerning these Topics of Examination.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Josy W. Ingersoll, Esquire
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 31, 2008 upon the following individuals in the manner indicated:

<u>**BY HAND & E-MAIL**</u>

Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

<u>**VIA E-MAIL**</u>

Paul K. Vickrey, Esquire
Niro, Scavone, Haller & Niro
181 W. Madison St., Suite 4600
Chicago, IL  60602

*/s/ James W. Parrett, Jr.*

_____

James W. Parrett, Jr. (#4292)